**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
  jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94101
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Dr. Thomas E. Tweito and Proposed Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>    v.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, KURT WORKMAN, KATE SCOLNICK, KEN SUSLOW, DOMENICO DE SOLE, RAMEZ TOUBASSY, JAMIE WEINSTEIN, KRYSTAL KAHLER, and MICHAEL F. GOSS,<br><br>        Defendants. | No. 2:21-cv-09016 FLA (JEMx)<br><br>CLASS ACTION<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL**<br><br>Date:        February 18, 2022<br>Time:        1:30 p.m.<br>Courtroom:   6B<br>Judge:       Hon. Fernando L.<br>             Aenlle-Rocha |

[*Caption continues on next page.*]

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMx), *ET AL.*

| | |
|---|---|
| JONES CHERIAN, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, KURT WORKMAN, KATE SCOLNICK, KEN SUSLOW, DOMENICO DE SOLE, RAMEZ TOUBASSY, JAMIE WEINSTEIN, KRYSTAL KAHLER, and MICHAEL F. GOSS,<br><br>      Defendants. | No. 2:21-cv-09293 RGK (AGRx) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMx), *ET AL.*

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT..................................................................... 1

II.   FACTUAL BACKGROUND ....................................................................... 2

III.  ARGUMENT ............................................................................................. 4

    A.   The Related Actions Should Be Consolidated......................................... 4

    B.   Dr. Tweito Is the Most Adequate Plaintiff............................................... 5

        1.   Dr. Tweito's Motion Is Timely....................................................... 6

        2.   Dr. Tweito Has the Largest Financial Interest in the Relief Sought by the Class................................................................. 6

        3.   Dr. Tweito Satisfies the Relevant Requirements of Rule 23 ........................................................................................... 7

            a.   Dr. Tweito Is Typical .......................................................... 7

            b.   Dr. Tweito Is Adequate ....................................................... 8

    C.   Dr. Tweito's Selection of Counsel Should Be Approved....................... 9

IV.   CONCLUSION ......................................................................................... 10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Andrade v. Am. Apparel, Inc.*,
   No. 10-06352 MMM, 2011 WL 13130706 (C.D. Cal. Mar. 15, 2011) .......... 4, 7, 8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..................................................................*passim*

*In re Cohen v. U. S. Dist. Ct. for the N. Dist. of Cal.*,
   586 F.3d 703 (9th Cir. 2009) ................................................................... 9

**Statutes**

15 U.S.C. § 78u-4(a) ....................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 23(a) .................................................................................. 7, 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMx), *ET AL.*

ii

Dr. Thomas E. Tweito ("Dr. Tweito") respectfully submits this memorandum of points and authorities in support of his motion (the "Motion") for: (1) consolidation of the above-captioned actions (the "Related Actions") pursuant to Federal Rule of Civil Procedure 42(a) ("Rule 42(a)"); (2) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B); (3) approval of his selection of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz") as Lead Counsel for the class; and (4) any such further relief as the Court may deem just and proper.

## I.    PRELIMINARY STATEMENT

The Related Actions are two related securities class actions brought under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78j(b) and 78t(a), against Owlet, Inc. ("Owlet" or the "Company") f/k/a Sandbridge Acquisition Corporation ("Sandbridge") and certain of the Company's executive officers and directors (collectively, "Defendants").  The Related Actions are brought on behalf of a proposed class of all persons or entities that purchased or otherwise acquired Owlet securities between March 31, 2021, and October 4, 2021, inclusive (the "Class Period"), as well as all persons or entities that held Sandbridge common stock as of June 1, 2021, and were eligible to vote at Sandbridge's special meeting on July 14, 2021.  As detailed below, the Related Actions involve common issues of law and fact and should be consolidated pursuant to Rule 42(a). *See* Section III.A., *infra*.

After consolidation, the PSLRA allows any member of the purported class to move for appointment as lead plaintiff and sets forth the process for determining which movant is the "most adequate plaintiff." *See* 15 U.S.C. § 78u-4(a)(3)(A)-(B); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).  Under the PSLRA, the Court must appoint as lead plaintiff the movant who: (1) makes a timely motion under the PSLRA's sixty-day deadline; (2) asserts the largest financial interest in the litigation;

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

1

and (3) otherwise satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Dr. Tweito respectfully submits that he is the presumptive "most adequate plaintiff" under the PSLRA and should be appointed as Lead Plaintiff.  Dr. Tweito's Motion is timely and his losses of approximately $8,717 in connection with his transactions in Owlet securities during the Class Period represent the largest known financial interest in the relief sought by the class.  *See* Declaration of Jennifer L. Joost ("Joost Decl."), Exs. A-B.  In addition to asserting the largest financial interest, Dr. Tweito easily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class.  Moreover, as set forth in the Declaration of Dr. Thomas E. Tweito, Dr. Tweito fully understands the Lead Plaintiff's obligations to the class under the PSLRA, and is willing and able to undertake those responsibilities to guarantee vigorous prosecution of this litigation.  *See* Joost Decl., Ex. C.

