ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
JENNIFER N. CARINGAL (286197)
MICHAEL ALBERT (301120)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>                                Plaintiff,<br><br>        vs.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, et al.,<br><br>                                Defendants. | Case No. 2:21-cv-09016-FLA-JEM<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL<br><br>DATE:        March 4, 2022<br>TIME:         1:30 p.m.<br>CTRM:       6B<br>JUDGE:      Hon. Fernando L. Aenlle-Rocha |

4865-2270-9514.v1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   FACTUAL BACKGROUND .............................................................................. 2

III.  ARGUMENT ...................................................................................................... 3

   A.    The Related Actions Should Be Consolidated ........................................ 3

   B.    Mr. Simmons Should Be Appointed Lead Plaintiff ............................... 3

      1.    This Motion Is Timely ................................................................ 4

      2.    Mr. Simmons Has the Largest Financial Interest in the Relief Sought by the Class .................................................... 4

      3.    Mr. Simmons Is Typical and Adequate of the Purported Class ............................................................................................. 5

   C.    The Court Should Approve Mr. Simmons's Selection of Counsel ...................................................................................................... 6

IV.   CONCLUSION ................................................................................................... 8

4865-2270-9514.v1

# TABLE OF AUTHORITIES

**Page**

**CASES**

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
   No. 8:15-cv-00865-AG (C.D. Cal.)...................................................................................7

*In re Am. Realty Cap. Props., Inc. Litig.*,
   No. 1:15-mc-00040-AKH (S.D.N.Y.)...............................................................................7

*In re Cardinal Health, Inc. Sec. Litig.*,
   No. 2:04-cv-00575-ALM (S.D. Ohio)...............................................................................7

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002)...................................................................................4, 5, 6

*In re Cooper Cos. Inc. Sec. Litig.*,
   254 F.R.D. 628 (C.D. Cal. 2009) .....................................................................................6

*In re Enron Corp. Sec. Litig.*,
   No. 4:01-cv-03624 (S.D. Tex.).........................................................................................7

*In re HealthSouth Corp. Sec. Litig.*,
   No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ......................................................................7

*In re Hot Topic, Inc. Sec. Litig.*,
   2014 WL 12462472 (C.D. Cal. Nov. 3, 2014) ..................................................................7

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
   No. 1:01-cv-01451-REB-KLM (D. Colo.).........................................................................7

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
   No. 0:06-cv-01691-JMR-FLN (D. Minn.) ........................................................................7

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
   No. 3:15-cv-07658-MAS-LHG (D.N.J.)............................................................................7

*Invs. Rsch. Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*,
   877 F.2d 777 (9th Cir. 1989)...........................................................................................3

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
   No. 1:02-cv-05893 (N.D. Ill.)..........................................................................................7

- ii -

**Page**

*Shreves v. Xunlei Ltd.*,
 2015 WL 5446935 (C.D. Cal. Sept. 15, 2015) .................................................... 4, 5

*Smilovits v. First Solar, Inc.*,
 No. 2:12-cv-00555-DGC (D. Ariz.) ........................................................................ 7

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
 §78j(b) ................................................................................................................ 1
 §78n(a) ............................................................................................................... 1
 §78t(a) ................................................................................................................ 1
 §78u-4(a)(1) ....................................................................................................... 3
 §78u-4(a)(3)(A)(i) ............................................................................................. 3
 §78u-4(a)(3)(B)(i) .............................................................................................. 2
 §78u-4(a)(3)(B)(ii) ........................................................................................ 1, 4
 §78u-4(a)(3)(B)(iii) ....................................................................................... 1, 4
 §78u-4(a)(3)(B)(iii)(I)(cc) ................................................................................. 5
 §78u-4(a)(3)(B)(v) ............................................................................................. 6

17 C.F.R.
 §240.10b-5 .......................................................................................................... 1
 §240.14a-4 .......................................................................................................... 1

Federal Rules of Civil Procedure
 Rule 6(a)(1)(C) ................................................................................................... 4
 Rule 23 ............................................................................................................ 5, 6
 Rule 23(a)(3) ...................................................................................................... 5
 Rule 23(a)(4) ...................................................................................................... 5
 Rule 42(a) ....................................................................................................... 1, 3

