POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Movant Drew Conant*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, KURT WORKMAN, KATE SCOLNICK, KEN SUSLOW, DOMENICO DE SOLE, RAMEZ TOUBASSY, JAMIE WEINSTEIN, KRYSTAL KAHLER, and MICHAEL F. GOSS, <br><br> Defendants. <br><br><br> [Caption Continued On Next Page] | Case No. 2:21-cv-09016-FLA-JEM <br><br> MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF DREW CONANT FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; AND (2) IN RESPONSE TO COMPETING MOTIONS <br><br> DATE:  March 18, 2022 <br> TIME:  1:30 p.m. <br> JUDGE:  Fernando L. Aenlle-Rocha <br> CTRM:  6B, 6th Floor |

MEMORANDUM OF POINTS AND AUTHORITIES

JONES CHERIAN, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

v.

OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, KURT WORKMAN, KATE SCOLNICK, KEN SUSLOW, DOMENICO DE SOLE, RAMEZ TOUBASSY, JAMIE WEINSTEIN, KRYSTAL KAHLER, and MICHAEL F. GOSS,

Defendants.

Case No. 2:21-cv-09293-RGK-AGR

MEMORANDUM OF POINTS AND AUTHORITIES

Movant Conant[1] respectfully submits this Memorandum of Points and Authorities: (i) in support of Conant's appointment as Lead Plaintiff of the 14(a) Class (as defined below); and (ii) in response to the lead plaintiff motions filed by movants Casey McIntosh ("McIntosh") (Dkt. No. 21) and Thomas E. Tweito ("Tweito") (Dkt. No. 10)

## I.    PRELIMINARY STATEMENT

The Complaints in the Related Actions define the "Class" in this litigation as consisting of two groups of investors:

(a)  all persons and entities that purchased or otherwise acquired Owlet securities between March 31, 2021 and October 4, 2021, inclusive ('the Class Period')", pursuing recovery under Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder (the "10(b) Class"); and/or

(b)  all persons and entities that held Sandbridge common stock . . . as of June 1, 2021 and were eligible to vote at Sandbridge's special meeting on July 14, 2021", pursuing claims arising under Section 14(a) of the Exchange Act (the "14(a) Class").

*See*, *e.g.*, Dkt. No. 1 ¶ 1.

The PSLRA governs the process for appointment of a Lead Plaintiff in this litigation and instructs the Court to appoint as Lead Plaintiff the movant with the greatest financial interest in the relief sought by the Class; and who satisfies the requirements of Rule 23. 15 U.S.C. §§ 77z-1(a)(3)(B)(iii)(I), 78u-4(a)(3)(B)(iii)(I).

---

[1] All capitalized terms herein are defined in Conant's moving brief, unless otherwise indicated. *See* Dkt. No. 18.

Here, Conant's investments in the securities that are the subject of this litigation do not qualify him as a member of the 10(b) Class, and Conant thus takes no position on the Court's appointment of Lead Plaintiff for the 10(b) Class.

With respect to the 14(a) Class, Conant respectfully submits that he satisfies the statutory criteria for appointment as Lead Plaintiff. First, of the three movants seeking leadership roles in this litigation, only Conant claims any financial interest in the relief sought by the 14(a) Class, having held 918.352 Sandbridge shares as of June 1, 2021. *See* Dkt. No. 18 at 8. The other two movants, McIntosh and Tweito, have asserted a financial interest only in the relief sought by the 10(b) Class—respectively claiming Section 10(b) losses of $548,843 and $8,717—and assert no interest in this litigation's 14(a) claims. Thus, by default, Conant possesses the largest financial interest in the relief sought by the 14(a) Class.

Second, in addition to his significant financial interest, Conant also satisfies the typicality and adequacy requirements of Rule 23. First, Conant's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the 14(a) Class's claims. *See, e.g.*, *Vataj v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020). Second, Conant is also adequate to represent the 14(a) Class under Rule 23. Conant's significant holdings of Sandridge shares on June 1, 2021 give him a sufficient stake in this litigation's outcome to ensure vigorous prosecution; Conant

is aware of no conflict between his interests and those of the putative Class; and in Pomerantz, Conant has retained qualified and experienced class counsel. *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019); *Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019).   Conant has further demonstrated his adequacy by the submission of a Declaration with his initial motion papers, attesting to, *inter alia*, his understanding of the responsibilities of a Lead Plaintiff, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of fellow Class members. *See generally* Dkt. No. 19-4.

Accordingly, for the reasons set forth herein, Conant respectfully requests that the Court enter an Order consolidating the Related Actions, appointing Conant as Lead Plaintiff on behalf of the 14(a) Class, and approving Conant's selection of Pomerantz as Lead Counsel for the 14(a) Class.

## II.   ARGUMENT

### A.   APPOINTMENT OF SEPARATE LEAD PLAINTIFFS FOR THE 14(A) AND 10(B) CLASSES IS WARRANTED

As a threshold matter, Conant respectfully submits that appointment of separate leadership is warranted.   The 10(b) Class's claims encompass a significantly broader swathe of investors and will seek to prove, *inter alia*, that Defendants deceived the investing public and caused investors to purchase Owlet securities at artificially inflated prices, and that 10(b) Class Members were damaged when the truth emerged, causing the

