**KESSLER TOPAZ**
  **MELTZER & CHECK, LLP**
JENNIFER L. JOOST (Bar No. 296164)
  jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94101
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Dr. Thomas E. Tweito and*
*Proposed Lead Counsel for the Class*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, KURT WORKMAN, KATE SCOLNICK, KEN SUSLOW, DOMENICO DE SOLE, RAMEZ TOUBASSY, JAMIE WEINSTEIN, KRYSTAL KAHLER, and MICHAEL F. GOSS, <br><br> Defendants. | No. 2:21-cv-09016 FLA (JEMx) <br><br> <u>CLASS ACTION</u> <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL** <br><br> Date:     March 18, 2022 <br> Time:     1:30 p.m. <br> Courtroom: 6B <br> Judge:    Hon. Fernando L. Aenlle-Rocha |

[*Caption continues on next page.*]

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMx), *ET AL.*

JONES CHERIAN, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

      v.

OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, KURT WORKMAN, KATE SCOLNICK, KEN SUSLOW, DOMENICO DE SOLE, RAMEZ TOUBASSY, JAMIE WEINSTEIN, KRYSTAL KAHLER, and MICHAEL F. GOSS,

      Defendants.

No. 2:21-cv-09293 RGK (AGRx)

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMx), ET AL.

# TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................ 1

II.   ARGUMENT ........................................................................................ 2

    A.    Multiple Movants Confirm That McIntosh Cannot Meet the PSLRA's Criteria for Appointment ........................................................ 2

    B.    Dr. Tweito Is Entitled to Appointment as Lead Plaintiff ....................... 3

    C.    Appointment of Co-Lead Plaintiffs Is Inconsistent with the PSLRA and Ninth Circuit Law .............................................................. 4

        1.    There is No Reason to Appoint Simmons as Co-Lead Plaintiff ..................................................................................... 5

        2.    Appointing Conant as Co-Lead Plaintiff for a Section 14(a) Subclass Violates the PSLRA ............................... 6

III.  CONCLUSION .................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Baan Co. Sec. Litig.*,
271 F. Supp. 2d 3 (D.D.C. 2002) .................................................................. 5

*Basile v. Valeant Pharms. Int'l, Inc.*,
No. SACV 14-2004 DOC(ANx),
2015 WL 13652714 (C.D. Cal. May 5, 2015) ........................................... 4, 5

*In re Boeing Co. Aircraft Sec. Litig.*,
No. 19 CV 2394,
2019 WL 6052399 (N.D. Ill. Nov. 15, 2019) ............................................ 2, 6

*Burbige v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II*, No. 1:21-cv-04349 (N.D. Ill. Nov. 18, 2021), ECF No. 40 .................... 7

*Cavanaugh v. U.S. Dist. Ct. for the N. Dist. of Cal.*,
306 F.3d 726 (9th Cir. 2002) .............................................................. 2, 4, 5, 7

*In re Cendant Corp. Litig.*,
182 F.R.D. 144 (D.N.J. 1998) ..................................................................... 5, 6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ............................................................................ 3

*Cohen v. U.S. Dist. Court for N. Dist. of Cal.*,
586 F.3d 703 (9th Cir. 2009) ................................................................. 2, 4, 9

*In re Critical Path, Inc. Sec. Litig.*,
156 F. Supp. 2d 1102 (N.D. Cal. 2001) .......................................................... 3

*Edwards v. McDermott Int'l, Inc.*,
No. 4:18-cv-04330 (S.D. Tex. June 4, 2019), ECF No. 84 ........................ 7, 8

*In re Enron Corp. Sec. Litig.*,
206 F.R.D. 427 (S.D. Tex. 2002) .................................................................... 6

*Erickson v. Snap, Inc.*,
   No. 2:17-cv-03679-SVW-AGR,
   2017 WL 11592635 (C.D. Cal. Sept. 18, 2017)...................................................... 1, 2

*Farhar v. Ontrak, Inc.*,
   No. 2:21-cv-01987-FLA (Ex),
   2021 WL 2980589 (C.D. Cal. July 13, 2021) ....................................................... 1, 3

