# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Matthew Rico, *on behalf of himself and all others similarly situated*, | ) ) ) | CASE NO. 4:21 CV 616 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| Vs. | ) ) | |
| Lordstown Motors Corp., *et al.*, | ) ) | Order |
| Defendants. | ) | |

**INTRODUCTION**

This matter is a consolidated class action securities fraud case involving Lordstown Motor Corporation ("Lordstown'). A number of parties move the Court to be appointed lead plaintiff in this case. For the reasons that follow, the Court appoints George Troicky as lead plaintiff and approves Labaton Sucharow LLP ("Labaton Sucharow") as lead plaintiffs' counsel. The Court reminds counsel of the Court's April 13, 2021 scheduling Order. Within ten days of the entry of this Order, the Lead Plaintiff and Defendants must submit to the Court a proposed schedule for (i) Lead Plaintiff's filing of a consolidated complaint or designating a previously

1

filed complaint as operative and (ii) Defendants' time to answer or otherwise respond to the operative complaint.

**ANALYSIS**

1.      The withdrawn motions

As an initial matter, four plaintiffs filed motions for appointment as lead plaintiff, but later withdrew those motions. Accordingly, the following motions are MOOT:

(1) Motion of Eskandar Tehrani and Dari Tehrani for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Counsel (Doc. 15). This motion was withdrawn in its entirety pursuant to Doc. 28.

(2) Mohammed Chowdhury and Simha & Pnina Cohen's Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Doc. 16). This motion was withdrawn in its entirety pursuant to Doc. 29.

(3) Motion of John H. Jenkins and Robert Miller for Consolidation of Related Actions, Appointment as Co-Lead Plaintiffs, and Approval of Selection of Counsel (Doc. 24). This motion was withdrawn in its entirety pursuant to Doc. 31.

(4) Motion of the Lordstown Shareholder Group for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (Doc. 25). This motion was withdrawn in its entirety pursuant to Doc. 30.

2. The remaining motions

Pursuant to 18 U.S.C. § 78u-4(a)(3)(B)(I), the Court must analyze the competing motions for appointment of lead plaintiff. The statute instructs the Court to appoint "as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable

Exhibit A
Page 3

of adequately representing the interests of class members...in accordance with this subparagraph." To that end, the statute further provides that there is a rebuttable presumption that the most adequate plaintiff is the "person or group of persons" with the largest financial interest in the relief sought by the class, provided the person or group of persons otherwise satisfies the dictates of Fed.R.Civ.Pro. 23. 18 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Of the remaining movants, plaintiff George Troicky claims to have the largest financial interest in the outcome of this consolidated action. In response to Troicky's motion, all but one movant conceded that either Troicky does appear to have the largest interest or that the movant does not, in fact, have the largest interest. Movant Ashith Pabbathi filed an opposition to Troicky's motion on the grounds that Troicky overstated his losses based on certain accounting factors. Pabbathi, however, later filed a rely brief in which he withdrew his opposition and acknowledged that Troicky does have the largest financial interest.

Based on the foregoing, the motion of Troicky for appointment of lead plaintiff is unopposed. Having reviewed the motion independently, the Court finds that Troicky has the largest financial interest in the outcome of the litigation. He further satisfies the requirements of Fed.R.Civ.Pro. 23. Troicky notes that his interests squarely align with those of the class, and he knows of no conflict. The claims of Troicky and those of the class members appear to arise out of the same conduct and series of events. Troicky avers that he is a sophisticated investor who routinely directs legal counsel in litigation matters and will take his role as fiduciary seriously. Furthermore, no party provided any opposition or indication that Troicky fails to satisfy the requirements of Rule 23. As such, a statutory presumption arises that Troicky is the most adequate plaintiff. No party presents any evidence or argument to rebut this presumption.

3

Accordingly, the Court hereby appoints George Troicky as lead plaintiff.

