LATHAM & WATKINS LLP
   Colleen C. Smith (CA Bar No. 231216)
    colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone: +1.858.523.5400
Facsimile: +1.858.523.5450

   Meryn C. N. Grant (CA Bar No. 291315)
    meryn.grant@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

   Michele D. Johnson (CA Bar No. 198298)
    michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

*Attorneys for Defendants Owlet, Inc. f/k/a
Sandbridge Acquisition Corporation, and
Kurt Workman*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, and KURT WORKMAN,<br><br>Defendants. | Case No. 2:21-cv-09016-FLA-JEM<br><br>**REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF OWLET DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECTION 10(b) COMPLAINT**<br><br>Hearing Date: May 31, 2024<br>Time:  1:30 P.M.<br>Ctrm:  6B<br>Judge:  Hon. Fernando L. Aenlle-Rocha<br><br>Complaint Filed: December 22, 2023 |

Pursuant to the incorporation-by-reference doctrine and Federal Rule of Evidence 201, Defendants Owlet, Inc. f/k/a Sandbridge Acquisition Corporation and Kurt Workman (the "Defendants") respectfully request that the Court incorporate by reference, or alternatively, take judicial notice of, **Exhibits 1-5** to the Declaration of Colleen C. Smith. These documents are submitted in support of the Defendants' Motion to Dismiss Plaintiff's Section 10(b) Complaint ("Complaint"). Defendants recognize that the incorporation-by-reference doctrine and Federal Rule of Evidence 201 are to be used judiciously and thus seek incorporation by refence and judicial notice of a limited number of documents that are cited in and form the basis of the Complaint, or are otherwise appropriate for consideration in connection with a motion to dismiss.

## I. LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim, a court should "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007) (citation omitted); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also, e.g.*, *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1050 n.1 (N.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.") (quoting *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1161 (9th Cir. 2012)).

Although the Ninth Circuit has cautioned against excessive use of the incorporation-by-reference and judicial notice doctrines, the court has also acknowledged that limited use under appropriate circumstances remains warranted . See *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (judicial notice and incorporation by reference have "roles to play at the pleading stage");

*accord In Re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481, at *1 (N.D. Cal. Oct. 16, 2018), *aff'd*, 806 F. App'x 603 (9th Cir. 2020).

## II. ARGUMENT

### A. Exhibit 2 Is Incorporated by Reference Because It Is Extensively Referenced In the Complaint and Forms the Basis of Plaintiff's Claims

Incorporation by reference is a judicial doctrine that "treats certain documents as though they are part of the complaint itself" and is "designed to prevent artful pleading by plaintiffs." *Khoja*, 899 F.3d at 1002. A document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). The doctrine also encompasses pleadings where a claim "depends on the contents of a document," but "does not explicitly allege the contents of that document in the complaint" or physically attach those items to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, Plaintiff refers extensively to **Exhibit 2** which also forms the basis of their claims, rendering **Exhibit 2** incorporated by reference.

**2016 FDA "It Has Come to Our Attention" Letter (Exhibit 2).** Plaintiff repeatedly references this communication between the FDA and Owlet throughout the Complaint, including language purportedly from the letter. Complaint ¶¶ 9, 70, 90, 92, 98, 102, 104, 105, 106, 110, 112, 114, 115, 122. This letter also forms the basis of Plaintiff's claims and is critical to advancing their arguments. Plaintiff asserts that "the FDA concluded, and communicated to Owlet as early as 2016, that it was a medical device," *id.* ¶ 9, in order to advance their claim that the FDA had made a determination with regards to the Smart Sock's status as a medical device and that defendants were aware of the FDA's position.

Because the letter is frequently cited throughout the Complaint and forms the basis of Plaintiff's claims, the Court should deem it incorporated by reference. *See*

*Steinle v. City & Cnty. of S.F.*, 919 F.3d 1154, 1162-63 (9th Cir. 2019); *see also*, *e.g.*, *Riva*, 82 F. Supp. 3d at 1050 n.1.

## B.     The Court May Take Judicial Notice of Exhibits 1, 3, 4, and 5.

**<u>Owlet Website Screenshots (Exhibits 1, 3, 4, and 5).</u>** As Plaintiff frequently references information included on Owlet's public website in furtherance of his claims, *see, e.g.*, Complaint ¶¶ 53, 75, 95, 141, the contents of Owlet's website may be incorporated by reference in the Complaint. But to the extent the promotional information included on Owlet's website is not incorporated by reference in the Complaint, "pursuant to Fed. R. Civ. 201(c)(1)," this Court "may take judicial notice on [its] own." *Metricolor LLC v. L'oreal S.A.*, 2020 WL 3802942, at *7 (C.D. Cal. July 7, 2020). "It is common for courts to take judicial notice of factual information found on the world wide web. Furthermore, this Court may judicially notice publicly accessible websites." *Abundant Living Fam. Church v. Live Design, Inc,* 2022 WL 14708949, at *2 (C.D. Cal. Oct. 24, 2022) (internal citations omitted) (collecting cases). The contents from Owlet's website "are susceptible to judicial notice because they are publicly accessible websites that are not subject to reasonable dispute." *Id.* Furthermore, the referenced exhibits from Owlet's website were captured by the Internet Archive's Wayback Machine, and "district courts in this circuit have routinely taken judicial notice of the content from the Internet Archive's Wayback Machine pursuant to [Rule 201(c)(1)]." *Id.* (quoting *United States ex rel. Hong v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016)).

## III.   CONCLUSION

Defendants respectfully request that the Court deem **Exhibits 1-5** to the Declaration of Colleen C. Smith incorporated by reference and/or subject to judicial notice and consider them in connection with Defendants' Motion to Dismiss.

Dated:  February 9, 2024

Respectfully submitted,

LATHAM & WATKINS LLP
  Colleen C. Smith
  Meryn C. N. Grant
  Michele D. Johnson

By: */s/ Colleen C. Smith*
  Colleen C. Smith

*Attorneys for Defendants Owlet, Inc. f/k/a Sandbridge Acquisition Corporation, and Kurt Workman*