LATHAM & WATKINS LLP
  Colleen C. Smith (CA Bar No. 231216)
    colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone: +1.858.523.5400
Facsimile: +1.858.523.5450

  Meryn C. N. Grant (CA Bar No. 291315)
    meryn.grant@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

  Michele D. Johnson (CA Bar No. 198298)
    michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

*Attorneys for Defendants Owlet, Inc. f/k/a
Sandbridge Acquisition Corporation, Kurt
Workman and Kate Scolnick*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, KURT WORKMAN, KATE SCOLNICK, KEN SUSLOW, RICHARD HENRY, DOMENICO DE SOLE, RAMEZ TOUBASSY, JAMIE WEINSTEIN, KRYSTAL KAHLER, and MICHAEL F. GOSS,<br><br>Defendants. | Case No. 2:21-cv-09016-FLA-JEM<br><br>**REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S SECTION 14(a) COMPLAINT**<br><br>Hearing Date:   May 31, 2014<br>Time:        1:30 P.M.<br>Ctrm:        6B<br>Judge:      Hon. Fernando L. Aenlle-Rocha<br><br>Complaint Filed: December 22, 2023 |

Pursuant to the incorporation by reference doctrine and Federal Rule of Evidence 201, Defendants Owlet, Inc. f/k/a Sandbridge Acquisition Corporation, Kurt Workman, Kate Scolnick, Ken Suslow, Richard Henry, Domenico De Sole, Ramez Toubassy, Jamie Weinstein, Krystal Kahler, and Michael F. Goss (the "Defendants") respectfully request that the Court incorporate by reference, or alternatively, take judicial notice of, **Exhibits 1-7** to the Declaration of Colleen C. Smith.  These documents are submitted in support of the Defendants' Motions to Dismiss Plaintiffs' Section 14(a) Complaint ("Complaint").  Defendants recognize that the incorporation-by-reference doctrine and Federal Rule of Evidence 201 are to be used judiciously; and thus seek incorporation by refence and judicial notice of a limited number of documents that are cited in and form the basis of the Complaint, or are otherwise appropriate for consideration in connection with a motion to dismiss.

## I.    LEGAL STANDARD

When resolving a motion to dismiss for failure to state a claim, a court should "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."  *Tellabs, Inc. v. Makor Issues & Rts.*, 551 U.S. 308, 322 (2007) (citation omitted); *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *see also, e.g.*, *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1050 n.1 (N.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.") (quoting *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1161 (9th Cir. 2012)).

Although the Ninth Circuit has cautioned against excessive use of the incorporation-by-reference and judicial notice doctrines, the court has also acknowledged that limited use under appropriate circumstances remains warranted.

*See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (judicial notice and incorporation by reference have "roles to play at the pleading stage"); *accord In Re Ocera Therapeutics, Inc. Sec. Litig.*, 2018 WL 7019481, at *1 (N.D. Cal. Oct. 16, 2018), *aff'd*, 806 F. App'x 603 (9th Cir. 2020).

## II.    ARGUMENT

### A.    Exhibits 2, 6, and 7 Are Incorporated by Reference Because They Are Extensively Referenced In the Complaint and Form the Basis of Plaintiff's Claims

Incorporation by reference is a judicial doctrine that "treats certain documents as though they are part of the complaint itself" and is "designed to prevent artful pleading by plaintiffs." *Khoja*, 899 F.3d at 1002.  A document may be deemed incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.* (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  The doctrine also encompasses pleadings where a claim "depends on the contents of a document," but "does not explicitly allege the contents of that document in the complaint" or physically attach those items to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Here, Plaintiff refers extensively to **Exhibits 2, 6, and 7**, which also form the basis of their claims, rendering **Exhibits 2, 6, and 7**, incorporated by reference.

**2016 FDA "It Has Come to Our Attention" Letter (Exhibit 2).**  Plaintiff repeatedly references this communication between the FDA and Owlet throughout the Complaint, including language purportedly from the letter.  Complaint ¶¶ 10, 77, 133, 138, 142, 166, 169, 173, 176, 181, 188, 191, 204.  This letter also forms the basis of Plaintiff's claims and is critical to advancing their arguments.  Plaintiff repeatedly asserts that Defendants "had received written correspondence from the FDA in at least 2016 [. . .] confirming that the FDA believed that the Smart Sock needed to be regulated as a medical device," *id.* ¶ 136, in order to assert that the FDA had made a determination with regards to the Smart Sock's status as a medical device

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\148304424

2

REQUEST FOR JUDICIAL NOTICE ISO OWLET DEFS.'
MOTION TO DISMISS 14(a) COMPLAINT
Case No. 2:21-cv-09016-FLA-JEM

and that defendants were aware of the FDA's position.

