POMERANTZ LLP
Tamar A. Weinrib
taweinrib@pomlaw.com
600 Third Avenue, 20th floor
New York, New York 10016
Telephone: (646) 581-9973

*Lead Counsel for Lead Plaintiff Drew
Conant and the Section 14(a) Class*

*Additional Counsel on Signature Page*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated, | Case No.: 2:21-cv-09016-FLA-SSC |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO REQUEST FOR JUDICIAL NOTICE** |
| v. | |
| OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, KURT WORKMAN, KATE SCOLNICK, KEN SUSLOW, RICHARD HENRY, DOMENICO DE SOLE, RAMEZ TOUBASSY, JAMIE WEINSTEIN, KRYSTAL KAHLER, and MICHAEL F. GOSS, | Hearing Date: May 31, 2024<br>Time:            1:30 P.M.<br>Courtroom:    6B<br>Judge:          Hon. Fernando L. Aenlle-Rocha |
| Defendants. | |

OPPOSITION TO REQUEST FOR JUDICIAL NOTICE

## I.  INTRODUCTION

Lead Plaintiff Drew Conant ("Plaintiffs") respectfully objects in part to the Request for Incorporation by Reference and Judicial Notice in Support of Defendants' Motions to Dismiss Plaintiff's Section 14(a) Complaint, filed on February 9, 2024, Doc. No. 93.

## II.  ARGUMENT

A fundamental tenet of U.S. civil procedure is that, in general, "district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint" that is challenged for failing to state a claim. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018) (citation omitted).  There are two narrow exceptions to this rule: (1) "the incorporation-by-reference doctrine" and (2) "judicial notice under Federal Rule of Evidence 201." *Id.*  The exceptions are narrow because the "unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery." *Id.* at 1003. Indeed, the *Khoja* court specifically admonished "a concerning pattern in securities cases," *id.* at 998, wherein parties moving against a securities complaint attempt "to short-circuit the resolution of a well-pleaded claim," *id.* at 1003, attempting "improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id.* at 998.

Defendants ask this Court to consider exhibits 1, 3, 4, and 5, captured using the Internet Archive's Wayback Machine, none of which are referenced in the Complaint.

Without a single citation in support, Defendants argue that because the Owlet website is mentioned in two paragraphs of the Complaint, that means that every page on the website from any time frame, whether or not specifically referenced in the Complaint, falls under the incorporation by reference doctrine.  Such a position is untenable and runs afoul of the purpose of the incorporation by reference doctrine.  Alternatively, Defendants argue that the Court can take judicial notice of the Wayback Machine exhibits.  However, courts in this Circuit have routinely rejected requests for judicial notice of website pages captured using the Wayback Machine because "the court cannot conclude at this time that the contents of these web pages are facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Lindsay v. Shree Enter., LLC*, 2021 U.S. Dist. LEXIS 123753, *7 (E.D. Ca. 2021); *Virun, Inc. v. Cymbiotika, Inc*., 2022 U.S. Dist. LEXIS 172313, *9-10 (C.D. Ca. 2022).

## III.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' request for judicial notice as to Exhibits 1, 3, 4, and 5.

Dated: March 22, 2024                     Respectfully submitted,

**POMERANTZ LLP**

By: /s/ Tamar A. Weinrib
Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (646) 581-9973
Facsimile: (917) 463-1044

taweinrib@pomlaw.com

Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

***Lead Counsel for Lead Plaintiff and the Section 14(a) Class***