KESSLER TOPAZ MELTZER
  & CHECK, LLP
JENNIFER L. JOOST (296164)
One Sansome Street, Suite 1850
San Francisco, CA  94104
Telephone:  415/400-3000
415/400-3001 (fax)
jjoost@ktmc.com

Counsel for Lead Plaintiff Dr. Thomas E. Tweito
and Lead Counsel for the Section 10(b) Class

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN (190812)
ASHLEY M. PRICE (281797)
JUSTIN GARY OETTING (350807)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
aprice@rgrdlaw.com
joetting@rgrdlaw.com

Additional Counsel for the Section 10(b) Class

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, et al.,<br><br>                    Defendants. | Case No. 2:21-cv-09016-FLA(SSCx)<br><br>Consolidated with Case No. 2:21-cv-09293-FLA (JEMx)<br><br><u>CLASS ACTION</u><br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S SECTION 10(b) COMPLAINT |

4857-0544-6062.v2

Plaintiff respectfully submits this response to Defendants' Request for Incorporation by Reference and Judicial Notice in Support of Owlet Defendants' Motion to Dismiss Plaintiff's Section 10(b) Complaint ("RJN") (ECF 91).[1] Defendants have improperly referenced facts and documents in their Motion and ask the Court to accept those facts and documents as true, which the Court is not permitted to do under established law.  At the same time, Defendants' Motion mischaracterizes those facts and documents in an apparent attempt to improperly influence the Court's view of the Complaint's allegations.  The Court should strike those documents, or alternatively, convert Defendants' Motion into a motion for summary judgment and allow Plaintiff to take discovery.

## I.    LEGAL STANDARD

At the pleading stage, the Court's analysis is confined to the Complaint, with exceptions only for materials that are the proper subject of judicial notice or incorporation by reference. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Under the incorporation-by-reference doctrine, a court may consider extrinsic evidence on which a complaint ""necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.'" *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *see also No. 84 Emp.- Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003) (The incorporation-by-reference doctrine allows the court to consider documents "referenced in the complaint and whose authenticity has not been questioned.").

---

[1] Defined terms are identified in the Table of Abbreviations in the Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss Plaintiff's Section 10(b) Complaint, filed herewith.  Additionally, citations are omitted and emphasis is added throughout unless otherwise noted.

- 1 -

4857-0544-6062.v2

Judicial notice offers only a narrow exception to the general rule that the evaluation of a complaint on a motion to dismiss is limited to the allegations set forth in the complaint, which are taken as true. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). A court may, on its own, judicially notice a fact, but the fact may not be "subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be . . . readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Even if a document qualifies as a public record, courts "cannot take judicial notice of disputed facts" in the documents. *Khoja*, 899 F.3d. at 999; *see In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.").

Thus, if extrinsic documents are considered, courts cannot use judicial notice or incorporation by reference to establish the truth of the representations contained therein. *Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."); *Lee*, 250 F.3d at 690 (Courts may not take judicial notice "'for the truth of the facts recited therein.'"); *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1160 (C.D. Cal. 2008) (taking judicial notice of prospectuses filed with the SEC "but not for the truth of the matters asserted therein"). Thus, courts must reject "the unscrupulous use of extrinsic documents to resolve competing theories against the complaint" so as to avoid "premature[ly] dismiss[ing] . . . plausible claims that may turn out to be valid after discovery." *Khoja*, 899 F.3d at 998.

When material outside the complaint is presented to and not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56 [and] [a]ll parties must be given a reasonable opportunity to present all the material that is

- 2 -

4857-0544-6062.v2

pertinent to the motion." Fed. R. Civ. P. 12(d); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).

## II. DEFENDANTS' REQUESTS SHOULD BE DENIED

Defendants' improper request that the Court consider five documents extrinsic to the Complaint when deciding Defendants' Motion must be denied.

### A. Exhibits 1, 3, 4, and 5

Defendants concede that Exhibits 1, 3, 4, and 5 to their Motion were not incorporated by reference. RJN at 4. Yet Defendants improperly suggest that the Court may nevertheless judicially notice these Exhibits even though they are not "generally known within the trial court's territorial jurisdiction," and they cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201.

For example, Defendants seek judicial notice of screenshots of Owlet's website obtained from the WayBack Machine in 2014. RJN at 4.[2] Yet, these Exhibits are offered to dispute the allegations in the Complaint, contrary to the well-established principle that courts must "accept as true" the facts in a complaint. *See* Mtn. at 5-7; *Tracht Gut*, 836 F.3d. at 1150. Exhibit 1 fails to meet the requirements for judicial notice under Federal Rule of Evidence 201 because it is being used to draw a factual contention about Smart Sock's intended use, which goes to the ultimate issue of whether Owlet misrepresented that the Smart Sock was not a medical device. *See* Mtn. at 5. Likewise, the disclaimers in Exhibits 3, 4, and 5 fail to meet the requirements for judicial notice because they are also offered to dispute the Smart Sock's "intended use" as a medical device, which goes to the falsity. *See id.* at 6-7.

---

[2] Notably, the Complaint has not cited a single one of the web pages identified in Exhibit 1. Moreover, "when a complaint references a website, it does not necessarily incorporate by reference each page on the website." *Experian Info. Sols., Inc. v. LifeLock, Inc.*, 2008 WL 11410036, at *3 (C.D. Cal. Aug. 4, 2008) (declining to incorporate by reference a website page even though the complaint cited other pages from the same website).

