LATHAM & WATKINS LLP
   Michele D. Johnson (CA Bar No. 198298)
   *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

   Colleen C. Smith (CA Bar No. 231216)
   *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
Telephone: +1.858.523.5400
Facsimile: +1.858.523.5450

   Meryn C. N. Grant (CA Bar No. 291315)
   *meryn.grant@lw.com*
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Telephone: +1.213.485.1234
Facsimile: +1.213.891.8763

*Attorneys for Defendants Owlet, Inc. f/k/a
Sandbridge Acquisition Corporation and
Kurt Workman*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, and KURT WORKMAN,<br><br>Defendants. | Case No. 2:21-cv-09016-FLA-SSCx<br><br>**DEFENDANTS OWLET, INC. AND KURT WORKMAN'S REPLY IN SUPPORT OF REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECTION 10(b) COMPLAINT**<br><br>Hearing Date: May 31, 2024<br>Time:     1:30 P.M.<br>Ctrm:     6B<br>Judge:   Hon. Fernando L. Aenlle-Rocha |

LATHAM & WATKINS LLP
ATTORNEYS AT LAW

## I.    INTRODUCTION

Defendants submitted five exhibits in connection with their Motion to Dismiss.  ECF No. 90; *see* Decl. of Colleen Smith, ECF No. 90-2, at 2 (summarizing the exhibits).  Each is subject to consideration at this stage under either the incorporation-by-reference doctrine or under judicial notice.  Plaintiff does not dispute the authenticity of any of the five exhibits Defendants seek to notice.  And Plaintiff's arguments against consideration of these exhibits are unavailing.

## II.    ARGUMENT

### A.    Exhibit 2 Is Incorporated by Reference[1]

Exhibit 2, an "It Has Come to Our Attention" letter from the FDA to Owlet dated January 5, 2016, is incorporated by reference for two independent reasons:  (1) "plaintiff refers extensively to the document" throughout the Complaint, and (2) "the document forms the basis of [] plaintiff's claim."  *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

First, Plaintiff "refers extensively" to the 2016 letter from the FDA by repeatedly citing it throughout the Complaint.  *See, e.g.*, Compl. ¶ 10 (referencing what the "FDA told Owlet privately" "in 2016"); *id.* ¶ 77 ("As a result, in 2016, the FDA began privately telling Owlet in written correspondence that the 'Smart Sock meets the definition of a device' . . . ."); *id.* ¶ 136 (alleging that Owlet "received written correspondence from the FDA in at least 2016" relating to the Smart Sock); *see also id.* ¶¶ 133, 138, 166, 169, 173, 176, 181, 188.  This Court has observed that "[t]o qualify as 'extensively referenced,' the complaint must cite the document at least more than once or quote from it at length."  *Callen v. Resonant Inc.*, 2023 WL 9348105, at *1 (C.D. Cal. Dec. 27, 2023) (incorporating a document referenced in ¶¶ 5, 7, 49-55, 57-83, 85-86 of a complaint).  Because Plaintiff's Complaint

---

[1] Notably, the Plaintiff asserting parallel claims under Section 14(a) does not contest that the 2016 letter is incorporated by reference in his Complaint, which echoes, in pertinent part, the descriptions of communications between the FDA and Owlet in the Section 10(b) Complaint.  *See* Plaintiff's Opposition to Request for Judicial Notice, ECF No. 110, at 1-2.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1

DEFS.' REPLY ISO REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS PL.'S 10(b) COMPLAINT
Case No. 2:21-cv-09016-FLA-SSCx

repeatedly and explicitly references the FDA's "private[]" communication with Owlet "in 2016," the letter is incorporated by reference. *See Ritchie*, 342 F.3d at 908.

In his Response to Defendants' Request for Judicial Notice, ECF No. 115 ("Response"), Plaintiff attempts to backtrack on the Complaint's many references to the 2016 letter in Exhibit 2, claiming that the Complaint alleges only a broader "back and forth" between Owlet and the FDA. *See* Response at 5. That retelling does not accord with Plaintiff's assertions in the Complaint, which purports to quote from correspondence the FDA sent to Owlet in 2016. *See, e.g.*, Compl. ¶ 188 ("In a 2016 private written correspondence, the FDA explicitly informed Owlet that the 'Smart Sock meets the definition of a device . . . .'"). Plaintiff additionally argues that "Exhibit 2 cannot be incorporated by reference because the document was not publicly available until Defendants appended it to their Motion." Response at 5. But neither party cites any case law, and we are aware of none, that requires a document to be publicly available to meet the criteria for incorporation by reference. *See, e.g.*, *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (nowhere conditioning the incorporation-by-reference doctrine on the public availability of a document); *see also Perun v. Carrington Mortg. Servs., LLC*, 2021 WL 3726538, at *2 (N.D. Cal. Aug. 23, 2021) (incorporating by reference a nonpublic letter that plaintiff claimed he never received).

