LATHAM & WATKINS LLP
  Michele D. Johnson (CA Bar No. 198298)
   *michele.johnson@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

   Colleen C. Smith (CA Bar No. 231216)
    *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
Telephone:  +1.858.523.5400
Facsimile:  +1.858.523.5450

    Meryn C. N. Grant (CA Bar No. 291315)
     *meryn.grant@lw.com*
 355 South Grand Avenue, Suite 100
 Los Angeles, CA 90071-1560
 Telephone:  +1.213.485.1234
 Facsimile:  +1.213.891.8763

*Attorneys for Defendants Owlet, Inc. f/k/a Sandbridge Acquisition Corporation, Kurt Workman, and Kate Scolnick*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, KURT WORKMAN, KATE SCOLNICK, KEN SUSLOW, RICHARD HENRY, DOMENICO DE SOLE, RAMEZ TOUBASSY, JAMIE WEINSTEIN, KRYSTAL KAHLER, and MICHAEL F. GOSS,<br><br>Defendants. | Case No. 2:21-cv-09016-FLA-SSCx<br><br>**DEFENDANTS OWLET, INC., KURT WORKMAN, AND KATE SCOLNICK'S REPLY IN SUPPORT OF REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECTION 14(a) COMPLAINT**<br><br>Hearing Date:  May 31, 2024<br>Time:    1:30 P.M.<br>Ctrm:    6B<br>Judge:   Hon. Fernando L. Aenlle-Rocha |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

DEFS.' REPLY ISO REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS PL.'S 14(a) COMPLAINT
Case No. 2:21-cv-09016-FLA-SSCx

Defendants submitted seven exhibits in connection with their Motion to Dismiss. ECF No. 92; *see* Decl. of Colleen Smith, ECF No. 92-1, at 2-3 (summarizing the exhibits). Each is subject to consideration at this stage either under the incorporation-by-reference doctrine or pursuant to judicial notice. Plaintiff does not dispute the authenticity of any of the seven exhibits Defendants seek to notice, and does not oppose consideration of Exhibits 2, 6, and 7. Plaintiff challenges only consideration of Exhibits 1, 3, 4, and 5, and his arguments are unavailing.

Exhibits 1, 3, 4, and 5, which are screenshots from Owlet's website, are subject to judicial notice. "Courts may take judicial notice that the information contained in sources such as news articles, press releases, and webpages was available to the public." *Garcia v. J2 Glob., Inc.*, 2021 WL 1558331, at *8-9 (C.D. Cal. Mar. 5, 2021) (taking judicial notice of webpages available on the Wayback Machine). Because the webpage captures from Owlet's website were all available to the public via the Wayback machine, they are subject to judicial notice.

Plaintiff's sole argument against taking judicial notice of these exhibits is that "courts in this Circuit have routinely rejected requests for judicial notice of website pages captured using the Wayback Machine." ECF No. 110 at 2. Plaintiff cites two non-binding cases in support of this argument. In the first case, *Lindsay v. Shree Enter., LLC*, 2021 WL 2711225 (E.D. Cal. July 1, 2021), the use of Wayback Machine was not dispositive, as the court primarily declined to take judicial notice of the exhibits because "[n]one of the proffered screenshots date from the relevant time period." *Id.* at *3. In the second case, *Virun, Inc. v. Cymbiotika, Inc.*, 2022 WL 17371057 (C.D. Cal. Aug. 18, 2022), the court acknowledged that "there is no clear consensus in this Circuit as to whether . . . Wayback Machine constitutes a source 'whose accuracy cannot reasonably be questioned . . . .'" *Id.* at *4, n.4 (noting contrary authority). Yet again, the mere use of Wayback Machine was not dispositive, as the court noted that even if the "screenshots could survive the first stage of [the judicial notice] inquiry, [they] would fail at the second" because the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

1

DEFS.' REPLY ISO REQUEST FOR JUDICIAL NOTICE
ISO MOTIONS TO DISMISS PL.'S 14(a) COMPLAINT
Case No. 2:21-cv-09016-FLA-SSCx

defendants were presenting for their truth disputed facts from these exhibits. *Id.*

These decisions represent the inapt minority. As the court has made clear, "district courts in this circuit have routinely taken judicial notice of the content from the Internet Archive's Wayback Machine pursuant to [Rule 201(c)(1)]." *U.S. ex rel. Hong v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016) (collecting cases). This Court has also previously taken judicial notice of Wayback Machine screenshots at the motion to dismiss stage, and Plaintiff has not provided this Court with any binding case law or reasoning for this Court to depart from its practice here. *See Garcia*, 2021 WL 1558331 at *8-9. Furthermore, Plaintiff does not challenge the authenticity of Exhibits 1, 3, 4, and 5, or provide the Court with any reason to doubt the accuracy of those screenshots.

Defendants respectfully request that the Court deem **Exhibits 1-7** to the Declaration of Colleen C. Smith incorporated by reference and/or subject to judicial notice and consider them in connection with Defendants' Motion to Dismiss.

Dated: May 10, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Colleen C. Smith*
     Colleen C. Smith

*Attorneys for Defendants Owlet, Inc. f/k/a Sandbridge Acquisition Corporation, Kurt Workman, and Kate Scolnick*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW

2

DEFS.' REPLY ISO REQUEST FOR JUDICIAL NOTICE
ISO MOTION TO DISMISS PL.'S 14(a) COMPLAINT
Case No. 2:21-cv-09016-FLA-SSCx