LATHAM & WATKINS LLP
Colleen C. Smith (CA Bar No. 231216)
colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone:  +1.858.523.5400 / Fax:  +1.858.523.5450

Meryn C. N. Grant (CA Bar No. 291315)
meryn.grant@lw.com
355 South Grand Avenue, Suite 100
Los Angeles, CA 90071-1560
Telephone:  +1.213.485.1234 / Fax: +1.213.891.8763

Michele D. Johnson (CA Bar No. 198298)
michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235 / Fax: +1.714.755.8290

Christopher S. Turner (Pro Hac Vice)
christopher.turner@lw.com
555 Eleventh Street, Suite 1000
Washington, DC 20004-1304
Telephone: + 1.202.637.2200 / Fax: +1.202.637.2201

*Attorneys for Defendants Owlet, Inc. f/k/a Sandbridge Acquisition Corporation, Kurt Workman, and Kate Scolnick*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, KURT WORKMAN, KATE SCOLNICK, KEN SUSLOW, RICHARD HENRY, DOMENICO DE SOLE, RAMEZ TOUBASSY, JAMIE WEINSTEIN, KRYSTAL KAHLER, and MICHAEL F. GOSS,<br><br>Defendants. | Case No. 2:21-cv-09016-FLA-SSCx<br><br>**OWLET DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE AMENDED CONSOLIDATED COMPLAINT** |

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

1

Defendants Owlet, Inc., Kurt Workman, and Kate Scolnick (collectively, "Owlet Defendants") by and through their counsel of record, respectfully submit the following Answer and Affirmative Defenses to the Amended Consolidated Complaint for Violation of the Federal Securities Laws (hereinafter "Complaint"), filed by Plaintiff on December 22, 2023.

The Court's August 5, 2024 Order (Dkt. 124) directed the Owlet Defendants to file an Answer to this Complaint within 14 days of that Order. The Order also granted Plaintiff 14 days to amend his Complaint. Plaintiff has advised the Owlet Defendants that he intends to amend his Complaint and to file on August 19, 2024 a Second Amended Consolidated Complaint in this action. This Second Amended Consolidated Complaint will become Plaintiff's operative complaint in this action and will render the Complaint obsolete. Nonetheless, Plaintiff has insisted that the Owlet Defendants file an Answer to this Complaint on August 19—even though Plaintiff expects to amend and render this Complaint obsolete on that same day.

If Plaintiff amends and files a Second Amended Consolidated Complaint in this action, this Answer will be mooted and the Owlet Defendants will respond to that new complaint in accordance with the deadlines and process set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

Owlet Defendants' responses are made upon information and belief and may change subject to further investigation. Owlet Defendants expressly reserve the right to amend their Answer, or seek leave to amend their Answer, and to modify and/or assert all claims, defenses, counterclaims and third-party claims permitted by law. Owlet Defendants deny that the preliminary statement requires a response. To the extent a response is required, Owlet Defendants deny the allegations in the preliminary statement. And to the extent that Plaintiff's preliminary statement contains conclusions of law or argument, such statements require no response.

Owlet Defendants state upon information and belief as follows:

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

**Answering "Nature of the Action and Overview"**

1.     Owlet Defendants admit that the First Amended Complaint purports to assert claims arising under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and SEC Rule 14a-9 promulgated thereunder.  Owlet Defendants deny the allegations in Paragraph 1 to the extent they purport to assert that there is a basis in fact or law for Plaintiff's claims.  To the extent that Paragraph 1 contains other conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 1.

2.     To the extent that Paragraph 2 contains conclusions of law or argument, such statements require no response.  Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis deny the allegations.

3.     Owlet Defendants admit the allegations in Paragraph 3 and Footnote 1 to Paragraph 3.

4.     Owlet Defendants admit that at the time of the de-SPAC Merger, Owlet marketed and sold the Smart Sock, a baby monitor assisting with sleep.  Owlet Defendants admit that the Smart Sock monitored vital signs in newborns and produced sleep reports.  Owlet Defendants deny the remaining allegations in Paragraph 4.

5.     Owlet Defendants admit that the Smart Sock was able to alert parents regarding infants' vital signs.  Owlet Defendants deny the remaining allegations in Paragraph 5.

