LATHAM & WATKINS LLP
  Colleen C. Smith (CA Bar No. 231216)
    *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130
Telephone:  +1.858.523.5400
Facsimile:  +1.858.523.5450

    Meryn C. N. Grant (CA Bar No. 291315)
      *meryn.grant@lw.com*
  355 South Grand Avenue, Suite 100
  Los Angeles, CA 90071-1560
  Telephone:  +1.213.485.1234
  Facsimile:  +1.213.891.8763

    Michele D. Johnson (CA Bar No. 198298)
      *michele.johnson@lw.com*
  650 Town Center Drive, 20th Floor
  Costa Mesa, CA 92626-1925
  Telephone: +1.714.540.1235
  Facsimile: +1.714.755.8290

    Christopher S. Turner (*Pro Hac Vice*)
      *christopher.turner@lw.com*
  555 Eleventh Street, Suite 1000
  Washington, DC 20004-1304
  Telephone: + 1.202.637.2200
  Facsimile: +1.202.637.2201

*Attorneys for Defendants Owlet, Inc. f/k/a*
*Sandbridge Acquisition Corporation, and*
*Kurt Workman*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:21-cv-09016-FLA-SSCx |
| Plaintiff, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CONSOLIDATED COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| v. | |
| OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, and KURT WORKMAN, | |
| Defendants. | |

Defendants, by and through their counsel of record, respectfully submit the following Answer and Affirmative Defenses (hereinafter "Answer"), to the Consolidated Complaint (hereinafter "Complaint"), filed by Plaintiff on December 22, 2023.

Defendants' responses are made upon information and belief and may change subject to further investigation. Defendants expressly reserve the right to amend their Answer, or seek leave to amend their Answer, and to modify and/or assert all claims, defenses, counterclaims and third-party claims permitted by law. Defendants deny that the preliminary statement preceding Paragraph 1 of the Complaint requires a response. To the extent a response is required, Defendants deny the allegations in this preliminary statement. Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action and accordingly deny the existence of an applicable class period. And to the extent that Plaintiff's preliminary statement contains conclusions of law or argument, such statements require no response.

Defendants state upon information and belief as follows:

### **Answering "Introduction"**

1.    Defendants admit that on July 15, 2021, Sandbridge Acquisition Corporation ("Sandbridge") combined with Owlet Baby Care Inc. to create Owlet, Inc. ("Owlet"). Defendants admit that Owlet marketed the Smart Sock, a wearable monitor for infants. Defendants deny the remaining allegations in Paragraph 1.

2.    To the extent that Paragraph 2 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 2 refer to and quote from an Owlet press release, that publicly available document speaks for itself. Defendants admit that Owlet won the International Business Machines Competition ("IBMC") in May 2013, and that Owlet launched the Smart Sock via a crowd-funding campaign in August 2013. Defendants deny the remaining

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

allegations in Paragraph 2.

3.    To the extent that Paragraph 3 contains conclusions of law or argument, such statements require no response. Defendants admit that Owlet conducted crowd-funding and investor campaigns in 2013 and 2014. Defendants admit that the crowd-funding campaign raised less than $300,000 and that by April 2014, Owlet had raised an additional $1.85 million in funding from investors. Defendants deny the remaining allegations in Paragraph 3.

4.    To the extent that the allegations in Paragraph 4 refer to and quote from an FDA announcement in early 2015, that announcement speaks for itself. Defendants otherwise admit the allegations in Paragraph 4.

5.    To the extent that Paragraph 5 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 5 refer to and quote from FDA guidance, that guidance speaks for itself. Defendants deny the remaining allegations in Paragraph 5.

6.    To the extent that Paragraph 6 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 6 refer to and quote from FDA guidance, that guidance speaks for itself. Defendants deny the remaining allegations in Paragraph 6.

7.    To the extent that Paragraph 7 contains conclusions of law or argument, such statements require no response. Defendants admit that Owlet raised $6 million in venture funding to support the launch of Smart Sock, and raised $40 million in 2017 and 2018. Defendants deny the remaining allegations in Paragraph 7.

8.    To the extent that Paragraph 8 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 8 purport to refer to and quote from Workman's public statements in 2013, those statements speak for themselves. Defendants deny the remaining allegations in Paragraph 8.

9.    To the extent that the allegations in Paragraph 9 purport to refer to and

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

quote from an October 2015 Owlet press release and undated blog post, those documents speak for themselves. Defendants deny the remaining allegations in Paragraph 9.

10. To the extent that Paragraph 10 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 10 refer to and quote from a 2016 communication from the FDA to Owlet, that communication speaks for itself. Defendants deny the remaining allegations in Paragraph 10.

11. To the extent that Paragraph 11 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 11 refer to and quote from a recommendation by the American Academy of Pediatricians Sudden Infant Death Syndrome Task Force, that recommendation speaks for itself. Defendants deny the remaining allegations in Paragraph 11.

12. To the extent that Paragraph 12 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 12 refer to and quote from a letter in the Journal of American Medical Association (JAMA), that letter speaks for itself. Defendants deny the remaining allegations in Paragraph 12.

13. To the extent that Paragraph 13 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 13 refer to a 510(k) filed or other statements by Owlet, that document and such statements speak for themselves. Defendants admit that Owlet launched the second version of the Smart Sock in March 2017, which included Connected Care. Defendants deny the remaining allegations in Paragraph 13.

14. To the extent that Paragraph 14 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 14 refer to a 2017 report about FDA communications with Owlet, that report speaks for itself. Defendants deny the remaining allegations in Paragraph 14.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

15. To the extent that Paragraph 15 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 15 refer to and quote from a research letter published in JAMA, that letter speaks for itself. Defendants deny the remaining allegations in Paragraph 15.

16. To the extent that Paragraph 16 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 16 refer to and quote from FDA guidance, that guidance speaks for itself. Defendants deny the remaining allegations in Paragraph 16.

17. To the extent that Paragraph 17 contains conclusions of law or argument, such statements require no response. Defendants admit that in mid-2020, Owlet launched a third version of the Smart Sock. Defendants deny the remaining allegations in Paragraph 17.

18. To the extent that Paragraph 18 contains conclusions of law or argument, such statements require no response. Defendants admit that by the fall of 2020, Owlet had been marketing and selling the Smart Sock for five years with the knowledge of the FDA and without any Warning Letter from the FDA during that time. Defendants deny the remaining allegations in Paragraph 18.

