LATHAM & WATKINS LLP
   Colleen C. Smith (CA Bar No. 231216)
    colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone: +1.858.523.5400
Facsimile: +1.858.523.5450

   Meryn C. N. Grant (CA Bar No. 291315)
    meryn.grant@lw.com
 355 South Grand Avenue, Suite 100
 Los Angeles, CA 90071-1560
 Telephone: +1.213.485.1234
 Facsimile: +1.213.891.8763

   Michele D. Johnson (CA Bar No. 198298)
    michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

   Christopher S. Turner (*Pro Hac Vice*)
    christopher.turner@lw.com
555 Eleventh Street, Suite 1000
Washington, DC 20004-1304
Telephone: + 1.202.637.2200
Facsimile: +1.202.637.2201

*Attorneys for Defendants Owlet, Inc. f/k/a
Sandbridge Acquisition Corporation and Kurt
Workman*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION and KURT WORKMAN,<br><br>Defendants. | Case No. 2:21-cv-09016-FLA-SSCx<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR RECONSIDERATION**<br><br>Hon. Fernando L. Aenlle-Rocha<br><br>Hearing Date: September 20, 2024<br><br>Hearing Time: 1:30 p.m.<br><br>Courtroom: 6B |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

## I.   INTRODUCTION

On August 8, 2024, three days after this Court denied the 10(b) Defendants' Motion to Dismiss, *see* Dkt. 124 ("Order"), the Court of Appeals for the Ninth Circuit held for the first time that "purchasers of a security of an acquiring company do not have standing under Section 10(b) to sue the target company for alleged misstatements the target company made about itself prior to the merger between the two companies." *In re CCIV/Lucid Motors Sec. Litig.*, No. 23-16049, 2024 WL 3710186, at *3 (9th Cir. Aug. 8, 2024) (quoting *Menora Mivtachim Ins. Ltd. v. Frutarom Indus. Ltd.*, 54 F.4th 82, 88 (2d Cir. 2022)). In so doing, the Ninth Circuit expressly adopted the "purchaser-seller rule," and agreed with the Second Circuit's view that "a plaintiff [only] has standing under Section 10(b) if the plaintiff purchased or sold the securities about which the alleged misrepresentations were made." *Id.* at *5.

Defendants argued in their Motion to Dismiss the Consolidated Amended Complaint that "[b]ecause Plaintiff alleges only misstatements and omissions by and about Owlet *prior* to its merger with Sandbridge, he cannot bring claims under Section 10(b), which requires that a plaintiff have purchased shares in the entity about which the misstatements were made." Dkt. 90 ("MTD") at 20. This Court's August 5, 2024 Order denying Defendants' MTD did not directly address this issue, and the Ninth Circuit's intervening decision in *Lucid Motors* makes plain that Plaintiff may not sue Defendants for any statements made by and about *pre*-merger Owlet, a different legal entity than *post*-merger Owlet. As a result, Defendants respectfully request reconsideration with respect to, and thereby seek dismissal of, Plaintiffs' claims based on statements made prior to Owlet's merger with Sandbridge.

## II.   BACKGROUND

On December 22, 2023, Plaintiff filed a consolidated complaint against Owlet, Inc. ("Owlet"), a healthcare technology company, and its CEO, Kurt Workman,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

2

Case No. 2:21-cv-09016-FLA-SSCx
MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION

asserting claims against both under the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule 10b-5. Dkt. 79 (Compl.) ¶¶ 30-33. Relevant here, Owlet used to be a privately held company, called Owlet Baby Care, Inc., that later merged with Sandbridge Acquisition Corporation ("Sandbridge"), a Special Purpose Acquisition Company ("SPAC"), which was incorporated in June 2020. *Id.* ¶¶ 19, 116. Owlet Baby Care, Inc. and Sandbridge merged on July 15, 2021. *Id.* ¶ 1. On that date, the two entities completed a "reverse" merger in what is known as a "de-SPAC," resulting in Owlet Baby Care, Inc. becoming Owlet, Inc. *Id.*; *see also id.* ¶ 30. And, on that date, Owlet common stock began trading on the New York Stock Exchange.

Plaintiff alleges that Defendants made misleading statements on March 31, 2021, when Owlet Baby Care, Inc., f/k/a Sandbridge, filed a Form S-4, *id.* ¶¶ 159-77, and on June 21, 2021, when Sandbridge, "in coordination with Owlet, filed a Preliminary Prospectus on Form 424(b)(3)." *Id.* ¶ 178; *see also id.* ¶¶ 179-82. And Plaintiff alleges that Owlet made false or misleading statements in the Form S-1 it filed on August 5, 2021 because Owlet "incorporated" prior statements in the S-1. *Id.* ¶ 183.

