LATHAM & WATKINS LLP
  Colleen C. Smith (CA Bar No. 231216)
   colleen.smith@lw.com
12670 High Bluff Drive
San Diego, CA 92130
Telephone:  +1.858.523.5400
Facsimile:  +1.858.523.5450

  Michele D. Johnson (CA Bar No. 198298)
   michele.johnson@lw.com
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Telephone: +1.714.540.1235
Facsimile: +1.714.755.8290

  Christopher S. Turner (*Pro Hac Vice*)
   christopher.turner@lw.com
555 Eleventh Street, Suite 1000
Washington, DC 20004-1304
Telephone: + 1.202.637.2200
Facsimile: +1.202.637.2201

*Attorneys for Defendants Owlet, Inc.
and Kurt Workman*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| MICHAEL J. BUTALA,<br><br>    Plaintiff,<br><br>    v.<br><br>OWLET, INC. and KURT WORKMAN,<br><br>    Defendants. | Case No. 2:21-cv-09016-FLA-SSCx<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Hon. Fernando L. Aenlle-Rocha<br>Hearing Date: September 20, 2024<br>Hearing Time: 1:30pm<br>Courtroom: 6B |

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
LOS ANGELES

1

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION

This is a classic situation where reconsideration makes sense.  In the days after the Court's order was issued, the Ninth Circuit published new controlling precedent.  Defendants Owlet, Inc. ("New Owlet") and Kurt Workman ("Defendants") simply ask the Court to revisit its analysis in light of this new authority.  Contrary to Plaintiff's hand wringing about Defendants' purported misapplication of the rules, it is hard to imagine a more appropriate circumstance for reconsideration.

Defendants' request for reconsideration is focused, and asks the Court to narrow the class in this case by applying the principles articulated in the Ninth Circuit's *Lucid* decision.  *Lucid* instructs that the purchaser-seller rule first framed by the Supreme Court in *Blue Chip Stamps* is a bright-line:  Only the "purchasers and sellers of the security about which the alleged misrepresentations were made" may assert claims under Section 10(b).  *In re CCIV/Lucid Motors Sec. Litig.*, 110 F.4th 1181, 1185 (9th Cir. 2024).  Both aspects of this bright-line rule are satisfied here for statements made before the de-SPAC merger on July 15, 2021.

- *First*, Plaintiff bought only New Owlet stock, post-merger.  Plaintiff does not allege that he purchased Sandbridge stock or stock in the pre-merger private company, Owlet Baby Care, Inc. ("Old Owlet").
- *Second,* the statements Plaintiff challenges before the de-SPAC merger on July 14 are about Old Owlet, not New Owlet which did not even exist at the time.

Plaintiff argues that *Lucid* does not control here because it involved claims brought by the shareholders of the acquiring company based on misstatements made by the target company.  This is a red herring.  The purchaser-seller rule is a *bright line* that turns entirely on whether the purchased securities are in an entity that is one and the same with the false statements.  Nor does it matter whether there is a direct relationship between the company in which the securities were

purchased and the company about which the statements were made—the two entities must be one and the same.  Here they are not.

I.    ARGUMENT

**A. Reconsideration Is Proper in Light of the Ninth Circuit's Clarification of the Purchaser-Seller Rule in *Lucid***

Plaintiff dedicates a substantial portion of his opposition brief to arguing that reconsideration is an extraordinary remedy that should rarely be granted.  Dkt. 132 ("Opp.") at 6-7, 10-12.  Defendants do not disagree that reconsideration is the exception, not the rule.  But contrary to Plaintiff's accusation (*id.* at 10, citing inapposite decisions on reconsideration), Defendants are not arguing that the Court somehow failed to read or carefully consider caselaw pre-existing its order—far from it.  Instead, ***this is exactly the situation contemplated by the local rules for reconsideration.***  After the Court's order on the motion to dismiss, the Ninth Circuit issued a published and controlling decision explaining the application of the "purchaser-seller" rule in securities cases involving securities purchased in connection with a de-SPAC merger.  Defendants simply ask the Court to take a fresh look at the purchaser-seller rule in light of this new precedent issued mere days after the Court's decision, consistent with the local rules.  *See*  L.R. 7-18(a) (contemplating reconsideration when there has been a "material difference in fact or law . . . that could not have been known" to the moving party at the time of the order) & 7-18(b) (contemplating reconsideration when there has been "a change in the law" after the order).