Lastly, Dr. Tweito has retained experienced and competent counsel to represent the class.  As the "most adequate plaintiff" under the PSLRA, Dr. Tweito's selection of Kessler Topaz as Lead Counsel for the class should be approved.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff") (citations omitted).  Kessler Topaz has a significant history of successfully prosecuting securities actions under the PSLRA.  Thus, the class can be assured of zealous representation if Dr. Tweito's selection of Kessler Topaz as Lead Counsel is approved.

## II.    FACTUAL BACKGROUND

Sandbridge was a special purpose acquisition company ("SPAC") formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one of more

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

2

businesses.  On July 15, 2021, Sandbridge combined with Owlet Baby Care Inc., a company that designs and sells products and services for parents to proactively monitor the health and wellness of their children, to form Owlet.  Owlet's flagship product is the Smart Sock, which is a baby monitor that allows parents to track an infant's oxygen levels, heart rate, and sleep trends in real time using the Owlet application.

The Related Actions allege that, throughout the Class Period, Defendants made materially false and misleading statements and failed to disclose material adverse facts about the Company's business, operations, and prospects.  Specifically, Defendants failed to disclose that: (1) Owlet was reasonably likely to be required to obtain marketing authorization for the Smart Sock because the U.S. Food and Drug Administration ("FDA") concluded it was a medical device; (2) as a result, Owlet was reasonably likely to cease commercial distribution of the Smart Sock in the United States until it obtained the requisite approval; and (3) as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

Investors began to learn the truth on October 4, 2021, when Owlet revealed that it had received a warning letter from the FDA, which stated that "the Company's marketing of its Owlet Smart Sock product . . . renders [it] a medical device requiring premarket clearance or approval from FDA."  The FDA further indicated that it "requests the Company cease commercial distribution of the Smart Sock for uses in measuring blood oxygen saturation and pulse rate where such metrics are intended to identify or diagnose desaturation and bradycardia using an alarm functionality to notify users that measurements are outside of preset values."  On this news, the price of Company stock declined $1.29 per share, or approximately 23%, to close at $4.19 per share on October 4, 2021.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

3

## III.   ARGUMENT

### A.   The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under [the Exchange Act] has been filed," courts shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).

Here, there are at least two related securities class actions asserting claims under the federal securities laws on behalf of investors:

| Case Caption | Date Filed | Claims/Class Period |
|---|---|---|
| *Butala v. Owlet, Inc. f/k/a Sandbridge Acquisition Corp., et al.*, No. 2:21-cv-09016 FLA (JEMx) (C.D. Cal.) | November 17, 2021 | Sections 10(b) and 20(a) of the Exchange Act; July 22, 2020, through October 21, 2021<br><br>Section 14(a); Sandbridge common stock holders as of June 1, 2021, who were eligible to vote at Sandbridge's July 14, 2021 special meeting |
| *Cherian v. Owlet, Inc. f/k/a Sandbridge Acquisition Corp., et al.*, No. 2:21-cv-09293 RGK (AGRx) (C.D. Cal.) | November 30, 2021 | Sections 10(b) and 20(a) of the Exchange Act; July 22, 2020, through October 21, 2021<br><br>Section 14(a); Sandbridge common stock holders as of June 1, 2021, who were eligible to vote at Sandbridge's July 14, 2021 special meeting |

Consolidation is appropriate under Rule 42(a) where the actions involve common questions of law or fact.  *See Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 WL 13130706, at *3 (C.D. Cal. Mar. 15, 2011) (quoting Rule 42(a)).  Here, the Related Actions assert claims under the Exchange Act against identical defendants, across identical class periods, and concerning the same conduct.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

4

Accordingly, consolidation is appropriate. *See id.* (citing prior order consolidating four related actions asserting claims under the federal securities laws).

### B.    Dr. Tweito Is the Most Adequate Plaintiff

The PSLRA establishes the procedure for selecting a lead plaintiff in a class action lawsuit asserting claims under the federal securities laws. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729 (discussing the process for selecting a lead plaintiff under the PSLRA).