4865-2270-9514.v1

## I.    INTRODUCTION

Presently pending in this District are two securities class action lawsuits (the "Related Actions")[1] on behalf of persons and entities: (a) that purchased or otherwise acquired Owlet, Inc. ("Owlet" or the "Company") (f/k/a Sandbridge Acquisition Corporation) securities between March 31, 2021 and October 4, 2021, inclusive (the "Class Period"); and/or (b) held Sandbridge common stock held as of June 1, 2021 and were eligible to vote at Sandbridge's special meeting on July 14, 2021.  In securities class actions, the Private Securities Litigation Reform Act of 1995 ("PSLRA") requires district courts to resolve consolidation before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The Related Actions are brought pursuant to §§10(b), 14(a), and 20(a) of the U.S. Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§78j(b), 78n(a), and 78t(a), and Securities and Exchange Commission ("SEC") Rules 10b-5 and 14a-4 (17 C.F.R. §§240.10b-5 and 240.14a-4).  The Related Actions should be consolidated because they each involve substantially similar legal and factual issues.  *See* Fed. R. Civ. P. 42(a); §III.A., *infra.*

As soon as practicable after its decision on consolidation, the PSLRA next provides that the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  Christopher J. Simmons should be appointed as lead plaintiff because he: (1) timely filed a motion; (2) has the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Additionally, Mr. Simmons's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel should be approved

---

[1]    The Related Actions are: *Butala v. Owlet, Inc.*, No. 2:21-cv-09016 (filed 11/17/2021) and *Cherian v. Owlet, Inc.*, No. 2:21-cv-09293 (filed 11/30/2021).

- 1 -

because the firm possesses extensive experience prosecuting class actions and will adequately represent the interests of all class members. *See* §III.C., *infra.*

## II.    FACTUAL BACKGROUND

Sandbridge was launched as a special purpose acquisition company or "SPAC." By way of background, SPACs, like Sandbridge are often referred to as "blank check companies" because they have no business or operations at the time of formation. Instead, SPAC sponsors use proceeds from public offerings for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization, or similar business combination with one or more businesses. On July 15, 2021, Sandbridge combined with Owlet Baby Care Inc., a company that designs and sells products and services for parents to proactively monitor the health and wellness of their children, and the combined company was renamed Owlet, Inc. (the "Merger"). Owlet's common stock trades on the New York Stock Exchange under the symbol OWLT and its warrants trade under the symbol OWLT WS.

Owlet's flagship product is called Smart Sock, a baby monitor that allows parents to track an infant's oxygen levels, heart rate, and sleep trends in real time using the Owlet application. The complaints allege that, throughout the Class Period, defendants made false and misleading statements and failed to disclose that: (i) Owlet was reasonably likely to be required to obtain marketing authorization for the Smart Sock because the U.S. Food and Drug Administration ("FDA") concluded it was a medical device; (ii) as a result, Owlet was reasonably likely to cease commercial distribution of the Smart Sock in the United States until it obtained the requisite approval; and (iii) consequently, defendants' positive statements about Owlet's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On October 4, 2021, Owlet revealed that it had received a warning letter from the FDA, which asserted that Owlet's "'marketing of its Owlet Smart Sock product . . . renders [it] a medical device requiring premarket clearance or approval

- 2 -

4865-2270-9514.v1

from FDA.'" *Butala*, ECF No. 1 at ¶5; *Cherian*, ECF No. 1 at ¶5.  Owlet has not obtained such clearance or approval.  Moreover, the FDA warning letter "'requests the Company cease commercial distribution of the Smart Sock for uses in measuring blood oxygen saturation and pulse rate where such metrics are intended to identify or diagnose desaturation and bradycardia using an alarm functionality to notify users that measurements are outside of preset values.'"  *Id.*  On this news, Owlet's securities suffered significant declines, damaging investors.

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ."  Fed. R. Civ. P. 42(a).  "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Rsch. Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).  Importantly, the PSLRA contemplates consolidation if "more than one action on behalf of a class asserting substantially the same claim" has been filed.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

Here, the Related Actions assert identical Exchange Act claims against the same defendants on behalf of Owlet investors during the same Class Period.  Accordingly, the Related Actions should be consolidated.

### B.    Mr. Simmons Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

- 3 -

4865-2270-9514.v1

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726, 729-31 (9th Cir. 2002); *Shreves v. Xunlei Ltd.*, 2015 WL 5446935, at \*2 (C.D. Cal. Sept. 15, 2015). Mr. Simmons meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1. This Motion Is Timely

On November 17, 2021, the statutory notice was published on *Business Wire* advising class members of the pendency of the first-filed action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff no later than 60 days from the date of the notice, or January 16, 2022. *See* Declaration of Michael Albert in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Albert Decl."), Ex. A, filed concurrently herewith. January 16, 2022 was a Sunday and January 17, 2022 was Dr. Martin Luther King Jr. Day, a legal holiday. Thus, pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), "the next day that is not a Saturday, Sunday, or legal holiday," is January 18, 2022. By filing a motion by the statutory deadline, Mr. Simmons has satisfied the first statutory requirement for appointment as lead plaintiff.