value of their Class Period purchases of Owlet securities to decline. *See, e.g.*, Dkt. No. 1 ¶¶ 59-68. By contrast, the 14(a) Class consists of a smaller group of investors—that is, only investors who held **Sandbridge** shares as of June 1, 2021 **and** were eligible to vote at the special meeting of July 14, 2021—and their claims will require establishing, *inter alia*, that they suffered damages due to false and misleading statements in the proxy for Sandbridge's Business Combination with Owlet, that they were denied the opportunity to make an informed decision in voting on the merger, thus did not receive their fair share of the value of the assets and business of the combined entity, suffered damages when the Company's stock price decreased, and were prevented from benefiting from a value-maximizing transaction. *See generally id.* ¶¶ 74-76. Given the significant differences between these claims, class leadership in securities class actions alleging both Section 14(a) and Section 10(b) claims commonly include separate representatives for each claim. *See, e.g.*, *Burbige v. ATI Physical Therapy, Inc.*, 1:21-cv-4349 (N.D. Ill. Aug. 16, 2021), Dkt. No. 58 ¶¶ 26-28 (in consolidated amended complaint, different class representatives respectively alleging Section 10(b) and Section 14(a) claims); *Edwards v. McDermott International, Inc.*, 4:18-cv-4330 (S.D. Tex. Nov. 15, 2018), Dkt. No. 84 (appointing different lead plaintiffs for "all claims related to Section 10(b) of the Securities Exchange Act" and "all claims related to Section 14(a) of the Securities Exchange Act.").

### B.   CONANT SHOULD BE APPOINTED LEAD PLAINTIFF FOR THE 14(A) CLASS

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a *prima facie* showing at this stage that it satisfies the adequacy and typicality requirements of Rule 23. *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representative for the 14(a) Class is Conant.

### 1.   Conant has the Largest Financial Interest with Respect to 14(a) Claims

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Here, the 14(a) Class consists of investors who held Sandbridge shares as of June 1, 2021 and who were eligible to vote at Sandbridge's special meeting on July 14, 2021. Conant held 918.352 Sandbridge shares as of June 1, 2021. *See* Dkt. No. 18 at 8. No other movant has asserted any financial interest based on their holdings of Sandbridge shares as of June 1, 2021. Rather, the other two movants, McIntosh and Tweito, have only claimed financial interests in this litigation to the extent that they incurred losses on their Class Period investments

pursuant to Section 10(b) of the Exchange Act—that is, the relief sought by the 10(b) Class. Accordingly, Conant by default has the largest financial interest in the relief sought by the 14(a) Class.

### 2. Conant Satisfies the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the 14(a) Class, Conant has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23 with respect to the 14(a) Class. *See Cavanaugh*, 306 F.3d at 730-31. First, Conant's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the 14(a) Class's claims. *See, e.g.*, *Vataj*, 2020 WL 532981, at *3. Conant, like all members of the 14(a) Class, held Sandbridge shares as of June 1, 2021 and was eligible to vote at Sandbridge's special meeting on July 14, 2021. Like all 14(a) Class members, Conant was misled by the false and misleading statements in the proxy for Sandbridge's Business Combination with Owlet, was denied the opportunity to make an informed decision in voting on the merger, did not receive his fair share of the value of the assets and business of the combined entity, suffered damages when the Company's stock price decreased, and was prevented from benefiting from a value-maximizing transaction. *See* Dkt. No. 1 ¶ 76. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the 14(a) Class's claims, satisfy the requirements of Rule 23. *Vataj*,

2020 WL 532981, at *3.   Second, Conant satisfies the adequacy requirement of Rule 23(a)(4) because he has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class.  *See, e.g.*, *Karinski*, 2019 WL 8013753, at *1; *Harari*, 2019 WL 4934277, at *3.  Conant has further demonstrated his adequacy by the submission, with his motion papers, of a sworn Declaration, attesting to, *inter alia*, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of fellow Class members.  *See* Dkt. No. 19-4.

By contrast, while taking no position on the adequacy or typicality of movants McIntosh and Tweito to serve as Lead Plaintiffs for the 10(b) Class, Conant respectfully submits that, under Rule 23, McIntosh and Tweito would be atypical and inadequate representatives for the 14(a) Class.  McIntosh and Tweito have not asserted that they held Sandbridge shares as of June 1, 2021, were eligible to vote at the special meeting of July 14, 2021, and suffered damages as a consequence of the false and misleading statements in the proxy for Sandbridge's merger with Owlet, as did all absent 14(a) Class Members.  They are thus atypical of the 14(a) Class.  Regarding adequacy, McIntosh and Tweito have not asserted any financial in the relief sought by the 14(a) Class, and their motion briefing does not evince any advocacy for the 14(a) Class's interests in this litigation.  Accordingly, both McIntosh and Tweito are ill-suited to vigorously advocate on behalf of the 14(a) Class and thus inadequate under Rule 23 with respect to the 14(a) Class.

### C.    CONANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Conant has selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 19-5. Thus, the Court may be assured that by approving Conant's selection of counsel, the members of the Class will receive the best legal representation available.

### III.    CONCLUSION

For the foregoing reasons, Conant respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Conant as Lead Plaintiff for the 14(a) Class; and (3) approving Pomerantz as Lead Counsel for the 14(a) Class.

Dated:  February 25, 2022                    POMERANTZ LLP

                                             */s/ Jennifer Pafiti*
                                             Jennifer Pafiti (SBN 282790)
                                             1100 Glendon Avenue, 15th Floor
                                             Los Angeles, California 90024
                                             Telephone: (310) 405-7190
                                             jpafiti@pomlaw.com

*Counsel for Movant Drew Conant and
Proposed Lead Counsel for the Class*

MEMORANDUM OF POINTS AND AUTHORITIES

9

CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ *Jennifer Pafiti*
Jennifer Pafiti