*In re Glob. Crossing, Ltd. Sec. Litig.*,
   313 F. Supp. 2d 189 (S.D.N.Y. 2003) ..................................................................... 7

*Gluck v. Cellstar Corp.*,
   976 F. Supp. 542 (N.D. Tex. 1997)........................................................................... 5

*Hevesi v. Citigroup Inc.*,
   366 F.3d 70 (2d Cir. 2004) .......................................................................... 2, 4, 6. 7

*Hunt v. Bloom Energy Corp.*,
   No. 19-cv-02935-HSG,
   2021 WL 1110260 (N.D. Cal. Mar. 23, 2021) ......................................................... 7

*In re Initial Pub. Offering Sec. Litig.*,
   214 F.R.D 117 (S.D.N.Y. 2002).............................................................................. 8

*Kabak v. Becton, Dickinson & Co.*,
   No. 20-2155 (SRC),
   2020 WL 3056281 (D.N.J. June 9, 2020) ............................................................. 6

*In re Network Assocs., Inc., Sec. Litig.*,
   76 F. Supp. 2d 1017 (N.D. Cal. 1999)............................................................. 1, 2, 3

*Nicolow v. Hewlett Packard Co.*,
   Nos. 12-05980 CRB, *et al.*,
   2013 WL 792642 (N.D. Cal. Mar. 4, 2013) ........................................................... 8

*Piven v. Sykes Enters., Inc.*,
   137 F. Supp. 2d 1295 (M.D. Fla. 2000) ............................................................... 5

*Tanne v. Autobytel, Inc.*,
   226 F.R.D. 659 (C.D. Cal. 2005)................................................................... 4, 5, 9

*United States v. McEnry*,
   659 F.3d 893 (9th Cir. 2011) ............................................................................... 4

**Statutes**

15 U.S.C. § 78u-4(a) ...........................................................................................3, 4

Dr. Tweito respectfully submits this reply memorandum of points and authorities in further support of his motion for appointment as Lead Plaintiff (ECF No. 10).[1]

## I.   PRELIMINARY STATEMENT

Opposition briefing confirms that Dr. Tweito is the ***only*** movant entitled to appointment under the PSLRA.  As set forth in his opening brief and opposition brief, *see* ECF Nos. 10-1 & 46, Dr. Tweito asserts a substantial financial interest in connection with his purchase of Owlet securities during the Class Period and readily satisfies the relevant requirements of Rule 23 because his claims are typical of all members of the class and because he will fairly and adequately represent the class. Indeed, no competing movant challenges Dr. Tweito's financial interest or argues that Dr. Tweito is subject to any unique defenses that preclude his appointment as a lead plaintiff.

Although McIntosh argues that he possesses a larger financial interest than Dr. Tweito, as discussed at length in Dr. Tweito's opposition brief (*see* ECF No. 46 at 4-7), and ***confirmed*** by Simmons's opposition brief (*see* ECF No. 37 at 1-5), McIntosh must be disqualified as a result of the unique defenses arising from his acquisition of Owlet shares through a private transaction.  *See In re Network Assocs., Inc., Sec. Litig.*, 76 F. Supp. 2d 1017, 1029-30 (N.D. Cal. 1999) (disqualifying movant who acquired shares through private transaction); *Farhar v. Ontrak, Inc.*, No. 2:21-cv-01987-FLA (Ex), 2021 WL 2980589, at *4 (C.D. Cal. July 13, 2021) (Aenlle-Rocha, J.) (disqualifying movant that had the largest financial interest because the movant was subject to unique defenses).  "There is no reason to subject the class to these unique

[1]   Unless otherwise noted: (1) all capitalized but undefined terms have the meanings ascribed in the Dr. Tweito's opening brief (ECF No. 10-1) and opposition brief (ECF No. 46); (2) all emphasis is added and all internal quotation marks and citations are omitted; and (3) all references to "ECF No.   " are to docket entries in *Butala v. Owlet, Inc., et al.*, No. 2:21-cv-09016 FLA (JEMx) (C.D. Cal.).

defenses when a non-conflicted candidate for Lead Plaintiff"—Dr. Tweito—"is also before the Court." *Erickson v. Snap, Inc.*, No. 2:17-cv-03679-SVW-AGR, 2017 WL 11592635, at *4 (C.D. Cal. Sept. 18, 2017).