Plaintiff Romano filed a Notice asking that he be appointed "co-lead plaintiff." According to Romano, he is the only plaintiff who asserted claims under Section 14(a) of the Securities Exchange Act of 1934. Romano argues that the Section 14(a) claims are based on a Proxy Statement filed with the Securities and Exchange Commission to solicit votes by stockholders of DiamondPeak Holdings to approve its merger with Lordstown. Romano claims that Troicky lacks standing to assert these claims on behalf of the class. As such, Romano seeks to be appointed co-lead plaintiff or serve as lead plaintiff to a sub-class of Section 14(a) plaintiffs. According to Romano, the Section 14(a) claims are unique because they require particularized standing, are subject to a lower pleading standard compared to Section 10(b) claims, and loss calculations may be different. Although Romano does not oppose the appointment of Troicky to serve as lead plaintiff for the Section 10(b) claims, it appears that by seeking appointment as co-lead plaintiff (or a sub-class of plaintiffs), Romano is contesting Troicky's ability to fairly and adequately represent those plaintiffs asserting Section 14(a) claims.

In response, Troicky argues that a lead plaintiff need not have standing on every claim in order to satisfy Rule 23's typicality and adequacy requirements. According to Troicky, the appointment of "niche" plaintiffs with standing to assert Section 14(a) claims is unnecessary, provided the lead plaintiff has standing to assert Section 10(b) claims. Troicky argues that courts should not cobble together a group of lead plaintiffs simply to ensure standing. Troicky notes that it is undisputed that Romano is not the plaintiff with the "largest financial interest." As such, appointing him as a lead plaintiff would be directly at odds with the statutory mandates of the Private Securities Litigation Reform Act ("PSLRA").

4

Defendants also filed a response to Romano's Notice. Defendants point out that the notice does not comport with the requirements of the PSLRA because Romano did not timely seek appointment via a motion to be appointed lead plaintiff. Defendants further note that there is an earlier filed case pending in the United States District Court for the District of Delaware, in which other plaintiffs filed a derivative action asserting Section 14(a) claims.

Upon review, the Court declines to appoint Romano as a co-lead plaintiff. As an initial matter, Romano did not timely file a motion for appointment as lead plaintiff. Regardless, Romano's arguments are primarily directed to the fact that Troikcy lacks standing to assert Section 14(a) claims and, therefore, will be unable to vigorously pursue those claims. The Court rejects this argument. The fact that Troicky did not assert Section 14(a) claims in his complaint does not render his claims atypical of the class, nor render him an inadequate lead plaintiff. "The law is clear that a lead plaintiff does not have to have standing on every claim in order to satisfy the typicality or adequacy requirements of Rule 23." *Eshe Fund v. Fifth Third Bancorp*, 2008 WL 11322108 (S.D. Ohio Dec. 16, 2008)(citing *Hevesi v. Citigroup, Inc.*, 366 F.3d 70, 92 (2d Cir. 2004)). Moreover, it appears that lead plaintiffs have standing to assert claims on behalf of other named plaintiffs, even if the lead plaintiff himself lacks standing. *See, In re Countryside Fin. Corp. Sec. Litig.*, 588 F.Supp.2d 1132 (C.D. Cal. 2008)(holding that to interpret the PSLRA to require lead plaintiff to have standing for all claims, even though at least one named plaintiff has standing, would increase litigation costs or waste judicial resources); *In re Herley Indus., Inc. Sec. Litig.*, 2009 WL 3169888 (E.D. Penn. Sept. 30, 2009)("lead plaintiff" is not coextensive with "named" plaintiff and "lead plaintiffs need not have standing to pursue every claim, so long

5

Exhibit A
Page 6

as at least one *named* plaintiff has standing on each claim.")(emphasis in original).[1]

Based on the foregoing, the Court will not appoint Romano as a co-lead plaintiff. Nor does the Court find it necessary to create a subclass of plaintiffs. Troicky indisputably possesses the largest financial interest in the case and he satisfies the Rule 23 criteria. Therefore, for case management purposes and to keep litigation costs down, the Court finds it appropriate to appoint only Troicky as the lead plaintiff because he is the "most capable of adequately representing the interests of class members.[2]"