**Owlet Public Filings (Exhibits 6 and 7).**   Plaintiffs repeatedly cite the Preliminary Proxy Statement **(Exhibit 7)**, filed on the Form S-4 on March 31, 2021 and Final Proxy Statement (**Exhibit 6**), filed on June 21, 2021, throughout the Complaint.  Complaint ¶¶ 6, 39, 40, 41, 66, 81, 82, 83, 85-89, 95-103, 105-107, 109-111, 113-115.  The proxy statements form the basis of Plaintiff's claims and are critical to advancing their arguments, as Plaintiff alleges that "[i]n the Company's Proxy Statements, Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects." *Id.* ¶ 9.  Plaintiff's allegations are entirely reliant on the proxy statements, and they cite no other communications to investors that could form the basis of their claims.

Because these exhibits are frequently cited throughout the Complaint and form the basis of Plaintiff's claims, the Court should deem them incorporated by reference.  *See Steinle v. City & Cnty. of S.F.*, 919 F.3d 1154, 1162-63 (9th Cir. 2019); *see also*, *e.g., Riva*, 82 F. Supp. 3d at 1050 n.1.

**B.     The Court May Take Judicial Notice of Exhibits 1, 3, 4, 5, 6, and 7.**

**Owlet Website Screenshots (Exhibits 1, 3, 4 and 5).**   As Plaintiff frequently references information included on Owlet's public website in furtherance of their claims, *see, e.g.*, Complaint ¶¶ 56, 64, the contents of Owlet's website may be incorporated by reference in the Complaint.  But to the extent the promotional information included on Owlet's website is not incorporated by reference in the Complaint, "pursuant to Fed. R. Civ. 201(c)(1)," this Court "may take judicial notice on [its] own." *Metricolor LLC v. L'oreal S.A.*, 2020 WL 3802942, at *7 (C.D. Cal. July 7, 2020).  "It is common for courts to take judicial notice of factual information found on the world wide web. Furthermore, this Court may judicially notice publicly accessible websites." *Abundant Living Fam. Church v. Live Design, Inc,* 2022 WL

14708949, at *2 (C.D. Cal. Oct. 24, 2022) (internal citations omitted) (collecting cases).   The contents from Owlet's website "are susceptible to judicial notice because they are publicly accessible websites that are not subject to reasonable dispute."   *Id.*   Furthermore, the referenced exhibits from Owlet's website were captured by the Internet Archive's Wayback Machine, and "district courts in this circuit have routinely taken judicial notice of the content from the Internet Archive's Wayback Machine pursuant to [Rule 201(c)(1)]."   *Id.* (quoting *United States ex rel. Hong v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016)).

**Owlet Public Filings (Exhibits 6 and 7).**   As an alternative ground to incorporation by reference, the Court may also take judicial notice of the Preliminary Proxy Statement **(Exhibit 7),** filed on the Form S-4 on March 31, 2021, and the Final Proxy Statement **(Exhibit 6),** filed on June 21, 2021.   As public filings with the SEC, these documents are properly subject to judicial notice as matters of public record that are not subject to reasonable dispute.   See Fed. R. Evid. 201(b)(2); *see also United States ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381–82 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017) (internal citations omitted) ("Under Rule 201, the court can take judicial notice of '[p]ublic records and government documents available from reliable sources on the Internet,' such as websites run by governmental agencies.").   As a result, courts regularly take judicial notice of records filed the SEC.   *See Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (finding SEC filings subject to judicial notice); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1032 (C.D. Cal. 2015) (taking judicial notice of Form 10-K filed with SEC).

## III.    CONCLUSION

Defendants respectfully request that the Court deem **Exhibits 1-7** to the Declaration of Colleen C. Smith incorporated by reference and/or subject to judicial notice and consider them in connection with Defendants' Motions to Dismiss.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

US-DOCS\148304424

2

REQUEST FOR JUDICIAL NOTICE ISO OWLET DEFS.'
MOTION TO DISMISS 14(a) COMPLAINT
Case No. 2:21-cv-09016-FLA-JEM

Dated:  February 9, 2024

Respectfully submitted,

LATHAM & WATKINS LLP
  Colleen C. Smith
  Meryn C. N. Grant
  Michele D. Johnson

By: */s/ Colleen C. Smith*
  Colleen C. Smith

*Attorneys for Defendants Owlet, Inc. f/k/a Sandbridge Acquisition Corporation, Kurt Workman, and Kate Scolnick*