- 3 -

4857-0544-6062.v2

Defendants' own citation supports Plaintiff's point.  There, the court in *Metricolor LLC v. L'oréal S.A.* rejected defendant's request for judicial notice:

> [E]ven were the Court to take judicial notice of the various Wayback Machine documents that L'Oréal provides, and even were the Court to look to the information disclosed by Metricolor's patent applications, the question of whether that information defeats Metricolor's claims that its technology was "confidential" is a question of fact that is more appropriately decided on a motion for summary judgment.

2020 WL 3802942, at *7 (C.D. Cal. July 7, 2020).  Likewise, here, the question of whether Owlet's promotional material supports a finding about the Smart Sock's proper designation as a medical device or a general wellness product is a question of fact reserved for summary judgment.

Likewise, Defendants' citation to *Abundant Living Fam. Church v. Live Design, Inc.*, provides no basis to judicially notice the requested Exhibits here.  In that case, the court permitted judicial notice of website printouts (1) depicting official government documents, and (2) for the purpose of taking judicial notice "that the websites exist, but not [to] judicially notice specific facts contained in the websites." 2022 WL 14708949, at *2 (C.D. Cal. Oct. 24, 2022).  Notably, moreover, for the latter category, plaintiff did not dispute the request.  Here, though, the Exhibits are not official government documents, but are printed from past renditions of Owlet's website.  And they are offered for purposes of seeking judicial notice of the facts purportedly "contained in" them.  *Id.*  Because Defendants seek to use these Exhibits in support of facts that are disputed, judicial notice cannot be taken.  *See Khoja*, 899 F.3d at 999; *Tracht Gut*, 836 F.3d. at 1150.[3]

---

[3]   Nevertheless, these Exhibits support the theory of liability actually pled – *i.e.*, that the Smart Sock was a medical device and not a general wellness product because it included an alarm notifying parents when a baby's oxygen levels or heart rate fell below preset levels.  For instance, Exhibit 1 states: "Alerts when needed and nothing more. . . . We have worked hard to perfect our alarm strategy.  Owlet alerts you if something appears wrong with your baby's heart rate or the amount of oxygen in his/her body."  Likewise, Exhibit 4 states: "If your baby's readings leave preset 'safe' zones, the Smart Sock will immediately notify you that your baby needs attention."

- 4 -

4857-0544-6062.v2

Thus, because Defendants have offered these documents in their Motion for the sole purpose of disputing the factual allegations of the Complaint (*see* Mtn. at 5-7), the Court should deny Defendants' request for judicial notice. Alternatively, should the Court admit these Exhibits, the Motion should be converted to one for summary judgment and the Court should permit discovery.

**B.     Exhibit 2**

Exhibit 2 should also be excluded from consideration of the sufficiency of the Complaint because it is neither incorporated by reference nor subject to judicial notice. Exhibit 2 cannot be incorporated by reference because the document was not publicly available until Defendants appended it to their Motion. Because Plaintiff had not even seen the letter when filing the Complaint, there is no basis for its incorporation by reference – something Defendants do not dispute. Instead, they claim that this letter represents the correspondence from 2016 that is referenced in the publicly available Warning Letter, which is quoted in the Complaint. However, the FDA's Warning Letter described a back and forth with Defendants regarding the wellness product exception, which is not even discussed in Exhibit 2. *See* ¶204.

Moreover, even if Exhibit 2 could be judicially noticed, it cannot be used to dispute the facts in the Complaint, which would impermissibly require the Court to "resolv[e] factual disputes at the pleading stage." *Khoja*, 899 F.3d at 1003. Yet this is exactly how Defendants have used Exhibit 2 in their Motion: they dispute the content of the letter by mischaracterizing it as the FDA's "tentative view" and as a mere invitation to "correspond with the FDA . . . and explain its position." Mtn. at 11. Plaintiff does not dispute that the FDA was the source of the letter or that the FDA sent the letter to Owlet, but rather, Plaintiff disagrees with Defendants' characterization of the FDA's communication and its significance in relation to Defendants' public disclosures. Defendants improperly solicit the Court to prematurely resolve a factual dispute regarding the implication of the letter's contents.

- 5 -

4857-0544-6062.v2

The Court should decline to do so, or else convert the Motion to one for summary judgment and permit Plaintiff to take discovery on the issue.

## III.   CONCLUSION

Where Defendants have offered the Exhibits for the truth asserted, they should be stricken and disregarded.  If the Court accepts Defendants' Exhibits for the truth asserted, then under Federal Rule of Civil Procedure 12(d), the Motion has been converted into one for summary judgment and Plaintiff should have the opportunity to conduct discovery.

DATED:  March 22, 2024

KESSLER TOPAZ MELTZER
  & CHECK, LLP
JENNIFER L. JOOST (296164)


s/ Jennifer L. Joost
JENNIFER L. JOOST

One Sansome Street, Suite 1850
San Francisco, CA  94104
Telephone:  415/400-3000
415/400-3001 (fax)
jjoost@ktmc.com

Counsel for Lead Plaintiff Dr. Thomas E. Tweito and Lead Counsel for the Section 10(b) Class

ROBBINS GELLER RUDMAN
  & DOWD LLP
DEBRA J. WYMAN
ASHLEY M. PRICE
JUSTIN GARY OETTING
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
aprice@rgrdlaw.com
joetting@rgrdlaw.com

Additional Counsel for the Section 10(b) Class

- 6 -

4857-0544-6062.v2

SCHALL LAW FIRM
BRIAN SCHALL (290685)
1880 Century Park East, Suite 404
Los Angeles, CA 90067
Telephone: 310/301-3335
310/338-0192 (fax)
brian@schallfirm.com

Additional Counsel

- 7 -

4857-0544-6062.v2