Second, the 2016 "It Has Come to Our Attention" letter is incorporated by reference because it indisputably "forms the basis of [] plaintiff's claim." *Ritchie*, 342 F.3d at 908. Under Ninth Circuit precedent, incorporation by refence extends to "situations in which the plaintiff's claims depends on the contents of a document . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporating by reference "surrounding web pages" that contextualized the allegations in the complaint); *see also Khoja*, 899 F.3d at 1002 (citing *Knievel*).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2

DEFS.' REPLY ISO REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS PL.'S 10(b) COMPLAINT
Case No. 2:21-cv-09016-FLA-SSCx

Plaintiff's theories of falsity and scienter—and, in particular, his misplaced contention that Defendants knew the FDA's definitive position regarding Smart Sock—depend on the 2016 letter from the FDA to Owlet. Plaintiff asserts that the allegedly false and misleading statements were "materially misleading because the FDA had informed Owlet in at least 2016 and 2017 that the Smart Sock with the alarm feature was a medical device." Compl. ¶¶ 166, 181. And Plaintiff contends that "Defendants knew or were deliberately reckless in not knowing [that the FDA believed that the Smart Sock needed to be regulated] given . . . receipt of the FDA correspondence in at least 2016 and 2017." *Id.* ¶ 133; *see also id.* ¶ 188. Plaintiff cannot both assert that Defendants' statements were knowingly misleading based on the 2016 letter and simultaneously oppose consideration of the letter at this stage. As the Ninth Circuit has explained, the "policy concern underlying the" rule is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *Khoja*, 899 F.3d at 1002.

In the alternative, Plaintiff argues that "even if Exhibit 2 could be judicially noticed" it cannot be used to dispute allegations in the Complaint. Response at 5 (citing *Khoja*, 899 F.3d at 1005)). However, *Khoja* "does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020). And "nothing in *Khoja* prevents this Court from analyzing an alleged false statement in context." *Id.* Here, Defendants provide the 2016 letter to the Court in order to contextualize Plaintiff's allegation that Defendants' 2021 statements were false—and to explain why Plaintiffs have failed to allege facts showing that Owlet's statements regarding the Smart Sock, its regulatory status, and the risks of an FDA Warning Letter were false or misleading when made.

Plaintiff cannot feature the 2016 communication from the FDA to Owlet in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

DEFS.' REPLY ISO REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS PL.'S 10(b) COMPLAINT
Case No. 2:21-cv-09016-FLA-SSCx

3

the Complaint and then attempt to shield this communication from the Court. Exhibit 2 is incorporated by reference in the Complaint, and the Court may consider it.

**B.    Exhibits 1, 3, 4, and 5 Are Subject to Judicial Notice**

Exhibits 1, 3, 4, and 5, which are screenshots from Owlet's website, are subject to judicial notice.  "Courts may take judicial notice that the information contained in sources such as news articles, press releases, and webpages was available to the public." *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *8-9 (C.D. Cal. Mar. 5, 2021) (taking judicial notice of webpages available on the Wayback Machine).  Because the webpage captures from Owlet's website were all available to the public via the Wayback Machine—an online repository whose authenticity Plaintiff does not question—they are subject to judicial notice.

Plaintiff does not dispute this general principle and instead raises two inapt arguments against taking judicial notice of these exhibits.

First, Plaintiff argues that judicial notice is inappropriate because the "[e]xhibits are offered to dispute the allegations in the Complaint" and courts must "accept as true the facts in a complaint."  Response at 3 (quotations omitted). Plaintiff offers no support for the argument that judicial notice improper where a document subject to notice may undermine a Complaint's allegations.  Indeed, the only authority Plaintiff cites for this argument does not discuss judicial notice at all. *See* Response at 3 (citing *In re Tracht Gut, LLC*, 836 F.3d 1146 (9th Cir. 2016)). Instead, this Court has made clear that it "need not accept as true allegations that contradict matters properly subject to judicial notice or established by exhibits attached to the complaint."  *Ronk v. Hudson*, 2023 WL 9226930, at *2 (C.D. Cal. Nov. 13, 2023); *see also MDR Hotels, LLC v. Dow Chem. Co.*, 2021 WL 3519861, at *4 (C.D. Cal. Apr. 20, 2021) ("A court may, however, consider certain materials— documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the [Rule 12(b)(6)

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW

4

DEFS.' REPLY ISO REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS PL.'S 10(b) COMPLAINT
Case No. 2:21-cv-09016-FLA-SSCx

motion to dismiss into a motion for summary judgment.") (quotations omitted).

Second, Plaintiff argues that the exhibits are being offered "for purposes of seeking judicial notice of the facts purportedly contained in them," Response at 4 (quotations omitted), but that argument misconstrues Defendants' request. Contrary to Plaintiff's assertions, Defendants do not seek notice for the *truth* of the assertions on the webpages or the ultimate question of the Smart Sock's intended use. Instead, Defendants cite these exhibits only to demonstrate how Owlet was publicly marketing the Smart Sock, and to show that Owlet made changes to its website marketing following the FDA's issuance of its 2016 "It Has Come to Our Attention" letter. Defendants narrowly request that the court take judicial notice of the fact that the public Owlet website contained the content shown in the exhibits—which courts do regularly. *See Garcia*, 2021 WL 1558331, at *8-9 (taking "judicial notice of the fact that the information contained in [archived webpages] was reported publicly").

## III. CONCLUSION

Defendants respectfully request that the Court deem **Exhibits 1-5** to the Declaration of Colleen C. Smith incorporated by reference and/or subject to judicial notice and consider them in connection with Defendants' Motion to Dismiss.

Dated: May 10, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Colleen C. Smith*
    Colleen C. Smith

*Attorneys for Defendants Owlet, Inc. f/k/a Sandbridge Acquisition Corporation and Kurt Workman*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

5

DEFS.' REPLY ISO REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS PL.'S 10(b) COMPLAINT
Case No. 2:21-cv-09016-FLA-SSCx