6.     To the extent that Paragraph 6 contains conclusions of law or argument, such statements require no response.  To the extent that Paragraph 6 refers to or seeks to quote the contents of specific documents, such documents speak for themselves. Owlet Defendants deny the remaining allegations in Paragraph 6.

7.     To the extent that Paragraph 7 contains conclusions of law or argument, such statements require no response.  Owlet Defendants admit that Owlet received

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

3

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

a warning letter from the FDA on October 1, 2021, and announced receipt of that warning letter to the market on the next business day, October 4, 2021. To the extent that Paragraph 7 refers to and seeks to quote the contents of such warning letter, such public document speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 7.

8. Owlet Defendants admit that Owlet's stock price fell $1.29 from close on October 1, 2021, to close at $4.19 on October 4, 2021. Owlet Defendants deny the remaining allegations in Paragraph 8.

9. To the extent that Paragraph 9 contains conclusions of law or argument, such statements require no response. To the extent that Paragraph 9 refers to and seeks to quote the contents of specific documents, such documents speak for themselves. Owlet Defendants deny the remaining allegations in Paragraph 9.

10. To the extent that Paragraph 10 contains conclusions of law or argument, such statements require no response. Owlet Defendants deny the remaining allegations in Paragraph 10.

### Answering "Jurisdiction & Venue"

11. To the extent that Paragraph 11 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit that Plaintiff purports to invoke the Court's jurisdiction under 28 U.S.C. §§ 1331, and Section 27 of the Exchange Act. Owlet Defendants otherwise deny the allegations in Paragraph 11.

12. To the extent that Paragraph 12 contains conclusions of law or argument, such statements require no response. Owlet Defendants otherwise deny the allegations in Paragraph 12.

13. To the extent that Paragraph 13 contains conclusions of law or argument, such statements require no response. Owlet Defendants otherwise deny the allegations in Paragraph 13.

14. To the extent that Paragraph 14 contains conclusions of law or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

argument, such statements require no response.  Owlet Defendants otherwise deny the allegations in Paragraph 14.

### **Answering "Parties"**

15. To the extent that Paragraph 15 contains conclusions of law or argument, such statements require no response. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 regarding Plaintiff Drew Conant ("Plaintiff"), and on that basis deny the allegations. Owlet Defendants deny the remaining allegations in Paragraph 15.

16. Owlet Defendants admit the allegations in Paragraph 16.

17. Owlet Defendants admit the allegations in Paragraph 17.

18. Owlet Defendants admit that Kate Scolnick was the Chief Financial Officer ("CFO") of Owlet from 2021 to 2024.

19. To the extent that Paragraph 19 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 19.

20. To the extent that Paragraph 20 contains conclusions of law or argument, such statements require no response.  Owlet Defendants admit that Ken Suslow was the Chairman of the Board of Directors of Sandbridge.  Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and on that basis deny the allegations.

21. To the extent that Paragraph 21 contains conclusions of law or argument, such statements require no response.  Owlet Defendants admit that Richard Henry was the Chief Financial Officer, Principal Financial and Accounting Officer of Sandbridge.  Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and on that basis deny the allegations.

22. To the extent that Paragraph 22 contains conclusions of law or argument, such statements require no response.  Owlet Defendants admit that

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Domenico De Sole was a director of Sandbridge. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and on that basis deny the allegations.

23.    To the extent that Paragraph 23 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit that Ramez Toubassy was a director of Sandbridge. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and on that basis deny the allegations.

24.    To the extent that Paragraph 24 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit that Jamie Weinstein was a director of Sandbridge. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24, and on that basis deny the allegations.

25.    To the extent that Paragraph 25 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit that Krystal Kahler was a director of Sandbridge. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, and on that basis deny the allegations.

26.    To the extent that Paragraph 26 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit that Michael F. Goss was a director of Sandbridge. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and on that basis deny the allegations.

27.    Owlet Defendants admit the allegations in Paragraph 27.

**Answering "Confidential Witnesses"**

28.    Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28, and on that basis deny the allegations. To the extent Footnote 2 contains conclusions of law or argument, such

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

statements require no response. Owlet Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Footnote 2.

29. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29, and on that basis deny the allegations.

30. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis deny the allegations.

31. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and on that basis deny the allegations.