19. To the extent that Paragraph 19 contains conclusions of law or argument, such statements require no response. Defendants admit that Owlet chose to become a public company by merging with Sandbridge. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and on that basis deny those allegations.

20. Defendants admit that on February 15, 2021 Sandbridge and Owlet announced the proposed merger. Defendants further admit that a Form S-4 was filed with the SEC on March 31, 2021. Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action and accordingly deny the existence of an applicable class period.

21. To the extent that Paragraph 21 contains conclusions of law or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

argument, such statements require no response.  To the extent that the allegations in Paragraph 21 refer to and quote from the Form S-4, that public filing speaks for itself.  Defendants deny the remaining allegations in Paragraph 21.

22.    To the extent that Paragraph 22 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 22 refer to the February 15, 2021 merger agreement, that document speaks for itself.  Defendants deny the remaining allegations in Paragraph 22.

23.    To the extent that Paragraph 23 contains conclusions of law or argument, such statements require no response.  Defendants deny the remaining allegations in Paragraph 23.

24.    To the extent that Paragraph 24 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 24 refer to the FDA Warning Letter, that letter speaks for itself. Defendants admit that Owlet's stock price fell $1.29 from close on October 1, 2021, to close at $4.19 on October 4, 2021.  Defendants admit that Owlet removed the Smart Sock from the market following receipt of the FDA Warning Letter. Defendants deny the remaining allegations in Paragraph 24.

### Answering "Jurisdiction  and Venue"

25.    To the extent that Paragraph 25 contains conclusions of law or argument, such statements require no response.

26.    To the extent that Paragraph 26 contains conclusions of law or argument, such statements require no response.

27.    To the extent that Paragraph 27 contains conclusions of law or argument, such statements require no response.

28.    To the extent that Paragraph 28 contains conclusions of law or argument, such statements require no response.

### Answering "Parties"

29.    Defendants lack knowledge or information sufficient to form a belief

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

6

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

as to the truth of the allegations in Paragraph 29, and on that basis deny the allegations.

30.    Defendants admit that Owlet is a Delaware corporation, with its principal executive offices in Lehi, Utah. Defendants further admit that on July 15, 2021, a special purpose acquisition company called Sandbridge Acquisition Corporation merged with Owlet Baby Care, Inc. Defendants further admit that Owlet's common stock trades on the NYSE under the ticker symbol "OWLT" and Owlet warrants trade under the ticker symbol "OLWT WS." Defendants deny the remaining allegations in Paragraph 30.

31.    Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action and accordingly deny the existence of an applicable class period. Defendants otherwise admit the remaining allegations in Paragraph 31.

32.    To the extent that Paragraph 32 contains conclusions of law or argument, such statements require no response. Defendants admit that Kurt Workman is the CEO of Owlet and performed his duties as CEO of Owlet. Defendants deny the remaining allegations in Paragraph 32.

33.    To the extent that Paragraph 33 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 33.

### Answering "Regulatory Background"

34.    To the extent that Paragraph 34 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 34 refer to and quote from the FD&C Act, that legislation speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis deny the allegations.

35.    To the extent that Paragraph 35 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Paragraph 35 refer to and quote from the Medical Device Amendments of 1976, that legislation speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and on that basis deny the allegations.

36. Paragraph 36 contains conclusions of law or argument, such statements require no response.

37. Paragraph 37 contains conclusions of law or argument, such statements require no response.

38. To the extent that Paragraph 38 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 38 refer to FDA regulations, the FDA Product Classification Database, or public statements by Kurt Workman in 2013, those documents, database and statements speak for themselves. Defendants deny the remaining allegations in Paragraph 38.

39. To the extent that Paragraph 39 contains conclusions of law or argument, such statements require no response. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 39, and on that basis deny the allegations.

40. To the extent that Paragraph 40 contains conclusions of law or argument, such statements require no response. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40, and on that basis deny the allegations.

41. To the extent that Paragraph 41 contains conclusions of law or argument, such statements require no response. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and on that basis deny the allegations.

42. To the extent that Paragraph 42 contains conclusions of law or argument, such statements require no response. Defendants lack knowledge or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and on that basis deny the allegations.

43.    To the extent that Paragraph 43 contains conclusions of law or argument, such statements require no response.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and on that basis deny the allegations.

44.    To the extent that Paragraph 44 contains conclusions of law or argument, such statements require no response.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and on that basis deny the allegations.

45.    To the extent that the allegations in Paragraph 45 refer to and quote from an October 17, 2011 FDA letter, that letter speaks for itself.  Defendants deny the remaining allegations in Paragraph 45.

**Answering "Overview of Defendants' Fraud – Owlet Debuted the Smart Sock in a Limited Launch in August 2013"**

46.    To the extent that the allegations in Paragraph 46 refer to and quote from a synopsis describing the IBMC entry, that synopsis speaks for itself. Defendants admit that in May 2013, six Brigham Young University students, including Kurt Workman, took first place in the IBMC at Harvard University with the Owlet Baby Monitor.  Defendants deny the remaining allegations in Paragraph 46.

47.    To the extent that Paragraph 47 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 47 refer to and quote from a presentation Workman gave at IBMC, that presentation speaks for itself.  Defendants deny the remaining allegations in Paragraph 47.

48.    To the extent that Paragraph 48 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Paragraph 48 refer to and quote from a presentation Workman gave at IBMC, that presentation speaks for itself. Defendants deny the remaining allegations in Paragraph 48.

49. To the extent that Paragraph 49 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 49 refer to and quote from a statement Workman gave at IBMC, that statement speaks for itself. Defendants deny the remaining allegations in Paragraph 49.

50. To the extent that Paragraph 50 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 50 refer to and quote from a statement attributed to Workman, that statement speaks for itself. Defendants deny the remaining allegations in Paragraph 50.

51. To the extent that Paragraph 51 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 51 refer to and quote from a statement attributed to Workman, that statement speaks for itself. Defendants deny the remaining allegations in Paragraph 51.

52. Defendants admit the allegations in Paragraph 52.

53. To the extent that the allegations in Paragraph 53 refer to and quote from an August 26, 2013 Owlet press release, that document speaks for itself. Defendants deny the remaining allegations in Paragraph 53.

54. To the extent that the allegations in Paragraph 54 refer to and quote from an August 26, 2013 Owlet press release, that document speaks for itself. Defendants deny the remaining allegations in Paragraph 54.