Defendants moved to dismiss all claims on February 9, 2024. *See generally* MTD. As part of their motion, Defendants argued that "[b]ecause Plaintiff alleges only misstatements and omissions by and about Owlet *prior* to its merger with Sandbridge, he cannot bring claims under Section 10(b), which requires that a plaintiff have purchased shares in the entity about which the misstatements were made." *Id.* at 20. Defendants quoted the Second Circuit's decision in *Menora*, which held that the "purchaser-seller rule requires plaintiffs to have bought or sold the security about which a misstatement was made in order to have standing to sue under Section 10(b)." 54 F.4th at 86. But Defendants also acknowledged that other courts within the Central and Northern Districts of California had not followed *Menora*. *See* MTD at 21 (citing *In re CCIV/Lucid Motors Sec. Litig.*, No. 4:21-cv-

LATHAM&WATKINS<sup>LLP</sup>
ATTORNEYS AT LAW
LOS ANGELES

3

Case No. 2:21-cv-09016-FLA-SSCx
MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION

09323-YGR, 2023 WL 325251, at *6 (N.D. Cal. Jan. 11, 2023)). Defendants advanced the same argument in their reply brief. *See* Dkt. 116 at 12.

On August 5, 2024, this Court denied Defendants' MTD. Dkt. 124. In that Order, this Court "identifie[d] several actionable misstatements or misrepresentations" made by Owlet Baby Care, Inc. in the Form S-4 filed on March 31, 2021. *Id.* at 9-11. The Court did not identify any statements made following Owlet's merger with Sandbridge as false or misleading. The Court also did not address Defendants' arguments concerning the purchaser-seller rule.

On August 8, 2024, the Ninth Circuit expressly adopted the "purchaser-seller rule" and the Second Circuit's reasoning in *Menora*. *See Lucid Motors*, 2024 WL 3710186, at *4. The Circuit explained that it had not yet addressed the limits of Section 10(b) in this context and was, in the *Lucid Motors* decision, opining on the "purchaser-seller rule" for the first time. *Id.*

## III. THE COURT SHOULD RECONSIDER ITS AUGUST 5 RULING AND GRANT DEFENDANTS' MOTION TO DISMISS AS TO DEFENDANTS' PRE-MERGER STATEMENTS

Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief."  In this District, Local Rule 7-18 permits reconsideration where "a change of law occur[s] after the Order was entered." C.D. Cal. L.R. 7-18(b); *see also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("[A] motion for reconsideration should not be granted . . . unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." (quotations and citation omitted)); *Burnham v. Ruan Transp.*, No. 12-0688, 2014 WL 12597505, at *1 (C.D. Cal. Oct. 8, 2014) (reconsidering prior order in light of new Ninth Circuit case law).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

Case No. 2:21-cv-09016-FLA-SSCx
MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION

The Ninth Circuit's decision in *Lucid Motors* represents a change in the applicable law that warrants reconsideration of the Court's Order. In *Lucid Motors*, plaintiffs asserted claims under Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5 against Lucid Motors based on misrepresentations the company and its CEO had made prior to its merger with CCIV, a SPAC. 2024 WL 3710186, at *1. Plaintiffs purchased or acquired shares only in CCIV, and not shares of Lucid Motors. *See id.* at *2 ("Plaintiffs did not purchase or own any interest in Lucid, because Lucid was a privately held company before the merger."). The Ninth Circuit held that the plaintiffs lacked standing to sue CCIV based on the statements that Lucid Motors had made prior to the merger. *See id.* at *4-5.

In *Lucid Motors*, the court explained that "the Ninth Circuit had not yet spoken on the limits of Section 10(b) standing" in this context. 2024 WL 3710186 at *4. In limiting the scope of Section 10(b) by adopting the "purchaser-seller rule," *Lucid Motors* relied on the Supreme Court's decision in *Blue Chip Stamps v. Manor Drug Stores*, which held that only "purchasers or sellers of securities" can bring suit for violations of Section 10(b). 421 U.S. 723, 736 (1975). And, as the Second Circuit explained applying *Blue Chip*, "the question is whether the plaintiff bought or sold the securities *about which* the misstatements were made." *Menora*, 54 F.4th at 88 (emphasis added); *see also Lucid Motors*, 2024 WL 3710186, at *3-4 (explaining that the Ninth Circuit "agree[s] with the Second Circuit that the *Birnbaum* Rule and *Blue Chip* limit Section 10(b) standing to purchasers and sellers of the security about which the alleged misrepresentations were made"). The question does not turn, as the Ninth Circuit explained, on "whether a security is sufficiently connected to a misstatement." *Lucid Motors*, 2024 WL 3710186, at *4. Instead, the court adopted "a bright-line rule" limiting the statements for which a plaintiff may assert claims under Sections 10(b) and 20(a) of the Exchange Act. *Id.* at *5.

*Lucid Motors* dictates that Plaintiff here may not sue Owlet for statements made prior to its merger with Sandbridge. As the Complaint admits, prior to its

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

Case No. 2:21-cv-09016-FLA-SSCx
MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION

merger with Sandbridge—when Owlet Baby Care, Inc. issued the S-4 on March 31, 2021—Owlet Baby Care, Inc. was a privately held company with no publicly traded shares. The statements made in the S-4 were "about" Owlet Baby Care, Inc., the privately held entity. Plaintiff, therefore, cannot have "purchase[d] . . . the security about which the alleged misrepresentations" in the S-4 "were made." *Lucid Motors*, 2024 WL 3710186, at *4.