Plaintiff seeks to avoid reconsideration by arguing that Section 10(b) standing principles have remained fixed for "nearly 50 years" (Opp. at 4, 8), and so the *Lucid* decision is old news.  But, as the Ninth Circuit explained at the time of its decision on August 8, 2024, "[t]he Second Circuit [was] the *only circuit* court to have considered Section 10(b) standing in the context we face today: alleged misstatements made in advance of an anticipated merger."  *Lucid*, 110 F.4th at

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION

1185 (emphasis added). The Ninth Circuit has now extended the purchaser-seller rule in this judicial circuit to the merger context—the very scenario presented in this case. Just as in *Lucid*, this case involves alleged misstatements made in advance of an anticipated de-SPAC merger. And just as in *Lucid*, Plaintiff's claims are based on alleged false or misleading statements made about one entity (Old Owlet) when Plaintiff purchased securities in a different entity (New Owlet). Compl. ¶¶ 159-78. There can be no reasonable dispute that *Lucid* is instructive here, and this Court should exercise its discretion to reconsider the order it issued without the benefit of the Ninth Circuit's analysis.

Notably, Judge Bencivengo in the Southern District recently issued an order acknowledging that *Lucid* provides new clarification regarding Ninth Circuit law concerning the application of the purchaser-seller rule in the merger context. In *Water Island Event-Driven Fund v. MaxLinear, Inc.*, Judge Bencivengo noted that although the parties had previously briefed standing issues in a Section 10(b) case concerning "a failed merger," the "parties did not then have the benefit of the Ninth Circuit's recent opinion in *Lucid Motors* which adopted the Second Circuit's reasoning from *Menora*." No. 23-CV-01607-CAB-VET, 2024 WL 3974758, at *1, *4 (S.D. Cal. Aug. 28, 2024). After the *Lucid* decision was issued, the defendants in *Water Island* filed a notice of supplemental authority referencing it, and the court found *Lucid* controlling, noting that, "[a]lthough there appears to be a significant connection between the shares of the target and the merger-related statements of its acquirer, the Ninth Circuit has set a bright-line rule that the 'security' at issue must be one about which the alleged misrepresentations were made." *Id.* at *5 & n.2.

Local Rule 7-18 is designed for precisely this situation. The Court did not have the benefit of the Ninth Circuit's guidance on a key issue presented in the motion to dismiss. Defendants simply ask that the court reconsider its order in light of what is clearly a material—and new—legal development.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

4

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION

## B. *Lucid* Prohibits Securities Fraud Claims Based on Statements Made About a Company Whose Securities Plaintiff Did Not Purchase