First, a plaintiff who files the initial action must publish a notice to the class within twenty days of filing the action informing class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the purported class period; and (4) the right to move the court to be appointed as lead plaintiff within sixty days of the publication of the notice. 15 U.S.C. § 78u-4(a)(3)(A)(i). Within sixty days after publication of the notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *Id*. § 78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within ninety days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the movant that the court determines to be most capable of adequately representing the interests of class members. *See id*. § 78u-4(a)(3)(B)(i); *see also Cavanaugh*, 306 F.3d at 729-32. In selecting the "most adequate plaintiff," the PSLRA provides that the court shall adopt a presumption that the most adequate plaintiff in any private action arising under the PSLRA is the movant that:

> (aa) has either filed the complaint or made a motion in response to a notice . . . ;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

(cc) otherwise satisfies the requirements of Rule 23 of the

Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, Dr. Tweito is the "most adequate plaintiff" because he: (1) timely moved for appointment as Lead Plaintiff; (2) possess the "largest financial interest in the relief sought by the class"; and (3) "otherwise satisfies the requirements of Rule 23" for purposes of this Motion. *Id.*

### 1.    Dr. Tweito's Motion Is Timely

The PSLRA allows any member of the class to move for appointment as lead plaintiff within sixty days of the publication of notice that the first action has been filed. *See id*. § 78u-4(a)(3)(A)(i)(II).  Here, in connection with the filing of the first-filed action, *Butala v. Owlet, Inc., et al.*, No. 2:21-cv-09016 FLA (JEMx) (C.D. Cal.), notice was published on November 17, 2021, in *Business Wire*, alerting investors to the pendency of the action and informing them of the January 18, 2022 deadline to seek appointment as Lead Plaintiff.  *See* Joost Decl., Ex. D.  Therefore, Dr. Tweito's Motion is timely.

### 2.    Dr. Tweito Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA presumes that the movant asserting the largest financial interest in the relief sought by the class and who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Cavanaugh*, 306 F.3d at 729-32.  Here, Dr. Tweito suffered losses of approximately $8,717 in connection with his Class Period transactions in Owlet securities.  *See* Joost Decl., Exs. A-B.  To the best of Dr. Tweito's knowledge, there are no other lead plaintiff movants asserting a larger financial interest in this litigation.  Accordingly, Dr. Tweito has the largest financial interest of any qualified movant seeking Lead

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

6

Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3.    Dr. Tweito Satisfies the Relevant Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure" in order to trigger the presumption of adequacy. *See id*.

Rule 23(a) provides that a party may serve as a class representative if:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  However, at this stage of litigation, a presumptive lead plaintiff need only make "a prima facie showing of typicality and adequacy."  *Cavanaugh*, 306 F.3d at 731.

### a.    Dr. Tweito Is Typical

The typicality requirement is satisfied where the movant's claims "arise[] from the same . . . practice or course of conduct that gives rise to the claims of the other class members and . . . [are] based on the same legal theory."  *Andrade*, 2011 WL 13130706, at *6 (ellipses in original).  Moreover, "claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical."  *Id*. (citation omitted).  Dr. Tweito satisfies the typicality requirement because, just like all other proposed class members, Dr. Tweito seeks

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

7

recovery for the losses on his investments in Owlet securities that he incurred as a result of Defendants' misrepresentations and omissions.  Thus, Dr. Tweito's claims arise from the same conduct as those of the other class members and Dr. Tweito satisfies Rule 23's typicality requirement.  *See id.*

### b.    Dr. Tweito Is Adequate

The adequacy element of Rule 23 requires that the Lead Plaintiff "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Thus, the adequacy element is satisfied where:  (1) the movants have "a sufficient interest in the outcome of the case to ensure vigorous advocacy"; (2) the movants' "interests are not antagonistic to the interests of absent class members"; and (3) the movants' proposed "counsel for the class is qualified and competent."  *Andrade*, 2011 WL 13130706, at *7 (citations omitted).

Here, Dr. Tweito is adequate because his interest in aggressively pursuing claims against Defendants is aligned with the interests of other class members who were similarly harmed as a result of Defendants' false and misleading statements. There is no antagonism or potential conflict between Dr. Tweito's interests and those of the other members of the class, and Dr. Tweito is fully committed to vigorously pursuing the claims on behalf of the class.  Moreover, as set forth in the Declaration of Dr. Thomas E. Tweito, Dr. Tweito fully understands the Lead Plaintiff's responsibilities and obligations to the class under the PSLRA, which include acting as a fiduciary for all class members, staying informed about the litigation, participating in court proceedings, depositions, settlement mediations, and hearings as needed, and reviewing and authorizing the filing of important litigation documents, and is willing and able to undertake these responsibilities to ensure the vigorous prosecution of this litigation.  *See* Joost Decl., Ex. C.  Additionally, Dr. Tweito is committed to ensuring that this litigation is prosecuted in an efficient and effective manner.  *See id.*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

8

Further, Dr. Tweito has demonstrated his adequacy through his selection of Kessler Topaz to serve as Lead Counsel for the class. As discussed more fully below, Kessler Topaz is highly qualified and experienced in the area of securities class action litigation and has demonstrated its ability to prosecute complex actions in an efficient, effective, and professional manner.