### 2. Mr. Simmons Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Mr. Simmons purchased 20,000 Owlet warrants and suffered approximately $8,600 in losses as a result of defendants' alleged misconduct. *See* Albert Decl., Exs. B-C. To the best of his counsel's knowledge, there are no other

- 4 -

4865-2270-9514.v1

plaintiffs with a larger financial interest during the Class Period. Therefore, Mr. Simmons satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. Mr. Simmons Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [it] is entitled to lead plaintiff status . . . ." *Cavanaugh*, 306 F.3d at 732. "The movant with the largest financial interest only needs to make a prima facie showing that it satisfies Rule 23 to be the presumptive lead plaintiff." *Shreves*, 2015 WL 5446935, at *3 (citing *Cavanaugh*, 306 F.3d at 739). "To make a prima facie showing of typicality, a moving plaintiff should establish that its claims are similar to all class members." *Id*. In determining whether the adequacy requirement is met, "[a] court should inquire about the movant's interests in the outcome of the case and their willingness to vigorously represent the class's claims to determine if [there] is a preliminary showing of adequacy." *Id*. "Additionally, a court should ensure that the movant's interests do not conflict with those of the class and that the movant's counsel is capable and qualified." *Id.* Here, Mr. Simmons satisfies these requirements.

Mr. Simmons's claims arise out of the same events and are based on the same legal theories as the claims of other class members. In addition, Mr. Simmons's interests are clearly aligned with the members of the class and there is no antagonism between his interests and the class members' interests. Mr. Simmons has amply

- 5 -

4865-2270-9514.v1

demonstrated his adequacy by signing a sworn Certification and a Declaration affirming his willingness to serve as, and to assume the responsibilities of, class representative. *See* Albert Decl., Exs. B, D. Mr. Simmons's Declaration – which sets forth his residence, education, professional background, investment experience, familiarity with overseeing lawyers, and his other qualifications – establishes his *prima facie* adequacy showing and enables the Court and absent class members to independently assess Mr. Simmons's ability to satisfy Rule 23's prerequisites. *See* Albert Decl., Ex. D. In addition, Mr. Simmons has selected counsel experienced in prosecuting securities class actions to represent him and the class. *See* §III.C., *infra*.

Because Mr. Simmons filed a timely motion, has the largest financial interest in the relief sought by the class, and is typical and adequate of the putative class, the Court should adopt the presumption that he is the presumptive lead plaintiff.

### C. The Court Should Approve Mr. Simmons's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 732-35. Mr. Simmons has selected Robbins Geller to serve as Lead Counsel.

Robbins Geller, a 200-attorney nationwide law firm with offices in California, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues.[2] Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it

---

[2] For a detailed description of Robbins Geller's track record, resources, and attorneys, please *see* https://www.rgrdlaw.com. A paper copy of the Firm's resume is available upon the Court's request, if preferred.

4865-2270-9514.v1

was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature"); *In re Hot Topic, Inc. Sec. Litig.*, 2014 WL 12462472, at *5 (C.D. Cal. Nov. 3, 2014) (finding that Robbins Geller was "qualified and competent" and noting that "[o]ther courts have stated that the firm . . . 'is comprised of probably the most prominent securities class action attorneys in the country'") (citation omitted).

Notably, in the last two years alone, Robbins Geller recovered more than $2.5 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, Mr. Simmons' selection of Robbins Geller as lead counsel is reasonable and should be approved.

---

[3]   *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 7 -

4865-2270-9514.v1

## IV. CONCLUSION

The Court should consolidate the Related Actions because they present identical factual and legal issues, raise nearly identical claims, and name identical defendants. In addition, Mr. Simmons has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, Mr. Simmons respectfully requests that the Court grant his motion for consolidation, appointment as lead plaintiff, and approve his selection of counsel.

DATED: January 18, 2022

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL
MICHAEL ALBERT
JUAN CARLOS SANCHEZ


                          s/ Michael Albert
                        MICHAEL ALBERT

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com
malbert@rgrdlaw.com
isanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 8 -

4865-2270-9514.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 18, 2022, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Michael Albert
MICHAEL ALBERT

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  malbert@rgrdlaw.com

4865-2270-9514.v1

# Mailing Information for a Case 2:21-cv-09016-FLA-JEM Michael J. Butala v. Owlet, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Jennifer L Joost**
  jjoost@ktmc.com,1759490420@filings.docketbird.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,CLinehan@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,info@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)