Recognizing that they do not possess a larger financial interest than Dr. Tweito and cannot be appointed as the sole lead plaintiff, Simmons and Conant each seek appointment as a co-lead plaintiff. *See* ECF Nos. 37 at 5-6 & 40 at 5-7. These proposals are contrary to the PSLRA, which seeks to empower one lead plaintiff "with a major stake in the litigation to exercise control over the litigation as a ***whole***." *Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82 n.13 (2d Cir. 2004). Indeed, the Ninth Circuit has clearly suggested that appointing competing movants as co-lead plaintiffs violates the PSLRA and "would also tend to run counter to the sequential inquiry we outlined [in *Cavanaugh v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 306 F.3d 726, 730-31 (9th Cir. 2002)] for selection of lead plaintiff." *Cohen v. U.S. Dist. Court for N. Dist. of Cal.*, 586 F.3d 703, 711 n.4 (9th Cir. 2009). Simmons and Conant should not be permitted to undermine the efficient leadership of this litigation and circumvent the result compelled by the PSLRA—Dr. Tweito's appointment as the sole Lead Plaintiff— based on their routinely rejected arguments. *See In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 WL 6052399, at *10 (N.D. Ill. Nov. 15, 2019) ("[C]ourts routinely reject petitions for appointment as co-lead plaintiffs[.]").

## II. ARGUMENT

### A. Multiple Movants Confirm That McIntosh Cannot Meet the PSLRA's Criteria for Appointment

As laid out more fully in Dr. Tweito's opposition brief, *see* ECF No. 46 at 4-7, McIntosh is subject to a number of unique defenses that disqualify him from serving as lead plaintiff because he obtained ***all*** of his shares in Owlet stock through a private transaction. Specifically, McIntosh "would be encumbered with the unique question

whether [he] acquired [his] shares on better terms than the investing public **and** not fully in reliance on the market price." *Network Assocs.*, 76 F. Supp. 2d at 1030; *see also In re Critical Path, Inc. Sec. Litig.*, 156 F. Supp. 2d 1102, 1110-11 (N.D. Cal. 2001) ("Certainly the court should not appoint as lead plaintiff one whose appointment will invite scrutiny of the details of a private transaction.").

The problematic nature of McIntosh's private transaction is obvious and unmistakable and confirmed by *two* lead plaintiff movants.  As Simmons correctly noted in his opposition brief corroborating McIntosh's atypicality, "defendants would certainly exploit the details (as well as the unknowns) underlying Mr. McIntosh's private acquisition of both his OBC shares and his Owlet shares to undermine Mr. McIntosh's ability to invoke the fraud-on-the-market presumption on behalf of the class."  ECF No. 37 at 3.

As this court has recognized, a plaintiff who holds the largest financial interest but who does not satisfy the adequacy and typicality requirements of the PSLRA must be disqualified from being appointed lead plaintiff.  *See Ontrak*, 2021 WL 2980589, at *4 ("While [the movant] may have the largest financial interest, he is not a typical plaintiff under Fed. R. Civ. P. 23 because he is . . . subject to unique defenses."); *cf. In re Cendant Corp. Litig.*, 264 F.3d 201, 267 (3d Cir. 2001) ("If (for any reason) the court determines that the movant with the largest losses cannot make a threshold showing of typicality or adequacy, then the court should . . . disqualify that movant from serving as lead plaintiff.").  Accordingly, McIntosh cannot be appointed Lead Plaintiff.