Having appointed George Troicky to serve as lead plaintiff, the Court hereby approves his choice of counsel. Section 78-4(a)(3)(B)(v) provides that the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class." Troicky selected Labaton Sucharow as his counsel. The Court has reviewed the selection and hereby approves Labaton

---

[1] Romano cites to three cases in support of his request for appointment as co-lead plaintiff. In *Edwards v. McDermott Int'l, Inc.*, No. 4:18 CV 4330, Doc. 84 (S.D. Texas June 4, 2019), the court appointed two lead plaintiffs to represent the investors. But the summary order contains no analysis. Similarly, Romano cites to *In re Alta Mesa Res. Inc. Sec. Litig.*, No. 1:19 CV 957, Doc. 54 (S.D.Tex. Jan. 15, 2020). But in that case, the parties stipulated to the appointment of multiple lead plaintiffs. Neither case provides any persuasive analysis supporting Romano's request. Finally, Romano cites to *Dusek v. Mattel*, No. 2:99 CV 10864, Doc. 23 (C.D. Cal. Jan. 11, 2000). Romano did not provide this unreported case to the Court, and the Court has not been able to locate the opinion. There is no docket entry from January 11, 2000. Although Doc. 23 appears to address the issue, the opinion is not attached to the entry. Instead, it appears to be a shorthand entry representing the court's conclusion.

[2] The Court is careful to note that its findings here are not dispositive for purposes of either a future Rule 23 motion or a motion directed at standing.

Sucharow as lead counsel. According to counsel, it has served as lead counsel in a number of high-profile cases, including one case that achieved a recovery of over $1 billion for investors. Based on the firm's biography, it is clear that Labaton Sucharow has significant experience, and the Court finds no reason to upset plaintiff Troicky's choice of counsel in this matter. Accordingly, Labaton Sucharow is hereby appointed as lead plaintiffs' counsel.

Based on the foregoing, the Court rules as follows on the outstanding motions:

(1) The Motion of George Troicky for Consolidation, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel is GRANTED in PART and MOOT in PART (Doc. 21). The motion is GRANTED to the extent George Troicky is appointed as Lead Plaintiff. It is further GRANTED to the extent it seeks approval of the selection of Labaton Sucharow as lead counsel. The motion is MOOT to the extent it seeks consolidation, as the Court previously consolidated all cases.

(2) The Motion of the RIDE Investor Group for Appointment as Lead Plaintiff and Approval of Selection of Counsel (Doc. 13) is DENIED.

(3) The Motion of FNY Managed Accounts LLC for Appointment as Lead Plaintiff and Approval of Its Selection of Lead and Liaison Counsel (Doc. 14) is DENIED.

(4) The Motion of Daniel Tavares and Globestar Systems, Inc. to (1) Consolidate Related Actions; (2) Appoint Lead Plaintiffs; and (3) Approve Lead Plaintiffs' Selection of Counsel (Doc. 18) is DENIED in PART and MOOT in PART. The motion is DENIED to the extent it seeks the appointment of lead plaintiff and approval of counsel. It is MOOT to the extent it seeks consolidation, as the Court previously consolidated all cases.

(5) The Motion of Kenneth Davenport and Joshua Betof for (1) Appointment as Co-Lead

7

Plaintiffs and (2) Approval of Selection of Counsel (Doc. 19) is DENIED.

(6) The Motion of Gurpreet Singh for Appointment as Lead Plaintiff and Approval of His Selection of Lead Counsel (Doc. 22) is DENIED.

(7) The Motion to Consolidate the Related Actions, Appoint Ashith Pabbathi as Lead Plaintiff and Approve the Selection of Lead Counsel (Doc. 23) is MOOT in PART and DENIED in PART. The motion is MOOT to the extent it seeks consolidation, as the Court previously consolidated all cases. It is DENIED to the extent is seeks appointment of lead plaintiff and approval of counsel.

**CONCLUSION**

For the foregoing reasons, the Court appoints George Troicky as lead plaintiff and approves Labaton Sucharow as lead plaintiffs' counsel for the class.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge
Chief Judge

Dated: 6/17/21

8

Exhibit A
Page 9