**Answering "Substantive Allegations – Background – The De-SPAC Transaction"**

32. To the extent that Paragraph 32 contains conclusions of law or argument, such statements require no response. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and on that basis deny the allegations.

33. To the extent that Paragraph 33 contains conclusions of law or argument, such statements require no response. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and on that basis deny the allegations.

34. To the extent that the allegations in Paragraph 34 refer to and quote the contents of documented statements by SEC officials, such public statements speak for themselves. Owlet Defendants otherwise deny the remaining allegations in Paragraph 34.

35. To the extent that the allegations in Paragraph 35 and Footnote 3 refer to and quote the contents of an article by the New York Times, that article speaks

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

for itself. Owlet Defendants otherwise deny the remaining allegations in Paragraph 35.

36. Owlet Defendants admit the allegations in Paragraph 36.

37. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 with regards to Sandbridge's discretion, and on that basis deny the allegations. Owlet Defendants deny the remaining allegations in Paragraph 37.

38. To the extent that Paragraph 38 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit the remaining allegations in Paragraph 38.

39. To the extent that Paragraph 39 contains conclusions of law or argument, such statements require no response. To the extent the allegations in Paragraph 39 refer to and quote the contents of the Sandbridge Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants otherwise deny the remaining allegations in Paragraph 39.

40. To the extent the allegations in Paragraph 40 refer to and quote the contents of the Sandbridge Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis deny the allegations.

### Answering "Owlet's Flagship Smart Sock Device"

41. Owlet Defendants admit that Owlet designs and sells products and services for parents to monitor their children. Owlet Defendants admit that Owlet began selling the Smart Sock, a baby monitor, in 2015. Owlet admits that the Smart Sock has various monitoring and reporting features. To the extent the allegations in Paragraph 41 refer to and quote the contents of the Sandbridge Proxy Statement, that publicly available filing speaks for itself. Owlet denies the remaining allegations in Paragraph 41.

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

8

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

42.    To the extent the allegations in Paragraph 42 refer to and quote the contents of financial analyst reports from Tigress Financial Company and Cowen, such public reports speak for themselves.  Owlet Defendants deny the remaining allegations in Paragraph 42.

## Answering "Defendants Flout FDA Regulations"

43.    Owlet Defendants admit that Owlet marketed and sold the Smart Sock as a monitor that tracks information about infants' heart rates and oxygen levels. Owlet Defendants deny the remaining allegations in Paragraph 43.

44.    To the extent that Paragraph 44 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 44.

45.    To the extent that Paragraph 45 and Footnotes 4 and 5 contain conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 45 and Footnote 4 purport to refer to and quote the contents of a YouTube video, that publicly available video speaks for itself.  Owlet Defendants admit that six Brigham Young University students, including Workman, took first place in the International Business Model Competition at Harvard University with the Owlet Baby Monitor.  Owlet Defendants deny the remaining allegations in Paragraph 45.

46.    To the extent that Paragraph 46 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 46 purport to refer to and quote the contents of a YouTube video, that publicly available video speaks for itself.  Owlet Defendants deny the remaining allegations in Paragraph 46.

47.    To the extent that Paragraph 47 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 47 purport to refer to and quote the contents of a YouTube video, that publicly available video speaks for itself.  Owlet Defendants deny the remaining

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

allegations in Paragraph 47.

48.    To the extent that Paragraph 48 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 48 purport to refer to and quote the contents of a YouTube video, that publicly available video speaks for itself.  Owlet Defendants deny the remaining allegations in Paragraph 48.

49.    Owlet Defendants admit that Workman and his team were awarded $25,000 for their submission, and co-founded Owlet, which was later incorporated as Owlet Baby Care, Inc., in February 2014.  Owlet Defendants deny the remaining allegations in Paragraph 49.

50.    To the extent that the allegations in Paragraph 50 refer to and quote the contents of an August 26, 2013 press release, that publicly available document speaks for itself.  Owlet Defendants deny the remaining allegations in Paragraph 50.

51.     To the extent that the allegations in Paragraph 51 refer to and quote the contents of an August 26, 2013 press release, that publicly available document speaks for itself.  Owlet Defendants deny the remaining allegations in Paragraph 51.

52.    To the extent that the allegations in Paragraph 52 refer to and quote the contents of an August 26, 2013 press release, that publicly available document speaks for itself.  Owlet Defendants deny the remaining allegations in Paragraph 52.