55. To the extent that the allegations in Paragraph 55 refer to and quote from an August 26, 2013 Owlet press release, that document speaks for itself. Defendants deny the remaining allegations in Paragraph 55.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

56.    To the extent that Paragraph 56 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 56 refer to and quote from an August 26, 2013 Owlet press release, that document speaks for itself.  Defendants deny the remaining allegations in Paragraph 56.

57.    To the extent that Paragraph 57 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 57 refer to and quote from an August 26, 2013 Owlet press release, that document speaks for itself.  Defendants deny the remaining allegations in Paragraph 57.

58.    To the extent that Paragraph 58 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 58 refer to and quote from a media report, that report speaks for itself.  Defendants deny the remaining allegations in Paragraph 58.

59.    To the extent that Paragraph 59 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 59 refer to and quote from a 2014 article, that article speaks for itself.  Defendants deny the remaining allegations in Paragraph 59.

**<u>Answering "Owlet Launched the Smart Sock with the Alarm Feature Without Receiving FDA Clearance in October 2015"</u>**

60.    To the extent that Paragraph 60 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 60 refer to and quote from statements made by Owlet, those statements speak for themselves.  Defendants deny the remaining allegations in Paragraph 60.

61.    To the extent that Paragraph 61 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 61 refer to and quote from statements made by an Owlet co-founder, those statements speak for themselves.  Defendants lack knowledge or information

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

11

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

sufficient to form a belief as to the truth of the allegations regarding inflation estimates. Defendants deny the remaining allegations in Paragraph 61.

62. To the extent that Paragraph 62 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 62.

63. To the extent that Paragraph 63 contains conclusions of law or argument, such statements require no response. Defendants admit that Owlet raised less than $300,000 via crowd-funding in 2013, and that Owlet raised an additional $1.85 million in April 2014. Defendants deny the remaining allegations in Paragraph 63.

64. To the extent that Paragraph 64 contains conclusions of law or argument, such statements require no response. The remaining allegations in Paragraph 64 refer to an FDA announcement and draft guidance titled *General Wellness: Policy for Low Risk Devices*, which announcement and guidance speak for themselves.

65. To the extent that Paragraph 65 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 65 refer to and quote the contents of an FDA guidance document, that publicly available document speaks for itself. Defendants deny the remaining allegations in Paragraph 65.

66. To the extent that Paragraph 66 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 66 refer to and quote the contents of an FDA guidance document, that publicly available document speaks for itself. Defendants deny the remaining allegations in Paragraph 66.

67. To the extent that Paragraph 67 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 67 refer to and quote the contents of an FDA announcement and guidance

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

12

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

document, those publicly available documents speak for themselves. Defendants deny the remaining allegations in Paragraph 67.

68. To the extent that Paragraph 68 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 68 refer to or quote from Owlet marketing materials, those materials speak for themselves. Defendants deny the remaining allegations in Paragraph 68.

69. To the extent that Paragraph 69 contains conclusions of law or argument, such statements require no response. Defendants admit that Owlet raised $6 million in venture funding in August 2015. Defendants deny the remaining allegations in Paragraph 69.

70. To the extent that the allegations in Paragraph 70 purport to refer to or quote from Owlet marketing materials, those materials speak for themselves. Defendants admit that Owlet marketed the Smart Sock with an alarm feature beginning on or around October 21, 2015, and that the Smart Sock provided four alarms through the base station. Defendants deny the remaining allegations in Paragraph 70.

71. To the extent that Paragraph 71 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 71.

72. To the extent that the allegations in Paragraph 72 refer to and quote from an October 21, 2015 Owlet press release, that public document speaks for itself. Defendants deny the remaining allegations in Paragraph 72.

73. To the extent that the allegations in Paragraph 73 refer to and quote from an October 21, 2015 Owlet press release, that public document speaks for itself. Defendants deny the remaining allegations in Paragraph 73.

74. To the extent that the allegations in Paragraph 74 refer to and quote from an article Owlet posted on its blog, that post speaks for itself. Defendants deny the remaining allegations in Paragraph 74.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

13

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

75.    To the extent that the allegations in Paragraph 75 refer to and quote from blog posts on the Owlet website, those posts speak for themselves.  Defendants deny the remaining allegations in Paragraph 75.

76.    To the extent that the allegations in Paragraph 76 refer to and quote from Owlet press releases between August 2015 and June 2016, those press releases speak for themselves.  Defendants deny the remaining allegations in Paragraph 76.

77.    To the extent that the allegations in Paragraph 77 refer to and quote from a 2016 FDA communication to Owlet, that communication speaks for itself. Defendants deny the remaining allegations in Paragraph 77.

78.    To the extent that Paragraph 78 contains conclusions of law or argument, such statements require no response.  Defendants deny the remaining allegations in Paragraph 78.

79.    To the extent that Paragraph 79 contains conclusions of law or argument, such statements require no response.  Defendants admit that certain Facebook video advertisements received millions of views and hundreds of thousands of likes and shares.  Defendants admit that in 2016, Owlet sold about 100,000 Smart Socks, and raised $15 million in venture funding within a year of the Smart Sock's launch. Defendants deny the remaining allegations in Paragraph 79.

**Answering "Pediatrician Backlash to Unregulated Baby Monitors like the Smart Sock Led Owlet to Double-Down on Its 'Wellness' Claims"**

80.    To the extent that Paragraph 80 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 80 refer to and quote from a U.S. News & World Report article, that article speaks for itself.  Defendants deny the remaining allegations in Paragraph 80.

81.    To the extent that Paragraph 81 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 81 refer to and quote from a media interview and Owlet press releases, those documents speak for themselves.  Defendants admit that Workman has said

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

14

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

that losing a baby cousin to SIDS was one of the motivating factors to develop the Smart Sock. Defendants deny the remaining allegations in Paragraph 81.

82. To the extent that the allegations in Paragraph 82 refer to and quote from a U.S. News & World Report article, that article speaks for itself. Defendants deny the remaining allegations in Paragraph 82.

83. To the extent that the allegations in Paragraph 83 refer to and quote from a U.S. News & World Report article, that article speaks for itself. Defendants deny the remaining allegations in Paragraph 83.

84. To the extent that the allegations in Paragraph 84 refer to and quote from an AAP policy statement, that statement speaks for itself. Defendants deny the remaining allegations in Paragraph 84.

85. To the extent that the allegations in Paragraph 85 refer to and quote from an article in the JAMA, that article speaks for itself. Defendants deny the remaining allegations in Paragraph 85.