Were there any doubt that *Lucid Motors* changes the controlling law applicable to Defendants' motion, cases applying *Menora* to situations like this one make clear that a plaintiff may not sue under Section 10(b) to "challenge any statements made by Pre-Merger [Owlet] or its officers about Pre-Merger [Owlet]." *In re CarLotz, Inc. Sec. Litig.*, 667 F. Supp. 3d 71, 76 (S.D.N.Y. 2023). In *CarLotz*, the plaintiff sought to sue the target entity, CarLotz, for statements it made prior to its merger with a SPAC. *See id.* at 75. The court found that *Menora* "foreclose[d] Plaintiffs' challenge to any statements made by Pre-Merger CarLotz about Pre-Merger CarLotz." *Id.* at 78. The pre-merger entity, the court reasoned, was "a privately held entity." *Id.* The *CarLotz* court further rejected the notion that the pre-merger entity and post-merger entity could be "equat[ed]," reasoning that there was "no explanation as to why, as a legal matter, the post-merger entity can be considered interchangeable with the pre-merger, privately held company." *Id.* As a result, the court held, the plaintiffs could not "establish that they 'bought or sold securities about which the misstatements were made.'" *Id.* at 78-79 (quoting *Menora*, 54 F.4th at 88); *see id.* at 79 (making clear that "public statements leading up to the merger" by a privately held entity are immune from liability under Section 10(b)).

Subsequent case law applying the *Menora* opinion that the Ninth Circuit adopted in *Lucid Motors* confirms *CarLotz*'s approach. *See Kusnier v. Virgin Galactic Holdings, Inc.*, No. 21-cv-3070, 2023 WL 8750398, at *8 (E.D.N.Y. Dec. 19, 2023) ("Because the statements at issue here were made by pre-merger Virgin Galactic about its own business operations—*i.e.*, 'about itself'—they were not,

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

Case No. 2:21-cv-09016-FLA-SSCx
MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION

under [*Menora*], 'about' post-merger Virgin Galactic securities."); *In re Alibaba Grp. Holding Ltd. Sec. Litig.*, No. 20-cv-9568, 2023 WL 2601472, at \*5 (S.D.N.Y. Mar. 22, 2023) (applying *Menora* to conclude the same); *In re CarLotz, Inc. Sec. Litig.*, No. 21-cv-5906, 2024 WL 1348749, at \*7 (S.D.N.Y. Mar. 29, 2024) (on a separate motion, holding that "allowing the pre-merger statements to survive would contravene [*Menora*'s] broad holding" and therefore dismissing "Plaintiffs' claims . . . to the extent that they rely on pre-merger statements.").

*Lucid Motors* constitutes a "change of law occurring after" this Court's prior "Order was entered," that compels dismissal of Plaintiff's 10(b) claims premised on statements made by and about pre-merger Owlet.  *See* L.R. 7-18(b); *see also Burnham*, 2014 WL 12597505, at \*1; *see also Scruggs v. Mars*, No. LA CV-22-05617-JAK, 2023 WL 8263364, at \*6 (C.D. Cal. Nov. 9, 2023) (granting a motion for reconsideration where the Ninth Circuit issued an intervening decision that was "plainly material to the analysis" in the court's prior order).

## IV.    CONCLUSION

By expressly adopting the holding and reasoning of the Second Circuit in *Menora*, the Ninth Circuit's decision in *Lucid Motors* prohibits Plaintiff from challenging under Section 10(b) or Section 20(a) of the Exchange Act the statements made by pre-merger Owlet.  Those statements include all of Owlet's statements in the S-4, which was filed on March 31, 2021, more than three months prior to the de-SPAC merger with Sandbridge, which did not occur until July 15, 2021.  The statements in the S-4 are the only allegedly false or misleading statements that this Court identified as actionable in its Order denying Defendants' MTD.  *See* Dkt. 124 at 9-11.  Defendants respectfully request that this Court reconsider its Order denying Defendants' MTD as to Plaintiff's claims based upon these statements.

Dated:  August 19, 2024              Respectfully submitted,

LATHAM & WATKINS LLP

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

7

Case No. 2:21-cv-09016-FLA-SSCx
MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION

By: */s/ Collen C. Smith*
Colleen C. Smith

*Attorney for Defendants Owlet, Inc. f/k/a Sandbridge Acquisition Corporation and Kurt Workman*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

Case No. 2:21-cv-09016-FLA-SSCx
MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel for Defendants Owlet, Inc. and Kurt Workman, certifies that this brief contains 1,992 words, which complies with the word limit of L.R. 11-6.1 and the Court's procedures.

DATED: August 19, 2024                    Respectfully submitted,

                                          LATHAM & WATKINS LLP

                                          By: */s/ Colleen C. Smith*
                                          Colleen C. Smith

                                          *Attorney for Defendants Owlet, Inc. f/k/a Sandbridge Acquisition Corporation and Kurt Workman*

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

9

Case No. 2:21-cv-09016-FLA-SSCx
MEMORANDUM IN SUPPORT OF
MOTION FOR RECONSIDERATION