The *Lucid* rule is clear: to pursue claims under Section 10(b), a plaintiff must have purchased shares in the specific company about which the alleged misstatements were made. 110 F.4th at 1185. To reach that conclusion, the Ninth Circuit adopted wholesale the Second Circuit's reasoning in *Menora Mivtachim Insurance Ltd. v. Frutarom Industries, Ltd.*, 54 F.4th 82, 84 (2d Cir. 2022). *Lucid*, 110 F.4th at 1186 ("We agree with the Second Circuit's reasoning in *Menora*.") (citing *Menora Mivtachim Insurance Ltd. v. Frutarom Industries Ltd.*, 54 F.4th 82, 84 (2d Cir. 2022)). And the Ninth Circuit built on the Supreme Court's explanation of the purchaser-seller rule in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723 (1975), which articulated a "bright-line rule" for determining whether a person is a proper plaintiff to bring a lawsuit based on alleged misstatements. *Lucid*, 110 F.4th at 1185 ("Thus, we endorse and apply the bright-line rule that we think is commanded by Supreme Court precedent in *Blue Chip*."). The bright-line *Lucid* rule simply asks whether a Section 10(b) plaintiff purchased shares in the exact legal entity about which the alleged misrepresentations were made: "We . . . agree with the Second Circuit that the *Birnbaum* Rule and *Blue Chip* limit Section 10(b) standing to purchasers and sellers of the security about which the alleged misrepresentations were made. Thus, we endorse and apply the ***bright-line rule*** that we think is commanded by Supreme Court precedent in *Blue Chip*." *Id.* at 1186 (emphasis added). The Ninth Circuit also embraced the Second Circuit's reasoning rejecting the "sufficiently connected" test, holding that the "significance or directness of the relationship between two companies"—even pre- and post-merger entities—is not relevant. *Lucid*, 110 F.4th at 1186 (citing Menora, 54 F.4th at 87).

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION

The logic and reasoning of *Lucid* dictates the outcome here:  (1) Plaintiff did not purchase and has never owned the securities of Old Owlet; and (2) the pre-merger statements were made by Sandbridge about Old Owlet, not New Owlet.

**Plaintiff Did Not Purchase Old Owlet Securities.**  Plaintiff did not purchase (or even own) shares in Old Owlet, which is the entity "about which Defendants allegedly made misrepresentations" on March 31, 2021 and June 21, 2021.  *Lucid*, 110 F.4th at 1187.  It is beyond dispute that Old Owlet no longer exists after its merger with Sandbridge and was an entirely separate company from New Owlet, whose shares Plaintiff claims to have purchased.  Mot. Ex. 7 at 4, 14-16 (explaining that Old Owlet and Merger Sub would merge and create an entirely new entity, New Owlet); *see also* Compl. ¶ 123 (reflecting same merger structure); Dkt. 132 at 8-9, 12 (acknowledging that pre-merger and post-merger Owlet are different legal entities).

Plaintiff seeks to side-step this problem by arguing that this case is not like *Lucid* in that the plaintiff in *Lucid* owned shares in the acquiring SPAC, rather than in the post-merger public company.  Opp. at 5.  But the purchaser-seller rule explained in *Lucid* straightforwardly instructs that a plaintiff must have purchased shares in the *specific security* "about which" the allegedly misleading statements were made.  *Lucid*, 110 F.4th at 1185-87 ("That CCIV later acquired Lucid does not change our analysis" because "[a]t the time of Defendants' alleged misrepresentations, CCIV and Lucid were two entirely separate companies.").

Here, there can be no reasonable dispute that Old Owlet (Owlet Baby Care, Inc.)—the subject of the allegedly misleading statements on March 31, 2021 and June 21, 2021—is not the same legal entity as New Owlet (Owlet Inc.), the corporate entity in which Plaintiff purchased shares *after* the de-SPAC merger.  Plaintiff admits as much in the Complaint: "Prior to its merger with Owlet Baby Care, Inc. on July 15, 2021, Owlet was a special purpose acquisition company called Sandbridge."  Compl. ¶ 30; *see also id.* ¶ 123.  And cases applying the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

6

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION

purchaser-seller rule articulated in *Menora* and adopted by the Ninth Circuit flatly reject Plaintiff's inference that these entities are interchangeable. *See In re CarLotz, Inc. Sec. Litig.*, 667 F. Supp. 3d 71, 79 (S.D.N.Y. 2023) (reasoning that "Plaintiffs provide no explanation as to why, as a legal matter, the post-merger entity can be considered interchangeable with the pre-merger, privately held company" and holding that plaintiff could not challenge "pre-merger statements" because they "were made by Pre-Merger CarLotz about itself"); *Kusnier v. Virgin Galactic Holdings, Inc.*, 2023 WL 8750398, at *8 (E.D.N.Y. Dec. 19, 2023) ("[P]re-merger statements by an acquisition target 'about itself' are not 'about' the securities of the acquiring company, and, as such, purchasers of those securities do not have standing under the purchaser-seller rule."); *see also* Dkt. 90 at 27; Dkt. 127-1 at 6-7.