### C. Dr. Tweito's Selection of Counsel Should Be Approved

The PSLRA vests authority in the lead plaintiff to select and retain counsel for the class, subject to the Court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 734 ("the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff") (citations omitted). Courts should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class. *See In re Cohen v. U. S. Dist. Ct. for the N. Dist. of Cal.*, 586 F.3d 703, 712 (9th Cir. 2009) ("if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice") (citations omitted). Here, Dr. Tweito has selected and retained Kessler Topaz to serve as Lead Counsel for the class.

Kessler Topaz specializes in prosecuting complex class action litigation and is one of the leading law firms in its field. *See* Joost Decl., Ex. E. The firm is actively engaged in complex litigation and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors and has obtained record recoveries in those cases, including: *In re Tyco International, Ltd. Securities Litigation*, No. 02-md-1335 (PB) (D.N.H.) ($3.2 billion recovery); *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.) ($2.425 billion recovery); *In re Wachovia Preferred Securities & Bond/Notes Litigation*, No. 09-cv-6351 (RJS) (S.D.N.Y.) ($627 million recovery); and *In re Lehman Bros. Equity/Debt Securities Litigation*, No. 08-cv-5523 (LAK) (S.D.N.Y.) ($615 million recovery). Kessler Topaz

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

is also currently serving as lead or co-lead counsel in several high profile securities class actions across the country, including: *Sjunde AP-Fonden v. The Goldman Sachs Group, Inc.,* No. 18-cv-12084 (VSB) (S.D.N.Y.); *In re Kraft Heinz Securities Litigation*, No. 19-cv-1339 (RMD) (N.D. Ill.); and *Sjunde AP-Fonden v. General Electric Co.*, No. 17-cv-8457 (JMF) (S.D.N.Y.).   Additionally, Kessler Topaz has substantial experience prosecuting securities actions in this District, including: *In re Snap Inc. Securities Litigation*, No. 17-cv-3679-SVW-AGR (C.D. Cal.) ($154 million recovery); and *In re Allergan, Inc. Proxy Violation Securities Litigation*, No. 14-cv-2004-DOC-KES (C.D. Cal.) ($250 million recovery).

Kessler Topaz's commitment to zealous representation is also evident from its trial experience under the PSLRA.  Specifically, the firm obtained a rare jury verdict in the class's favor after a week-long trial held in 2014 in *In re Longtop Financial Technologies Ltd. Securities Litigation*, No. 11-cv-3658 (SAS) (S.D.N.Y.)—one of just thirteen securities class actions to reach a verdict since enactment of the PSLRA in 1995 (based on post-enactment conduct).  The firm also obtained the largest damage award in Delaware Chancery Court history following a trial before Chancellor Leo E. Strine, Jr.  *See In re S. Peru Copper Corp. Shareholder Derivative Litigation*, No. 961-CS (Del. Ch.), *aff'd Ams. Mining Corp. v. Theriault*, 51 A.3d 1213, 1262-63 (Del. 2012) (affirming final judgment, with interest, of $2 billion).

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Dr. Tweito's selection of Kessler Topaz as Lead Counsel for the class.

**IV.   CONCLUSION**

For the reasons set forth above, Dr. Tweito respectfully requests that the Court: (1) consolidate the above-captioned Related Actions; (2) appoint Dr. Tweito as Lead

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

Plaintiff; (3) approve his selection of Kessler Topaz as Lead Counsel for the class; and (4) grant such other relief as the Court may deem just and proper.

Dated: January 18, 2022

Respectfully submitted,

**KESSLER TOPAZ
  MELTZER & CHECK, LLP**

/s/ Jennifer L. Joost
JENNIFER L. JOOST (Bar No. 296164)
  jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94101
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Dr. Thomas E. Tweito and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
BRIAN J. SCHALL (Bar No. 290685)
  brian@schallfirm.com
1880 Century Park E, Suite 404
Los Angeles, CA 90067-1604
Telephone: (310) 301-3335
Facsimile: (310) 388-0192

*Additional Counsel*

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*

11