## B.      Dr. Tweito Is Entitled to Appointment as Lead Plaintiff

Given McIntosh's disqualifying defects, Dr. Tweito asserts the largest financial interest of the movants before the Court, is adequate and typical in all respects, and is not subject to unique defenses.  Moreover, no competing movant disputes the size of

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMx), *ET AL.*                                                           3

Dr. Tweito's financial interest or otherwise argues—let alone offers "proof"—that Dr. Tweito is subject to any unique defenses that preclude his appointment under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (requiring "proof" to rebut the presumption); *United States v. McEnry*, 659 F.3d 893, 902 (9th Cir. 2011) (where an argument is available but not raised, it is waived).

## C. Appointment of Co-Lead Plaintiffs Is Inconsistent with the PSLRA and Ninth Circuit Law

Unable to claim that either is the movant with the largest financial interest who also satisfies the adequacy and typicality requirements, Simmons and Conant each argue that they should be appointed as a co-lead plaintiff.

However, the appointment of competing movants as co-lead plaintiffs is inconsistent with the PSLRA and would "run counter to the sequential inquiry [the Ninth Circuit] outlined for selection of lead plaintiff." *Cohen*, 586 F.3d at 711 n.4; *see also Hevesi*, 366 F.3d at 82 n.13 (explaining that the PSLRA is intended to empower one lead plaintiff to "exercise control over the litigation as a whole"). As the Ninth Circuit has made clear, the movant with the largest losses who also satisfies the typicality and adequacy requirements is entitled to be appointed lead plaintiff. *Cavanaugh*, 306 F.3d at 732. "That the district court believes another plaintiff may be 'more typical' or 'more adequate' is of no consequence." *Id.*

Moreover, "a co-lead plaintiff structure is unnecessary, and might harm the class by dividing responsibility for the supervision of class counsel." *Tanne v. Autobytel, Inc.*, 226 F.R.D. 659, 673 (C.D. Cal. 2005). As explained by the court in *Basile v. Valeant Pharmaceuticals International, Inc.*:

> [T]he Court is not inclined to force the four plaintiffs and their law firms into an arranged marriage when two of them do not want to be part of it. Practically speaking, this may

lead to non-productive conflict among plaintiffs' counsel. Legally, the Ninth Circuit and district courts in this circuit have expressed doubt that it is appropriate under the PSLRA to appoint co-lead plaintiffs where the plaintiffs have not filed a joint motion to be appointed together.

No. SACV 14-2004 DOC(ANx), 2015 WL 13652714, at *2 (C.D. Cal. May 5, 2015).

Accordingly, Simmons's and Conant's requests should be denied.

### 1. There Is No Reason to Appoint Simmons as Co-Lead Plaintiff

Simmons's argument that he should be appointed co-lead plaintiff because his losses are "roughly equal" to Dr. Tweito's losses (even though he concedes that Dr. Tweito claims "more in losses than Mr. Simmons") and he purchased Owlet warrants, *see* ECF No. 37 at 5-6, is without merit.

Although Simmons cites a handful of cases in support of his argument that a co-lead plaintiff can be appointed when movants possess "roughly equal" losses, each of these cases pre-date the Ninth Circuit's decision in *Cavanaugh*.[2]   *See Autobytel*, 226 F.R.D. at 673 (declining to appoint co-lead plaintiffs and noting that "[m]any of the cases appointing co-lead plaintiffs predate *Cavanaugh*, or are from jurisdictions outside the Ninth Circuit").   Appointing co-lead plaintiffs here would "be fundamentally at odds with *Cavanaugh*'s interpretation of the PSLRA and its outlining of the process to be used in identifying a lead plaintiff." *Id.*

The fact that Simmons's losses arise from his purchase of warrants while Dr. Tweito's losses arise from his purchase of stock does not necessitate appointing a co-lead plaintiff.  As the court explained in *In re Cendant Corp. Litigation*:

---

[2]   *See In re Baan Co. Sec. Litig.*, 271 F. Supp. 2d 3 (D.D.C. 2002); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295 (M.D. Fla. 2000); *Gluck v. Cellstar Corp.*, 976 F. Supp. 542 (N.D. Tex. 1997).