53.    To the extent that Paragraph 53 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 53 refer to and quote the contents of an August 26, 2013 press release, that publicly available document speaks for itself.  Owlet Defendants deny the remaining allegations in Paragraph 53.

54.    To the extent that Paragraph 54 and Footnote 7 contain conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 54 and Footnotes 6 and 7 refer to and quote the contents of an August 26, 2013 VentureBeat article, that publicly available article speaks for

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

10

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

itself.  Owlet Defendants otherwise deny the remaining allegations in Paragraph 54 and Footnote 7.

55.    To the extent that Paragraph 55 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 55 and Footnote 8 refer to and quote the contents of a 2014 medical journal publication, that publicly available publication speaks for itself.  Owlet Defendants otherwise deny the remaining allegations in Paragraph 55.

56.    To the extent that Paragraph 56 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 56 and Footnote 9 refer to a screenshot of the Owlet website accessed via the Wayback Machine Archive, that screenshot speaks for itself. Owlet Defendants otherwise deny the remaining allegations in Paragraph 56.

57.    To the extent that Paragraph 57 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 57 and Footnote 10 refer to an interview with the Center for Data Innovation, the publicly available transcript of that interview speaks for itself. Owlet Defendants otherwise deny the remaining allegations in Paragraph 57.

58.    To the extent that Paragraph 58 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 58 refer to an FDA announcement and draft guidance titled *General Wellness: Policy for Low Risk Devices*, the announcement and guidance speak for themselves.  Owlet Defendants otherwise deny the remaining allegations in Paragraph 58.

59.    To the extent that Paragraph 59 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 59.

60.    To the extent that Paragraph 60 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

11

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Paragraph 60 purport to refer to or quote publicly available materials, such documents speak for themselves. Owlet Defendants deny the remaining allegations in Paragraph 60.

61. To the extent that Paragraph 61 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 61 purport to refer to or quote publicly available materials, such documents speak for themselves. Owlet Defendants admit that Owlet launched the Smart Sock in October 2015. Owlet Defendants deny the remaining allegations in Paragraph 61.

62. To the extent that the allegations in Paragraph 62 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 62 purport to refer to or quote publicly available materials, such documents speak for themselves. Owlet Defendants admit that they contracted with Benchmark Electronics Inc. Owlet Defendants otherwise deny the remaining allegations in Paragraph 62.

63. To the extent that the allegations in Paragraph 63 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 63 purport to refer to or quote Owlet marketing materials or FDA guidance, those publicly available materials speak for themselves. Owlet Defendants deny the remaining allegations in Paragraph 63.

64. To the extent that the allegations in Paragraph 64 refer to and quote from retailers' websites, those publicly available websites speak for themselves. Owlet Defendants deny the remaining allegations in Paragraph 64.

65. To the extent that the allegations in Paragraph 65 and Footnote 11 purport to refer to and quote from Jacob Colvin, ostensibly in an interview in *Real Business*, that publicly available article speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 65.

66. To the extent that the allegations in Paragraph 66 contain conclusions

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

of law or argument, such statements require no response. To the extent that the allegations in Paragraph 66 purport to refer to the Proxy Statement, that public document speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 66.

67. To the extent that the allegations in Paragraph 67 contain conclusions of law or argument, such statements require no response. Owlet Defendants deny the remaining allegations in Paragraph 67.

68. To the extent that the allegations in Paragraph 68 contain conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 68 purport to refer to or quote 21 U.S.C. § 351(f)(1)(B) or 21 U.S.C. § 331(a), those public regulations speak for themselves. Owlet Defendants deny the remaining allegations in Paragraph 68.

69. To the extent that the allegations in Paragraph 69 contain conclusions of law or argument, such statements require no response. Owlet Defendants deny the remaining allegations in Paragraph 69.

70. To the extent that the allegations in Paragraph 70 contain conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 70 refer to FDA's 2016 communication to Owlet, that communication speaks for itself. Owlet Defendants admit that Owlet continued to market and sell the Smart Sock in 2016. Owlet Defendants deny the remaining allegations in Paragraph 70.

71. To the extent that the allegations in Paragraph 71 refer to and quote from a statement by the American Academy of Pediatrics Sudden Infant Death Syndrome Task Force, that statement speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 71.