86. To the extent that the allegations in Paragraph 86 refer to and quote from an interview with Dr. Bonafida, that interview speaks for itself. Defendants deny the remaining allegations in Paragraph 86.

87. To the extent that the allegations in Paragraph 87 refer to and quote from an article in the JAMA, that article speaks for itself. Defendants deny the remaining allegations in Paragraph 87.

88. To the extent that the allegations in Paragraph 88 refer to and quote from an article in the JAMA and a video cited in that article, that article and the video it cites speak for themselves. Defendants deny the remaining allegations in Paragraph 88.

89. To the extent that the allegations in Paragraph 89 refer to and quote from an interview with Dr. Bonafida, that interview speaks for itself. Defendants deny the remaining allegations in Paragraph 89.

90. To the extent that Paragraph 90 contains conclusions of law or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

15

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

argument, such statements require no response.  To the extent that the allegations in Paragraph 90 refer to and quote from an Owlet blog post, that post speaks for itself. Defendants deny the remaining allegations in Paragraph 90.

91.    To the extent that Paragraph 91 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 91 refer to and quote from an Owlet blog post, that post speaks for itself. Defendants deny the remaining allegations in Paragraph 91.

92.    To the extent that Paragraph 92 contains conclusions of law or argument, such statements require no response.  Defendants admit that Owlet launched a second version of the Smart Sock along with the Connect Care health platform in March 2017.  Defendants deny the remaining allegations in Paragraph 92.

93.    To the extent that Paragraph 93 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 93 purport to refer to and quote from Owlet marketing materials, those materials speak for themselves.  Defendants deny the remaining allegations in Paragraph 93.

94.    To the extent that the allegations in Paragraph 94 refer to and quote from an October 2017 Forbes article and a CNBC interview and article, those publications speak for themselves.  Defendants deny the remaining allegations in Paragraph 94.

95.    To the extent that the allegations in Paragraph 95 refer to and quote from a blog post on the Owlet website, that blog post speaks for itself.  Defendants deny the remaining allegations in Paragraph 95.

96.    To the extent that the allegations in Paragraph 96 purport to refer to and quote media outlets' coverage of Owlet, that coverage speaks for itself.  Defendants deny the remaining allegations in Paragraph 96.

97.    To the extent that Paragraph 97 contains conclusions of law or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

16

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

argument, such statements require no response. To the extent that the allegations in Paragraph 97 refer to a Utah-based Fox affiliate's report, that report speaks for itself. Defendants deny the remaining allegations in Paragraph 97.

98. To the extent that Paragraph 98 contains conclusions of law or argument, such statements require no response. Defendants admit that Owlet continued to market and sell Smart Sock in 2017. Defendants deny the remaining allegations in Paragraph 98.

99. To the extent that Paragraph 99 contains conclusions of law or argument, such statements require no response. Defendants admit that Owlet marketed and sold Smart Sock with the alarm feature and access to the Connected Care mobile platform. Defendants further admit that as of October 2017, Owlet has sold 150,000 Smart Socks, produced $19 million in revenue in 2016, and projected $30 million in revenue in 2017. Defendants further admit that Owlet secured $24 million in Series B investments in May 2018. Defendants deny the remaining allegations in Paragraph 99.

**Answering "Owlet Continued to Market and Sell the Smart Sock Without FDA Clearance in Contravention of New FDA Industry Guidance"**

100. To the extent that Paragraph 100 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 100 refer to and quote from an Australian news outlet, that publication speaks for itself. Defendants deny the remaining allegations in Paragraph 100.

101. To the extent that Paragraph 101 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 101 refer to a communication from the FDA to Owlet, that communication speaks for itself. Defendants admit that by February 2018, Owlet reported that it had sold more than 250,000 units of the Smart Sock. Defendants deny the remaining allegations in Paragraph 101.

102. To the extent that Paragraph 102 contains conclusions of law or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

17

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

argument, such statements require no response. To the extent that the allegations in Paragraph 102 purport to refer to and quote from Owlet marketing materials, those materials speak for themselves. Defendants deny the remaining allegations in Paragraph 102.

103. To the extent that the allegations in Paragraph 103 refer to and quote from a JAMA research letter, that letter speaks for itself. Defendants deny the remaining allegations in Paragraph 103.

104. To the extent that the allegations in Paragraph 104 refer to and quote from an ABC Good Morning America interview, that interview speaks for itself. Defendants deny the remaining allegations in Paragraph 104.

105. To the extent that the allegations in Paragraph 105 refer to and quote from an article posted by the FDA on its website, that article speaks for itself. Defendants deny the remaining allegations in Paragraph 105.

106. To the extent that Paragraph 106 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 106 refer to and quote from an article posted by the FDA on its website, that article speaks for itself. Defendants deny the remaining allegations in Paragraph 106.

107. To the extent that the allegations in Paragraph 107 refer to and quote from an announcement by Apple, that announcement speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107 regarding FDA determinations with respect to Apple devices, and on that basis deny the allegations. Defendants deny the remaining allegations in Paragraph 107.

108. To the extent that Paragraph 108 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 108 purport to refer to communications from the FDA to Owlet, those communications speak for themselves. Defendants admit that Owlet continued

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

18

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

marketing and selling the Smart Sock in 2018.  Defendants deny the remaining allegations in Paragraph 108.

109.   The allegations in Paragraph 109 refer to and quote from an interview with Owlet's Chief Marketing Officer, that interview speaks for itself.

**Answering "Owlet Decided to Go Public Via a de-SPAC Transaction"**

110.   To the extent that Paragraph 110 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 110 refer to communications from the FDA to Owlet, those communications speak for themselves.  Defendants admit that in 2021, Owlet had been marketing and selling the Smart Sock since October 2015.  Defendants deny the remaining allegations in Paragraph 110.

111.   To the extent that Paragraph 111 contains conclusions of law or argument, such statements require no response.  Defendants admit that Owlet had not turned a profit by early 2021, that Owlet was subject to a going concern warning, and that it had taken Owlet five years to raise $48 million in funding.  Defendants further admit that Owlet had launched two versions of the Smart Sock.  Defendants deny the remaining allegations in Paragraph 111.

112.   To the extent that Paragraph 112 contains conclusions of law or argument, such statements require no response. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112, and on that basis deny the allegations.

113.   To the extent that Paragraph 113 contains conclusions of law or argument, such statements require no response.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113, and on that basis deny the allegations.