**The Challenged Pre-Merger Statements Were About Old Owlet, Not New Owlet.** It is also clear that the pre-merger statements Plaintiff challenges in the S-4 registration statement and in the prospectus were *about* Old Owlet: New Owlet did not yet exist. Indeed, the very SEC filings Plaintiff claims were misleading expressly told investors that all references in them to "Owlet" referred to "Owlet Baby Care, Inc." *See* Dkt. 92-8 at 16 (explaining in the S-4 filed on March 31, 2021 that "Owlet" means "Owlet Baby Care, Inc."—*i.e.*, Old Owlet); Dkt. 92-7 at 14 (same in the Prospectus filed on June 21, 2021).

Plaintiff attempts to evade this straightforward application of the purchaser-seller rule by arguing that *Lucid* "only addressed the standing of investors who purchased the acquiring company's (the SPAC's) securities to bring Section 10(b) claims based on statements about the target company made before a merger was even announced." Opp. at 11. Plaintiff does not explain why this distinction is at all relevant to the application of the purchaser-seller rule, which focuses on *which entity* the statement is about. All of the pre-merger challenged statements at issue here were about Old Owlet. *See* Compl. ¶¶ 159-82. Plaintiff's

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
LOS ANGELES

7

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION

manufactured rule—that would exempt statements made after a merger is announced—is just another means by which to resurrect the "direct relationship" test the Ninth Circuit has already rejected. *Lucid*, 110 F.4th at 1186; *see also Water Island*, 2024 WL 3974758, at *5 (rejecting Section 10(b) standing, reasoning that "Plaintiffs' consolidated complaint makes clear that at the time of Defendants' alleged misrepresentations, MaxLinear and SIMO were two entirely separate companies" (quoting *Lucid*, 110 F.4th at 1187) (cleaned up)).

Plaintiff separately argues that SEC regulations required Old Owlet to disclose all of the information that would be required of it if Old Owlet were the registrant / securities issuer, rather than Sandbridge. Opp. at 12 (citing Joost Decl., Ex. 3). That is wrong. The relevant SEC rules (which Plaintiffs do not even cite) require the post-merger company, New Owlet, to issue what is called a "Super 8-K" post-merger containing all of the information that would be required of any public issuer in an annual report on Form 10-K. *See* Ex. 3 at 22. But this rule has nothing at all to do with pre-merger statements made or SEC filings by the pre-merger entity (Sandbridge) much less New Owlet—an entity that did not even exist before July 14, 2021.

## II.    CONCLUSION

Three days after this Court issued its order on Defendants' motions to dismiss—the Ninth Circuit issued its opinion in *Lucid* and announced, for the first time, how the purchaser-seller rule must be applied in this circuit in the context of de-SPAC merger transactions like the one at issue here. *Lucid* makes clear that statements made about *Old Owlet* (which Plaintiff did not own) cannot give rise to securities fraud claims by purchasers of *New Owlet*, an entirely different legal entity. Defendants accordingly respectfully request the Court reconsider its prior order and dismiss Plaintiff's claims based on all of the challenged statements made before New Owlet came into existence on July 15, 2021.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

8

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION

Dated:  September 6, 2024

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Colleen C. Smith*
Colleen C. Smith

*Attorneys for Defendants Owlet, Inc. and Kurt Workman*

LATHAM&WATKINSᴸᴸᴾ
ATTORNEYS AT LAW
LOS ANGELES

9

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Owlet Defendants, certifies that this brief contains 2,292 words, which complies with the word limit of Local Rule 11-6.1.

Dated:  September 6, 2024

*/s/ Colleen C. Smith*
Colleen C. Smith

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
LOS ANGELES

10

Case No. 2:21-cv-09016-FLA-SSCx
DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR RECONSIDERATION