> More likely than not, the putative class in any large shareholder action will be composed of plaintiffs *whose portfolios differ in composition from one another*.  This, however, does not justify the appointment of potentially innumerable co-lead plaintiffs to ensure that each individual interest is represented.

182 F.R.D. 144, 148 (D.N.J. 1998).  To this end, courts routinely reject requests to add co-lead plaintiffs based on different investments.  *See, e.g.*, *Boeing*, 2019 WL 6052399, at *10 (rejecting option investor's request to be appointed as co-lead plaintiff with stock purchaser); *Kabak v. Becton, Dickinson & Co.*, No. 20-2155 (SRC), 2020 WL 3056281, at *3 (D.N.J. June 9, 2020) (same; and noting that "[t]he fragmented lead plaintiff arrangement [the options investor] proposes finds no support in the PSLRA"); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 451 (S.D. Tex. 2002) (denying appointment of separate lead plaintiffs for purchasers of bonds, preferred stock, and other types of securities).

### 2.   Appointing Conant as Co-Lead Plaintiff for a Section 14(a) Subclass Violates the PSLRA

As discussed in Dr. Tweito's opposition brief, appointing Conant as a co-lead plaintiff to represent a Section 14(a) subclass is not warranted or permissible under the PSLRA.  *See* ECF No. 46 at 9-12.  Courts routinely reject petitions for appointment as co-lead plaintiffs to represent groups of plaintiffs with varying claims on the basis that such requests are "inconsistent with the PSLRA's focus on appointing as lead plaintiff an entity or person capable of exercising overall control of the litigation."  *Boeing*, 2019 WL 6052399, at *10.  Indeed, "[n]othing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of

action . . . [as] it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim." *Hevesi*, 366 F.3d at 82.

Both of the out-of-circuit cases upon which Conant relies in support of his argument are readily distinguishable and are inconsistent with *Cavanaugh*. As an initial matter, Conant's citation to *Burbige v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II*, No. 1:21-cv-04349 (N.D. Ill. Feb. 8, 2022), ECF No. 58, does not support the forced appointment of a co-lead plaintiff. Instead, the court in *ATI* simply appointed a group of two related institutional investors to serve as lead plaintiff, and the lead plaintiffs later added an additional named plaintiff with standing to bring Section 14(a) claims. *See id.*; *Burbige v. ATI Physical Therapy, Inc. f/k/a Fortress Value Acquisition Corp. II*, No. 1:21-cv-04349 (N.D. Ill. Nov. 18, 2021), ECF No. 40 (attached as Exhibit A to the Reply Declaration of Jennifer L. Joost ("Joost Reply Decl."). As such, *ATI* demonstrates that appointing a lead plaintiff with standing to bring Section 14(a) claims is unnecessary given that Dr. Tweito–like the lead plaintiffs in *ATI*—can include class representatives with Section 14(a) claims in the amended complaint. *See Hunt v. Bloom Energy Corp.*, No. 19-cv-02935-HSG, 2021 WL 1110260, at *1 (N.D. Cal. Mar. 23, 2021) ("[T]he PSLRA does not in any way prohibit the addition of named plaintiffs to aid the lead plaintiff in representing a class.") (quoting *Hevesi*, 366 F.3d at 82-83); *In re Glob. Crossing, Ltd. Sec. Litig.*, 313 F. Supp. 2d 189, 205 (S.D.N.Y. 2003) ("Nor does anything in the PSLRA prevent the Lead Plaintiffs from constructing a consolidated complaint that brings claims on behalf of a number of named parties besides the Lead Plaintiffs themselves.").