72. To the extent that the allegations in Paragraph 72 refer to and quote from a letter published in the Journal of American Medical Association, that publicly available letter speaks for itself. Owlet Defendants deny the remaining allegations

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

in Paragraph 72.

73.    To the extent that the allegations in Paragraph 73 contain conclusions of law or argument, such statements require no response.  Owlet Defendants admit that the marketing for the Smart Sock evolved over time, that Owlet launched the second version of Smart Sock in March 2017, and that this version of the Smart Sock included a smart phone application called Connected Care.  Owlet Defendants deny the remaining allegations in Paragraph 73.

74.    To the extent that the allegations in Paragraph 74 contain conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 74 and Footnote 12 refer to a 2017 FOX 13 report, that publicly available report speaks for itself.  Owlet Defendants deny the remaining allegations in Paragraph 74.

75.    To the extent that the allegations in Paragraph 75 contain conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 75 refer to communications from the FDA, those communications speak for themselves.  Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that CW1 made certain statements to Plaintiff's counsel's investigator, and on that basis deny the allegations.  Owlet Defendants deny the remaining allegations in Paragraph 75.

76.    Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that CW2 made certain statements to Plaintiff's counsel's investigator, and on that basis deny the allegations.  Owlet Defendants deny the remaining allegations in Paragraph 76.

77.    Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that CW3 made certain statements to Plaintiff's counsel's investigator, and on that basis deny the allegations.  Owlet Defendants deny the remaining allegations in Paragraph 77.

78.    Owlet Defendants lack knowledge or information sufficient to form a

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

14

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

belief as to the truth of the allegations that CW4 made certain statements to Plaintiff's counsel's investigator, and on that basis deny the allegations. Owlet Defendants deny the remaining allegations in Paragraph 78.

79. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations that CW1, CW2, CW3, and CW4 made certain statements to Plaintiff's counsel's investigator, and on that basis deny the allegations. Owlet Defendants deny the remaining allegations in Paragraph 79

80. To the extent that the allegations in Paragraph 80 contain conclusions of law or argument, such statements require no response. To the extent the allegations in Paragraph 80 refer to and quote from articles published by, or communications sent by, the FDA, those articles and communications speak for themselves. Owlet Defendants deny the remaining allegations in Paragraph 80.

**Answering "Defendants Misled Sandbridge Shareholders Eligible to Vote on the De-SPAC Merger"**

81. To the extent that the allegations in Paragraph 81 contain conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 81 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 81.

82. To the extent that the allegations in Paragraph 82 contain conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 82 refer to and quote from the Form S-4 and the Proxy Statement, those publicly available filings speak for themselves. Owlet Defendants deny the remaining allegations in Paragraph 82.

83. To the extent that the allegations in Paragraph 83 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 83.

84. To the extent that the allegations in Paragraph 84 contain conclusions

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

of law or argument, such statements require no response. To the extent that the allegations in Paragraph 84 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 84.

85. To the extent that the allegations in Paragraph 85 contain conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 85 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 85.

86. To the extent that the allegations in Paragraph 86 contain conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 86 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 86.

87. To the extent that Paragraph 87 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 87 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 87.

88. To the extent that Paragraph 88 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 88 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 88.

89. To the extent that the allegations in Paragraph 89 contain conclusions of law or argument, such statements require no response. Owlet Defendants deny the remaining allegations in Paragraph 89.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

**Answering "Defendants Had a Duty to Disclose that Owlet Marketed and Sold the Smart Sock in Contravention of FDA Regulations"**

90.    To the extent that Paragraph 90 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 90.

91.    To the extent that Paragraph 91 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 91.

92.    To the extent that Paragraph 92 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 92.

93.    To the extent that Paragraph 93 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 93.

**Answering "Executive Compensation"**

94.    Owlet Defendants deny that Scolnick held 28,422,341 shares of Owlet common stock following the Business Combination.  Owlet Defendants admit the remaining allegations in Paragraph 94.

**Answering "Materially False and Misleading Statements in the Proxy Statements"**

95.    To the extent that Paragraph 95 contains conclusions of law or argument, such statements require no response.  Owlet Defendants nonetheless admit that a Proxy Statement dated June 21, 2021 was filed with the SEC, and that the Proxy Statement was included in the Registration Statement on Form S-4 filed on March 31, 2021.  Owlet Defendants deny the remaining allegations in Paragraph 95.