114.   To the extent that Paragraph 114 contains conclusions of law or argument, such statements require no response.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

19

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Paragraph 114, and on that basis deny the allegations.

115. To the extent that Paragraph 115 contains conclusions of law or argument, such statements require no response. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115, and on that basis deny the allegations.

**Answering "Owlet Merged with Sandbridge to Become a Public Company"**

116. Defendants admit the allegations in Paragraph 116.

117. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and on that basis deny the allegations.

118. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and on that basis deny the allegations.

119. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and on that basis deny the allegations.

120. Defendants admit the allegations in Paragraph 120.

121. To the extent that the allegations in Paragraph 121 refer to Sandbridge's Amended and Restated Certificate of Incorporation dated September 14, 2020, that document speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 121, and on that basis deny the allegations.

122. To the extent that the allegations in Paragraph 122 purport to refer to a public statement by Sandbridge, that statement speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122, and on that basis deny the allegations.

**Answering "The Pre-Merger Process"**

123. Defendants admit the allegations in Paragraph 123.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

20

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

124. Defendants admit that on October 28, 2020, Sandbridge submitted a draft, non-binding letter of intent to Owlet, and by November 3, 2020, Sandbridge and Owlet had entered into a letter of intent regarding terms of the proposed transaction. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 124, and on that basis deny the allegations.

125. To the extent that the allegations in Paragraph 125 refer to and quote from the Preliminary Proxy, that document speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125, and on that basis deny the allegations.

126. Defendants admit the allegations in Paragraph 126.

127. To the extent that the allegations in Paragraph 127 refer to a press release written by Lior Susan, that public document speaks for itself. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127.

128. Defendants admit the allegations in Paragraph 128.

129. Defendants admit the allegations in Paragraph 129.

**Answering "Defendants Falsely Claim that the Smart Sock was not a Medical Device and That Owlet was FDA-Compliant"**

130. To the extent that Paragraph 130 contains conclusions of law or argument, such statements require no response. Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action and accordingly deny the existence of an applicable class period. Defendants nonetheless admit that a Form S-4 in connection with the merger of Sandbridge and Owlet was filed on March 31, 2021.

131. Defendants admit the allegations in Paragraph 131.

132. To the extent that the allegations in Paragraph 132 refer to and quote from the Form S-4, that publicly available document speaks for itself. Defendants

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

21

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

deny the remaining allegations in Paragraph 132.

133. To the extent that Paragraph 133 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 133 refer to written correspondence from the FDA to Owlet, that correspondence speaks for itself. Defendants deny the remaining allegations in Paragraph 133.

134. To the extent that the allegations in Paragraph 134 refer to and quote from the Form S-4, that publicly available document speaks for itself. Defendants deny the remaining allegations in Paragraph 134.

135. To the extent that the allegations in Paragraph 135 refer to and quote from the Form S-4, that publicly available document speaks for itself. Defendants deny the remaining allegations in Paragraph 135.

136. To the extent that the allegations in Paragraph 136 contain conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 136 refer to written correspondence from the FDA to Owlet, that correspondence speaks for itself. To the extent that the allegations in Paragraph 136 refer to Workman's pre-2015 statements, those public statements speak for themselves. Defendants deny the remaining allegations in Paragraph 136.

137. To the extent that the allegations in Paragraph 137 refer to and quote from the Form S-4/A, that publicly available document speaks for itself. Defendants admit that the Form S-4/A was filed on May 28, 2021, and deny the remaining allegations in Paragraph 137.

138. To the extent that the allegations in Paragraph 138 contain conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 138 refer to written correspondence from the FDA to Owlet, that correspondence speaks for itself. To the extent that the allegations in Paragraph 138 refer to Workman's pre-2015 statements, those public statements speak for themselves. Defendants deny the remaining allegations in Paragraph 138.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

22

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

139.   To the extent that the allegations in Paragraph 139 refer to the Form 424(b)(3) and Form S-1 filed with the SEC, those public filings speak for themselves.  Defendants nonetheless admit that on August 24, 2021, the Registration Statement became effective and included resale by selling securityholders of 58,883,010 shares of common stock issued in connection with the merger, the resale of nearly 13 million shares of common stock issued in the PIPE investment, and the resale of up to 6,600,000 warrants issued in a private placement in connection with Sandbridge's IPO.  Defendants deny the remaining allegations in Paragraph 139.

### **Answering "The Relevant Truth is Revealed"**

140.   To the extent that the allegations in Paragraph 140 contain conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 140 refer to and quote from the October 4, 2021 Form 8-K filed with the SEC and the October 1, 2021 Warning Letter from the FDA, those publicly available documents speak for themselves.  Defendants deny the remaining allegations in Paragraph 140.

141.   To the extent that the allegations in Paragraph 141 contain conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 141 refer to and quote from the October 1, 2021 Warning Letter from the FDA, that publicly available document speaks for itself.  Defendants deny the remaining allegations in Paragraph 141.

142.   To the extent that the allegations in Paragraph 142 refer to and quote from the October 1, 2021 Warning Letter from the FDA, that publicly available document speaks for itself.  Defendants deny the remaining allegations in Paragraph 142.

143.   To the extent that the allegations in Paragraph 143 refer to and quote from the October 1, 2021 Warning Letter from the FDA, that publicly available document speaks for itself.

144.   To the extent that the allegations in Paragraph 144 refer to and quote

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

23

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

from Owlet's Form 8-K, that public filing speaks for itself.

145. To the extent that Paragraph 145 contains conclusions of law or argument, such statements require no response. Defendants admit that the price of Owlet's common stock was $5.48 per share at close on October 1, 2021 and $4.19 at close on October 4, 2021. Defendants deny the remaining allegations in Paragraph 145.

146. To the extent that Paragraph 146 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 146 refer to and quote from a Cowen same-day analyst report, that report speaks for itself. Defendants deny the remaining allegations in Paragraph 146.

147. To the extent that Paragraph 147 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 147 refer to and quote from a BofA same-day report, that report speaks for itself. Defendants deny the remaining allegations in Paragraph 147.

148. To the extent that Paragraph 148 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 148 refer to and quote from articles from the Motley Fool and MarketWatch, those articles speak for themselves. Defendants deny the remaining allegations in Paragraph 148.

**Answering "Relevant Post-Class Period Events"**

149. To the extent that the allegations in Paragraph 149 refer to and quote from Owlet's October 25, 2021 Form 8-K, that public filing speaks for itself. Defendants deny the remaining allegations in Paragraph 149.