Conant's reliance on *Edwards v. McDermott International, Inc.*, No. 4:18-cv-04330 (S.D. Tex. June 4, 2019), ECF No. 84, is also inapposite. In *McDermott*, the court appointed *separate* lead plaintiffs for *two separate* class actions—one asserting Section 10(b) claims and one asserting Section 14(a) claims—where the lead plaintiff

movants had "agree[d] that there should be separate representation for the Section 10(b) and 14(a) Claims." *Edwards v. McDermott Int'l, Inc.*, No. 4:18-cv-04330 (S.D. Tex. Mar. 15, 2019), ECF No. 77 at 6 (Joost Reply Decl., Ex. B). Here, there is no agreement that separate representation is needed and Conant does not cite any precedent in which a court appointed co-lead plaintiffs for Section 14(a) claims without the agreement of the movants. Furthermore, if Conant's approach is credited, courts would need to frequently "cobble together a lead plaintiff group that has standing to sue on all possible causes of action." *In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D 117, 123 (S.D.N.Y. 2002). Such an approach is not the law as it "undermines the purpose of the PSLRA." *Id*.

Finally, Conant's argument that appointment of a separate co-lead plaintiff to represent Section 14(a) claims is necessary is also belied by his own motion. Indeed, despite the fact that Conant does not have standing to bring Section 10(b) claims, Conant did not limit his initial request for appointment as lead plaintiff to just a Section 14(a) subclass. Instead, Conant sought appointment on behalf of the entire class, and only shifted strategy after reviewing the competing motions. *See* ECF Nos. 17 at 1 (requesting an order "appointing Conant as Lead Plaintiff on behalf of persons or entities who . . . purchased or otherwise acquired Owlet . . . securities between March 31, 2021 and October 4, 2021 . . . and/or . . . held Sandbridge common stock held as of June 1, 2021 and were eligible to vote at Sandbridge's special meeting on July 14, 2021 (the "Class")"); 17-1 at 2 (same); 18 at 1 (same). Conant's shifting positions demonstrate that a single lead plaintiff may represent all claims in this litigation. *Cf. Nicolow v. Hewlett Packard Co*., Nos. 12-05980 CRB, *et al*., 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (discounting argument from movant that "shift[ed] its argument only after" reviewing other applicants' motions).

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*                                                              8

Given that appointing Conant co-lead plaintiff would contravene the PSLRA and fracture the leadership of this litigation, Conant's request should be denied. *See Cohen*, 586 F.3d at 711 n.4; *Autobytel*, 226 F.R.D. at 673.[3]

## III.   CONCLUSION

For the reasons set forth above and in his opening brief, Dr. Tweito respectfully requests that the Court enter an Order: (1) consolidating the above-captioned Related Actions; (2) appointing Dr. Tweito as Lead Plaintiff; (3) approving his selection of Kessler Topaz as Lead Counsel for the class; and (4) denying all competing motions.

Dated: March 4, 2022

Respectfully submitted,

**KESSLER TOPAZ
   MELTZER & CHECK, LLP**

/s/ Jennifer L. Joost
JENNIFER L. JOOST (Bar No. 296164)
   jjoost@ktmc.com
One Sansome Street, Suite 1850
San Francisco, CA 94101
 Telephone: (415) 400-3000
Facsimile: (415) 400-3001

*Counsel for Dr. Thomas E. Tweito and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
BRIAN J. SCHALL (Bar No. 290685)
   brian@schallfirm.com
1880 Century Park E, Suite 404
Los Angeles, CA 90067-1604
Telephone: (310) 301-3335
Facsimile: (310) 388-0192

*Additional Counsel*

---

[3]   Dr. Tweito's proposed Lead Counsel for the class, Kessler Topaz, has significant experience litigating claims under Section 14(a).  Kessler Topaz's $2.4 billion recovery in *In re Bank of America Corp. Securities, Derivative, & Employee Retirement Income Security Act (ERISA) Litigation*, No. 09-md-2058 (PKC) (S.D.N.Y.), is one of the largest recoveries ever under Section 14(a).  *See* Joost Reply Decl., Ex. C (discussing *Bank of America* settlement and noting that "the agreement represents the largest payout for alleged violations of Section 14(a) of the Securities Exchange Act").

REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN FURTHER SUPPORT OF THE MOTION OF DR. THOMAS E. TWEITO FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF COUNSEL
CASE NOS.: 2:21-CV-09016 FLA (JEMX), *ET AL.*                                    9