96.    To the extent that the allegations in Paragraph 96 refer to and quote from the Registration Statement, that publicly available filing speaks for itself.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Owlet Defendants deny the remaining allegations in Paragraph 96.

97.   To the extent that the allegations in Paragraph 97 refer to and quote from the Registration Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 97.

98.   To the extent that Paragraph 98 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 98 purport to refer to and quote from the Registration Statement or communications from the FDA, those documents speak for themselves.  Owlet Defendants deny the remaining allegations in Paragraph 98.

99.   To the extent that Paragraph 99 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 99 refer to and quote from the Registration Statement, that publicly available filing speaks for itself.  Owlet Defendants deny the remaining allegations in Paragraph 99.

100.  To the extent that Paragraph 100 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 100 refer to and quote from the Registration Statement, that publicly available filing speaks for itself.  Owlet Defendants deny the remaining allegations in Paragraph 100.

101.  To the extent that the allegations in Paragraph 101 refer to and quote from the Registration Statement, that publicly available filing speaks for itself.

102.  To the extent that Paragraph 102 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 102 refer to and quote from the Registration Statement, that publicly available filing speaks for itself.  Owlet Defendants deny the remaining allegations in Paragraph 102.

103.  To the extent that Paragraph 103 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Paragraph 103 refer to and quote from the Registration Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 104.

104. To the extent that Paragraph 104 contains conclusions of law or argument, such statements require no response. Owlet Defendants deny the remaining allegations in Paragraph 103.

105. To the extent that Paragraph 105 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit that on June 21, 2021 Owlet filed its Proxy Statement on Form 424B3. To the extent that the allegations in Paragraph 105 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 105.

106. To the extent that Paragraph 106 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 106 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 106.

107. To the extent that Paragraph 107 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 107 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 107.

108. To the extent that Paragraph 108 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 108 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 108.

109. To the extent that Paragraph 109 contains conclusions of law or

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

19

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

argument, such statements require no response. To the extent that the allegations in Paragraph 109 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 109.

110. To the extent that Paragraph 110 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 110 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 110.

111. To the extent that Paragraph 111 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 111 and Footnote 13 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 111.

112. To the extent that Paragraph 112 contains conclusions of law or argument, such statements require no response. Owlet Defendants deny the remaining allegations in Paragraph 112.

113. To the extent that Paragraph 113 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 113 refer to and quote from the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 113.

114. To the extent that Paragraph 114 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 114 refer to the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 114.

115. To the extent that Paragraph 115 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Paragraph 115 refer to the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 115.

### Answering "The Business Combination is Completed"

116. Owlet Defendants admit that on July 15, 2021, Owlet announced that it had completed the Business Combination. To the extent that the allegations in Paragraph 116 refer to and quote from a July 15, 2021 press release by Owlet, that public release speaks for itself.

### Answering "The Truth Emerges"

117. To the extent that the allegations in Paragraph 117 refer to and quote from an October 1, 2021 Warning Letter from the FDA, that document speaks for itself. Owlet Defendants otherwise admit the allegations in Paragraph 117.

118. To the extent that Paragraph 118 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 118 purport to refer to and quote from FDA guidance, such public documents speak for themselves.

119. To the extent that Paragraph 119 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 119 refer to and quote from an October 1, 2021 Warning Letter from the FDA, that document speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 119.

120. To the extent that Paragraph 120 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 120 and Footnote 14 refer to and quote from an October 1, 2021 Warning Letter from the FDA, that document speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 120.

121. To the extent that Paragraph 121 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 121 refer to and quote from an October 1, 2021 Warning Letter from the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

FDA, that document speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 121.

122. To the extent that Paragraph 122 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 122 refer to and quote from an October 1, 2021 Warning Letter from the FDA, that document speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 122.

123. To the extent that Paragraph 123 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 123 refer to and quote from an October 1, 2021 Warning Letter from the FDA, that document speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 123.

124. To the extent that the allegations in Paragraph 124 refer to and quote from Owlet's October 4, 2021 Form 8-K, that publicly available filing speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 124.