150. To the extent that the allegations in Paragraph 150 refer to and quote from a Cowen analyst report, that report speaks for itself. Defendants deny the remaining allegations in Paragraph 150.

151. To the extent that the allegations in Paragraph 151 refer to and quote from Owlet's October 25, 2021 Form 8-K, that public filing speaks for itself.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

24

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Defendants deny the remaining allegations in Paragraph 151.

152.    To the extent that the allegations in Paragraph 152 refer to and quote from a transcript of Owlet's 3Q2021 earnings call, the transcript of that call speaks for itself.  Defendants deny the remaining allegations in Paragraph 152.

153.    To the extent that Paragraph 153 contains conclusions of law or argument, such statements require no response.  Defendants admit that Owlet launched the Dream Sock in December 2021 and began distributing the Dream Sock to consumers in January 2022.  Defendants deny the remaining allegations in Paragraph 153.

154.    To the extent that Paragraph 154 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 154 refer to and quote from Owlet's 4Q2021 earnings call on March 7, 2022, that call speaks for itself. Defendants deny the remaining allegations in Paragraph 154.

155.    To the extent that Paragraph 155 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 155 refer to and quote from Owlet's March 25, 2022 Form 10-K, that public filing speaks for itself. Defendants deny the remaining allegations in Paragraph 155.

156.    To the extent that Paragraph 156 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 156 refer to and quote from Owlet's 3Q2022 earnings call on November 14, 2022, that call speaks for itself. Defendants deny the remaining allegations in Paragraph 156.

157.    To the extent that Paragraph 157 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 157 refer to a June 20, 2023 Owlet press release, that press release speaks for itself.  Defendants deny the remaining allegations in Paragraph 157.

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

25

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

158. To the extent that Paragraph 158 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 158 refer to and quote from an article by Owlet, that article speaks for itself. Defendants deny the remaining allegations in Paragraph 158.

## Answering "Defendants' Materially False and Misleading Statements and Omissions of Material Fact"

159. To the extent that Paragraph 159 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 159 refer to and quote from the Business Combination Agreement attached as Annex A to the March 31, 2021 Form S-4, that publicly available filing speaks for itself. Defendants admit that Owlet, f/k/a Sandbridge filed the Form S-4 on March 31, 2021.

160. To the extent that Paragraph 160 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 160.

161. To the extent that Paragraph 161 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 161 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 161.

162. To the extent that Paragraph 162 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 162 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 162.

163. To the extent that Paragraph 163 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 163 refer to the March 31, 2021 Form S-4, that publicly available filing

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

26

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

speaks for itself. Defendants deny the remaining allegations in Paragraph 163.

164. To the extent that Paragraph 164 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 164 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 164.

165. To the extent that Paragraph 165 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 165 refer to the March 31, 2021 Form S-4, that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 165.

166. To the extent that Paragraph 166 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 166 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 166.

167. To the extent that Paragraph 167 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 167 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 167.

168. To the extent that Paragraph 168 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 168 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 168.

169. To the extent that Paragraph 169 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 169 refer to and quote from the March 31, 2021 Form S-4, that publicly

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

27

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

available filing speaks for itself.  Defendants deny the remaining allegations in Paragraph 169.

170.  To the extent that Paragraph 170 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 170 refer to the March 31, 2021 Form S-4, that publicly available filing speaks for itself.  Defendants deny the remaining allegations in Paragraph 170.

171.  To the extent that Paragraph 171 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 171 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself.  Defendants deny the remaining allegations in Paragraph 171.

172.  To the extent that Paragraph 172 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 172 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself.  Defendants deny the remaining allegations in Paragraph 172.

173.  To the extent that Paragraph 173 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 173 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself.  Defendants deny the remaining allegations in Paragraph 173.

174.  To the extent that Paragraph 174 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in Paragraph 174 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself.  Defendants deny the remaining allegations in Paragraph 174.

175.  To the extent that Paragraph 175 contains conclusions of law or argument, such statements require no response.  To the extent that the allegations in

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
LOS ANGELES

28

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Paragraph 175 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 175.

176. To the extent that Paragraph 176 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 176 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 176.

177. To the extent that Paragraph 177 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 177 refer to and quote from the March 31, 2021 Form S-4, that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 177.

178. To the extent that Paragraph 178 contains conclusions of law or argument, such statements require no response. Defendants admit that Sandbridge Acquisition Corporation filed a Preliminary Prospectus on Form 424(b)(3) on June 21, 2021. To the extent that the allegations in Paragraph 178 refer to and quote from the June 21, 2021 Form 424(b)(3), that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 178.

179. To the extent that Paragraph 179 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 179 refer to and quote from the June 21, 2021 Form 424(b)(3), that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 179.

180. To the extent that Paragraph 180 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 180 refer to the June 21, 2021 Form 424(b)(3), that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 180.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

29

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

181. To the extent that Paragraph 181 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 181 refer to and quote from the June 21, 2021 Form 424(b)(3), that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 181.

182. To the extent that Paragraph 182 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 182 refer to and quote from the June 21, 2021 Form 424(b)(3), that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 182.

183. To the extent that Paragraph 183 contains conclusions of law or argument, such statements require no response. Defendants admit that Owlet filed a Registration Statement on Form S-1 on August 5, 2021. To the extent that the allegations in Paragraph 183 refer to the August 5, 2021 Form S-1, that publicly available filing speaks for itself. Defendants deny the remaining allegations in Paragraph 183.

## Answering "Additional Allegations of Scienter"

184. To the extent that Paragraph 184 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 184.

185. To the extent that Paragraph 185 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 185.

186. To the extent that Paragraph 186 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 186.

187. To the extent that Paragraph 187 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

30

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Paragraph 187 refer to and quote from an IBMC presentation at Harvard, that presentation speaks for itself. Defendants deny the remaining allegations in Paragraph 187.

188. To the extent that Paragraph 188 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 188 refer to and quote 2016 correspondence from the FDA to Owlet, that correspondence speaks for itself. Defendants deny the remaining allegations in Paragraph 188.

189. To the extent that Paragraph 189 contains conclusions of law or argument, such statements require no response. Defendants admit that by 2017, Owlet had launched another version of the Smart Sock. To the extent that the allegations in Paragraph 189 refer to and quote from a 2017 FOX report, that report speaks for itself. Defendants deny the remaining allegations in Paragraph 189.