125. To the extent that Paragraph 125 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit that Owlet's stock price closed at $4.19 per share on October 4, 2021. Owlet Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 regarding trading volume.

126. To the extent that the allegations in Paragraph 126 refer to and quote from a Cowen analyst report, that publicly available report speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 126.

127. Owlet Defendants admit that on October 25, 2021, Owlet announced that it had ceased distribution of the Smart Sock in the U.S. as of October 22, 2021. To the extent that the allegations in Paragraph 127 refer to and quote from an Owlet announcement, that public announcement speaks for itself. Owlet Defendants admit that Owlet has not resumed commercial distribution of the Smart Sock. Owlet

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

22

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Defendants deny the remaining allegations in Paragraph 127.

128. To the extent that Paragraph 128 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 128 refer to and quote an Owlet earnings call, the publicly available transcript of the earnings call speaks for itself. Owlet Defendants deny the remaining allegations in Paragraph 128.

129. To the extent that Paragraph 129 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit that Owlet did not revise its guidance in October 2021. Owlet Defendants deny the remaining allegations in Paragraph 129.

130. To the extent that the allegations in Paragraph 130 refer to and quote an Owlet earnings call for the fourth quarter of 2021, the publicly available transcript of that call speaks for itself.

131. To the extent that the allegations in Paragraph 131 refer to and quote Owlet's Form 10-K for the year ended December 31, 2021, that publicly available filing speaks for itself.

132. To the extent that Paragraph 132 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit that Owlet's first quarter 2022 results, release on May 11, 2022, reported a net loss of -$0.26 per share, which missed expectations by $0.11, and flat revenue of $21.5 million. Owlet Defendants deny the remaining allegations in Paragraph 132.

## Answering "Class Action Allegations"

133. To the extent that Paragraph 133 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit that Plaintiff purports to bring a class action against Owlet Defendants on behalf of a class of certain persons and entities that held Sandbridge common stock in June and July 2021. Owlet Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action. Owlet Defendants deny

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

23

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

the remaining allegations in Paragraph 133.

134.   To the extent that Paragraph 134 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny that the perquisites to a class action have been met or that the complaint maintainable as a class action.  Owlet Defendants deny the remaining allegations in Paragraph 134.

## Answering "Loss Causation"

135.   To the extent that Paragraph 135 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 135.

136.   To the extent that Paragraph 136 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 136.

137.   To the extent that Paragraph 137 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 137.

## Answering "No Safe Harbor"

138.   To the extent that Paragraph 138 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 138.

## Answering "Count I"

139.   To the extent that Paragraph 139 contains conclusions of law or argument, such statements require no response. Owlet Defendants deny the remaining allegations in Paragraph 139.

140.   To the extent that Paragraph 140 contains conclusions of law or argument, such statements require no response. Owlet Defendants deny the remaining allegations in Paragraph 140.

141.   To the extent that Paragraph 141 contains conclusions of law or argument, such statements require no response. Owlet Defendants deny the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

24

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

remaining allegations in Paragraph 141.

142. To the extent that Paragraph 142 contains conclusions of law or argument, such statements require no response. Owlet Defendants deny the remaining allegations in Paragraph 142.

### Answering "Count II"

143. To the extent that Paragraph 143 contains conclusions of law or argument, such statements require no response. Owlet Defendants deny the remaining allegations in Paragraph 143.

144. To the extent that Paragraph 144 contains conclusions of law or argument, such statements require no response. Owlet Defendants admit that the Individual Defendants held positions as officers and/or directors of Sandbridge and Owlet. Owlet Defendants deny the remaining allegations in Paragraph 144.

145. To the extent that Paragraph 145 contains conclusions of law or argument, such statements require no response. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and on that basis deny the allegations.

146. To the extent that Paragraph 146 contains conclusions of law or argument, such statements require no response. Owlet Defendants deny the remaining allegations in Paragraph 146.

147. To the extent that Paragraph 147 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 147 refer to the Proxy Statement, that publicly available filing speaks for itself. Owlet Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the involvement of all Individual Defendants in approving the merger, and on that basis deny those allegations. Owlet Defendants deny the remaining allegations in Paragraph 147.

148. To the extent that Paragraph 148 contains conclusions of law or argument, such statements require no response. Owlet Defendants deny the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

25

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

remaining allegations in Paragraph 148.