190. To the extent that Paragraph 190 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 190 refer to and quote from published discussions with Cowen on October 4, 2021, those statements speak for themselves. Defendants deny the remaining allegations in Paragraph 190.

191. To the extent that Paragraph 191 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 191.

192. To the extent that Paragraph 192 contains conclusions of law or argument, such statements require no response. Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action and accordingly deny the existence of an applicable class period. Defendants admit that Owlet has worked to develop different versions of the Smart Sock with varying functions. Defendants deny the remaining allegations in Paragraph 192.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

31

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

193. To the extent that Paragraph 193 contains conclusions of law or argument, such statements require no response. Defendants admit that Smart Sock Plus was designed for children of a wider age range than the original Smart Sock and was sold outside of the United States. Defendants admit that the OTC Sock was able to integrate with telehealth platforms unlike the original Smart Sock. Defendants admit that certain of these products were not sold in the United States. Defendants deny the remaining allegations in Paragraph 193.

194. To the extent that Paragraph 194 contains conclusions of law or argument, such statements require no response. Defendants admit Owlet sold a product called the "Dream Sock." Defendants deny the remaining allegations in Paragraph 194.

195. To the extent that Paragraph 195 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 195 refer to and quote from Owlet's SEC filings, those public filings speak for themselves. Defendants deny the remaining allegations in Paragraph 195.

196. To the extent that Paragraph 196 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 196 refer to and purport to quote from Owlet's SEC filings, those public filings speak for themselves. Defendants admit that Owlet recorded contra-revenue of $23.2 million and accrued returns of $20.1 million as of December 31, 2021. Defendants admit that annual revenues from sales of Dream Sock have been lower than prior annual revenues from sales of Smart Sock. Defendants deny the remaining allegations in Paragraph 196.

### Answering "Loss Causation"

197. To the extent that Paragraph 197 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 197.

198. To the extent that Paragraph 198 contains conclusions of law or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

32

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

argument, such statements require no response. Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action and accordingly deny the existence of an applicable class period. Defendants admit that Owlet traded at a high of $10.32 during the purported class period. Defendants deny the remaining allegations in Paragraph 198.

199. To the extent that Paragraph 199 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 199.

200. To the extent that Paragraph 200 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 200.

201. To the extent that Paragraph 201 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 201 refer to and quote from Owlet's October 4, 2021 Form 8-K, that public filing speaks for itself. Defendants deny the remaining allegations in Paragraph 201.

202. To the extent that Paragraph 202 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 202 refer to and quote from Owlet's October 4, 2021 Form 8-K, that public filing speaks for itself. Defendants deny the remaining allegations in Paragraph 202.

203. To the extent that Paragraph 203 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 203 refer to and quote from the October 5, 2021 Amended Warning Letter, that letter speaks for itself. Defendants deny the remaining allegations in Paragraph 203.

204. To the extent that Paragraph 204 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

33

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Paragraph 204 refer to and quote from the October 5, 2021 Amended Warning Letter, that letter speaks for itself. Defendants deny the remaining allegations in Paragraph 204.

205. To the extent that Paragraph 205 contains conclusions of law or argument, such statements require no response. Defendants admit that Owlet's stock price closed at $4.19 per share on October 4, 2021. Defendants lack the knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 205 regarding trading volume, and on that basis deny the allegations. Defendants deny the remaining allegations in Paragraph 205.

206. To the extent that Paragraph 206 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 206 refer to and quote from an October 4, 2021 Cowen report, that report speaks for itself. Defendants deny the remaining allegations in Paragraph 206.

207. To the extent that Paragraph 207 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 207 refer to and quote from an October 4, 2021 Cowen report, that report speaks for itself. Defendants deny the remaining allegations in Paragraph 207.

208. To the extent that Paragraph 208 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 208 refer to and quote from a BofA report, that report speaks for itself. Defendants deny the remaining allegations in Paragraph 208.

209. To the extent that Paragraph 209 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 209 refer to and quote from an October 4, 2021 Seeking Alpha article, that article speaks for itself. Defendants deny the remaining allegations in Paragraph 209.

210. To the extent that Paragraph 2010 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

34

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Paragraph 2010 refer to and quote from an October 4, 2021 MarketWatch article, that article speaks for itself. Defendants deny the remaining allegations in Paragraph 210.

211. To the extent that Paragraph 211 contains conclusions of law or argument, such statements require no response. To the extent that the allegations in Paragraph 211 refer to an October 25, 2021 announcement by Owlet, that announcement speaks for itself. Defendants admit that Owlet suspended distribution of the Smart Sock on October 22, 2021. To the extent that the allegations in Paragraph 211 refer to an October 25, 2021 BofA report, that report speaks for itself. Defendants deny the remaining allegations in Paragraph 211.

## Answering "Class Action Allegations"

212. To the extent that Paragraph 212 contains conclusions of law or argument, such statements require no response.

213. To the extent that Paragraph 213 contains conclusions of law or argument, such statements require no response. Defendants admit that on July 16, 2021 Owlet's common stock began actively trading on the NYSE under the symbol "OWLT". Defendants further admit that as of March 16, 2022, Owlet had roughly 113 million shares of common stock outstanding. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 213, and on that basis deny those allegations.

214. To the extent that Paragraph 214 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 214.

215. To the extent that Paragraph 215 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 215.

216. To the extent that Paragraph 216 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

35

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

allegations in Paragraph 216.

217. To the extent that Paragraph 217 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 217.

### Answering "A Presumption of Reliance Applies"

218. To the extent that Paragraph 218 contains conclusions of law or argument, such statements require no response. Defendants admit that Owlet's stock was listed and traded on the NYSE, and that Owlet filed periodic reports with the SEC. Defendants deny the remaining allegations in Paragraph 218.

219. To the extent that Paragraph 219 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 219.

220. To the extent that Paragraph 220 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 220.

### Answering "The Statutory Safe Harbor and Bespeaks Caution Doctrine Do Not Apply"

221. To the extent that Paragraph 221 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 221.

222. To the extent that Paragraph 222 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 222.

223. To the extent that Paragraph 223 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 223.

### Answering "Causes of Action"

### Answering "Count I"

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

36

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

224. To the extent that Paragraph 224 contains conclusions of law or argument, such statements require no response. Defendants repeat and incorporate their denials of the allegations in the preceding paragraphs, as if fully set forth herein.

225. To the extent that Paragraph 225 contains conclusions of law or argument, such statements require no response. Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action and accordingly deny the existence of an applicable class. Defendants deny the remaining allegations in Paragraph 225.

226. To the extent that Paragraph 226 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 226.

227. To the extent that Paragraph 227 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 227.

228. To the extent that Paragraph 228 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 228.

229. To the extent that Paragraph 229 contains conclusions of law or argument, such statements require no response. Defendants deny the remaining allegations in Paragraph 229.

230. To the extent that Paragraph 230 contains conclusions of law or argument, such statements require no response. Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action and accordingly deny the existence of an applicable class. Defendants deny the remaining allegations in Paragraph 230.

231. To the extent that Paragraph 231 contains conclusions of law or argument, such statements require no response. Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

37

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

a class action and accordingly deny the existence of an applicable class.  Defendants deny the remaining allegations in Paragraph 231.

232.  To the extent that Paragraph 232 contains conclusions of law or argument, such statements require no response.  Defendants deny the remaining allegations in Paragraph 232.

### Answering "Count II"

233.  To the extent that Paragraph 233 contains conclusions of law or argument, such statements require no response.  Defendants repeat and incorporate their denials of the allegations in the preceding paragraphs, as if fully set forth herein.

234.  To the extent that Paragraph 234 contains conclusions of law or argument, such statements require no response. Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action and accordingly deny the existence of an applicable class.

235.  To the extent that Paragraph 235 contains conclusions of law or argument, such statements require no response.  Defendants deny the remaining allegations in Paragraph 235.

236.  To the extent that Paragraph 236 contains conclusions of law or argument, such statements require no response.  Defendants deny the remaining allegations in Paragraph 236.

237.  To the extent that Paragraph 237 contains conclusions of law or argument, such statements require no response.  Defendants deny the remaining allegations in Paragraph 237.

238.  To the extent that Paragraph 238 contains conclusions of law or argument, such statements require no response.  Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action and accordingly deny the existence of an applicable class.  Defendants deny the remaining allegations in Paragraph 238.

239.  To the extent that Paragraph 239 contains conclusions of law or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

38

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

argument, such statements require no response.  Defendants deny that the prerequisites to a class action have been met or that the complaint is maintainable as a class action and accordingly deny the existence of an applicable class.  Defendants deny the remaining allegations in Paragraph 239.

## RESPONSE TO PRAYER FOR RELIEF

To the extent that any response is required for Plaintiff's prayer for relief, Defendants deny each and every allegation contained therein.

## RESPONSE TO JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

For their further and separate affirmative defenses to the Complaint, Defendants aver the following.  None of these affirmative defenses operates to shift the burden of proof on any of Plaintiff's claims, or any element of those claims. Defendants reserve the right to plead any and all additional affirmative defenses that may in the future become available to them as a result of the discovery of additional facts.

### First Affirmative Defense

The Complaint and each purported claim for relief fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims against Defendants are barred, in whole or in part, because Plaintiff lacks standing to assert its claims against Defendants.

### Third Affirmative Defense

At the time of their purchase of Owlet securities, Plaintiff and members of the putative class knew of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Defendants' purported liability rests.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

39

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

**Fourth Affirmative Defense**

Plaintiff and members of the putative class would have purchased Owlet securities at the same prices even if they had known of the allegedly untrue statements of material fact, omissions of material fact, or misleading statements or other wrongful conduct upon which Defendants' purported liability rests.

**Fifth Affirmative Defense**

Certain matters alleged to be the subject of misrepresentations and omissions were publicly disclosed or were in the public domain, and as such were available to Plaintiff, members of the purported class, and/or the securities markets.

**Sixth Affirmative Defense**

Plaintiff and members of the putative class knew or should have known of the risks associated with Owlet's business at the time of their purchase of Owlet securities, and assumed the risk that the value of their shares would decline.

**Seventh Affirmative Defense**

Plaintiff and members of the putative class have failed to mitigate any damages they may have suffered.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because none of the alleged misrepresentations or misleading statements or omissions that Plaintiff alleges caused, or was a substantial factor in, any increase or decrease in the market value of Owlet securities owned by Plaintiff or other members of the putative class.

**Ninth Affirmative Defense**

Any recovery for damages allegedly incurred by Plaintiff and members of the putative class, if any, is subject to offset in an amount including, but not limited to, any tax benefits actually received by Plaintiff or each member of the putative class through its/his/her investments.

**Tenth Affirmative Defense**

Plaintiff's claims are not actionable to the extent that the alleged untrue

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

40

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

statements of material fact, omissions of material fact, misleading statements, and/or other challenged statements made by Defendants fall within the Safe Harbor provisions of the Reform Act, as codified at 15 U.S.C. § 77z-2(c).

## Eleventh Affirmative Defense

Each of Defendants alleged to be a control person under Section 20(a) of the Securities Exchange Act of 1934 acted in good faith and did not directly or indirectly induce any acts constituting the alleged violations and causes of action.

## Twelfth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the "bespeaks caution" doctrine to the extent they are based on predictions, expressions of opinion, or forward-looking statements.

## Thirteenth Affirmative Defense

Defendants are not liable to Plaintiff or other members of the putative class because the substance of the allegedly omitted or misrepresented material information was disclosed in Defendants' own filings and announcements, and/or in other sources that were publicly available or widely known to the market, the investing community, Plaintiff and members of the putative class.

## Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because at all relevant times Defendants acted in good faith, including by acting in conformity with the law and rules and regulations of the Securities and Exchange Commission.

## Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because at all relevant times Defendants had no duty to disclose any information that the Complaint alleges was omitted, to the extent that such information existed at the time the statements were made.

Defendants have insufficient knowledge or information upon which to form a belief as to whether there may be additional affirmative defenses available to them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

41

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT

Defendants expressly reserve the right to plead additional affirmative and other defenses that may become available or apparent during this litigation and/or required by any amendments to the Complaint.

**WHEREFORE**, Defendants pray that this Court enter judgment as follows:

1.    That judgment be entered in favor of Defendants;

2.    That Plaintiff and the purported plaintiff class take nothing from Defendants by their Complaint, and that the same be dismissed with prejudice;

3.    For costs, attorneys' fees, expert witness fees, and court hearing costs incurred herein; and

4.    For such other and further relief as this Court deems just and proper.

Dated:  August 19, 2024                    Respectfully submitted,

LATHAM & WATKINS LLP


By: */s/ Colleen C. Smith*
Colleen C. Smith

*Attorney for Defendants Owlet, Inc. f/k/a
Sandbridge Acquisition Corporation, and
Kurt Workman*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

42

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO COMPLAINT