149.    To the extent that Paragraph 149 contains conclusions of law or argument, such statements require no response.  Owlet Defendants deny the remaining allegations in Paragraph 149.

## RESPONSE TO PRAYER FOR RELIEF

To the extent that any response is required for Plaintiff's prayer for relief, Owlet Defendants deny each and every allegation contained therein.

## RESPONSE TO JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Owlet Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

For their further and separate affirmative defenses to the Complaint, Owlet Defendants aver the following.  None of these affirmative defenses operates to shift the burden of proof on any of Plaintiff's claims, or any element of those claims. Owlet Defendants reserve the right to plead any and all additional affirmative defenses that may in the future become available to them as a result of the discovery of additional facts.

### First Affirmative Defense

The Complaint and each purported claim for relief fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims against Owlet Defendants are barred, in whole or in part, because Plaintiff lacks standing to assert its claims against Defendants.

### Third Affirmative Defense

At the time of the business combination vote, Plaintiff and members of the putative class knew of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Owlet Defendants' purported liability rests.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

26

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

**Fourth Affirmative Defense**

Plaintiff and members of the putative class would have voted for the business combination even if they had known of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Owlet Defendants' purported liability rests.

**Fifth Affirmative Defense**

Certain matters alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain, and as such were available to Plaintiff, members of the purported class, and/or the securities markets.

**Sixth Affirmative Defense**

Plaintiff and members of the putative class knew or should have known of the risks associated with Owlet's business at the time of the business combination vote, and assumed the risk that the value of their shares would decline.

**Seventh Affirmative Defense**

Plaintiff and members of the putative class have failed to mitigate any damages they may have suffered.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because none of the alleged misrepresentations or misleading statements or omissions that Plaintiff alleges caused, or was a substantial factor in, any increase or decrease in the market value of Owlet securities owned by Plaintiff or other members of the putative class.

**Ninth Affirmative Defense**

Any recovery for damages allegedly incurred by Plaintiff and members of the putative class, if any, is subject to offset in an amount including, but not limited to, any tax benefits actually received by Plaintiff or each member of the putative class through its/his/her investments.

**Tenth Affirmative Defense**

Plaintiff's claims are not actionable to the extent that the alleged untrue

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

27

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by Defendants fall within the Safe Harbor provisions of the Reform Act, as codified at 15 U.S.C. § 77z-2(c).

## Eleventh Affirmative Defense

Each of the Owlet Defendants alleged to be a control person under Section 20(a) of the Securities Exchange Act of 1934 acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

## Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the "bespeaks caution" doctrine to the extent they are based on predictions, expressions of opinion, or forward-looking statements.

## Thirteenth Affirmative Defense

Owlet Defendants are not liable to Plaintiff or other members of the putative class because the substance of the allegedly omitted or misrepresented material information was disclosed in Owlet Defendants' and/or Sandbridge's own filings and announcements, and/or in other sources that were publicly available or widely known to the market, the investing community, Plaintiff and members of the putative class.

## Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because at all relevant times Owlet Defendants acted in good faith, including by acting in conformity with the law and rules and regulations of the Securities and Exchange Commission.

## Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because at all relevant times Owlet Defendants had no duty to disclose any information that the Complaint alleges was omitted, to the extent that such information existed at the time the statements were made.

Owlet Defendants have insufficient knowledge or information upon which to

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

28

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

form a belief as to whether there may be additional affirmative defenses available to them. Owlet Defendants expressly reserve the right to plead additional affirmative and other defenses that may become available or apparent during this litigation and/or required by any amendments to the Complaint.

**WHEREFORE**, Owlet Defendants pray that this Court enter judgment as follows:

**1.** That judgment be entered in favor of Owlet Defendants;

**2.** That Plaintiff and the purported plaintiff class take nothing from Owlet Defendants by their Complaint, and that the same be dismissed with prejudice;

**3.** For costs, attorneys' fees, expert witness fees, and court hearing costs incurred herein; and

**4.** For such other and further relief as this Court deems just and proper.

Dated:  August 19, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Colleen C. Smith*
Colleen C. Smith

*Attorney for Defendants Owlet, Inc. f/k/a Sandbridge Acquisition Corporation, Kurt Workman, and Kate Scolnick*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

29

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT