UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, et al.,<br><br>Defendants. | Case No. 2:21-cv-09016-FLA(SSCx)<br><br>Consolidated with Case No. 2:21-cv-09293-FLA (JEMx)<br><br>CLASS ACTION<br><br>STIPULATION AND AGREEMENT OF SETTLEMENT FOR THE SECTION 10(B) CLASS |

This Stipulation and Agreement of Settlement for the Section 10(b) Class dated as of January 31, 2025 ("Stipulation") is entered into between (i) Court-appointed Lead Plaintiff Dr. Thomas E. Tweito ("Lead Plaintiff" or "Dr. Tweito"), on behalf of himself and the Settlement Class (defined below), and (ii) defendants Owlet, Inc. ("Owlet") and Kurt Workman ("Workman") (together, "Defendants" and, collectively with Lead Plaintiff, the "Parties"), and embodies the terms and conditions of the settlement of the claims asserted under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") in the above-captioned class action ("Action").[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Plaintiff's Claims (defined below) against Defendants.

WHEREAS:

A.    On November 17, 2021, a class action complaint, styled *Michael J. Butala v. Owlet, Inc. f/k/a Sandbridge Acquisition Corp., et al.*, Case No. 2:21-cv-09016-FLA-SSC, was filed in the United States District Court for the Central District of California ("Court"), asserting violations of the federal securities laws against Owlet and certain of its executives. ECF No. 1.

B.    Dr. Tweito moved for appointment as lead plaintiff on January 18, 2022. ECF No. 10. Three other putative class members filed competing motions for appointment. ECF Nos. 13, 17, 21.[2] By Order dated September 8, 2023, the Court appointed Dr. Tweito as Lead Plaintiff for the Section 10(b) class and approved his

---

[1]    All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 below.

[2]    These motions also sought consolidation of related actions. *Id.* By Order dated September 29, 2022, the Court consolidated the class action complaint styled *Jones Cherian v. Owlet, Inc., et al.*, Case No. 2:21-cv-09293-FLA (JEMx) with this Action. ECF No. 55.

selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the Section 10(b) class. ECF No. 63.[3]

C.    On December 22, 2023, Lead Plaintiff filed the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint") on behalf of all persons and entities who purchased or otherwise acquired securities of Owlet between March 31, 2021 and October 4, 2021, both dates inclusive ("Class Period"), and who were damaged thereby. ECF No. 79.[4] Lead Plaintiff asserted: (i) claims under Section 10(b) of the Exchange Act, and Rule 10b-5 promulgated thereunder, against Owlet and Workman; and (ii) claims under Section 20(a) of the Exchange Act against Workman. Lead Plaintiff alleged that, during the Class Period, Defendants made materially false and misleading statements regarding regulatory approval to market certain medical devices – i.e.,  Owlet's flagship product, a baby monitor allowing parents to track an infant's oxygen levels, heart rate, and sleep trends in real time – in the United States. Lead Plaintiff further alleged that the price of Owlet securities was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

D.    On February 9, 2024, Defendants moved to dismiss the Complaint. ECF No. 90. Along with their motion, Defendants filed a request for judicial notice. ECF No. 91. On March 22, 2024, Lead Plaintiff opposed Defendants' motion to dismiss and responded to Defendants' request for judicial notice. ECF Nos. 114-15.

---

[3]    By the same Order, the Court appointed Drew Conant as lead plaintiff for the Section 14(a) class and approved his selection of Pomerantz LLP as lead counsel for the Section 14(a) class. *Id*. The portion of the case asserting 14(a) Exchange Act claims on behalf of the Section 14(a) class has also settled. The terms of the 14(a) Class Settlement are being negotiated separately from this Settlement.

[4]    Lead Plaintiff previously filed the Consolidated Complaint for Violations of the Federal Securities Laws on November 21, 2023. ECF No. 71. Lead Plaintiff re-filed the Complaint on December 22, 2023 in compliance with the Court's November 29, 2023 briefing schedule. ECF No. 78.

1  On May 10, 2024, Defendants filed replies in support of their motion to dismiss and
2  request for judicial notice. ECF Nos. 116, 118.

3       E.    By Order dated August 5, 2024, the Court denied Defendants' motion
4  to dismiss the Complaint. ECF No. 124.

5       F.    Pursuant to the Court's August 5, 2024 Order, Defendants answered the
6  Complaint on August 19, 2024. ECF No. 126. On the same day, Defendants filed a
7  motion for reconsideration of the Court's ruling on Defendants' motion to dismiss
8  the Complaint. ECF No. 127. Lead Plaintiff opposed Defendants' motion for
9  reconsideration on August 30, 2024. ECF No. 132. Defendants filed a reply in
10  support of their motion for reconsideration on September 6, 2024. ECF No. 133.

11       G.    While Defendants' motion for reconsideration was pending, the Parties
12  filed a Joint Report and Discovery Plan Pursuant to Federal Rule of Civil Procedure
13  26(f) on September 20, 2024. ECF No. 135.

14       H.    By Order dated September 26, 2024, the Court granted in part and
15  denied in part Defendants' motion for reconsideration. ECF No. 139. More
16  specifically, the Court: (i) granted Defendants' motion as to challenged pre-merger
17  statements and dismissed without leave to amend claims based upon statements
18  made prior to the merger between Owlet and Sandbridge Acquisition Corporation
19  ("Sandbridge"); and (ii) denied Defendants' motion as to challenged post-merger
20  statements made by and about Owlet. *Id*.

21       I.    Following the Court's ruling on Defendants' motion for
22  reconsideration, the Parties agreed to participate in a private mediation before David
23  M. Murphy, Esq., of Phillips ADR Enterprises. On November 15, 2024, the Parties
24  exchanged detailed mediation statements and accompanying exhibits that were also
25  submitted to Mr. Murphy. A mediation session with Mr. Murphy was held on
26  November 25, 2024. At the mediation session, the Parties engaged in vigorous
27  settlement negotiations and ultimately agreed to resolve the claims asserted in the
28  Complaint for $3.5 million.

EXECUTION VERSION

J.    On December 2, 2024, the Parties informed the Court of their agreement-in-principle to resolve all claims under Sections 10(b) and 20(a) of the Exchange Act, as alleged in the Complaint. ECF No. 140.[5]

K.    Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiff and his counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Lead Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of his counsel, Lead Plaintiff has agreed to settle and release the Released Plaintiff's Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the financial benefit that Lead Plaintiff and the other members of the Settlement Class will receive from the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

L.    This Stipulation constitutes a compromise of all matters that are in dispute between the Parties. Defendants are entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further protracted litigation. Each of the Defendants denies that they have committed any act or omission giving rise to any liability under Sections 10(b) and 20(a) of the Exchange Act, including Rule 10-b(5) promulgated thereunder, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damages whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted. Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to either of them, and expressly deny any and all allegations of fault,

---

[5]    On December 27, 2024, plaintiffs for the 14(a) class notified the Court that they reached an agreement-in-principle to resolve claims under Section 14(a) of the Exchange Act, as alleged in the Amended Consolidated Complaint for Violations of the Federal Securities Laws (ECF No. 80). ECF No. 142.

liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted by him in the Action, or an admission or concession that any of Defendants' defenses to liability had any merit.

NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e), that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be settled and released, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.    As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)   "14(a) Class Settlement" means the agreement-in-principle between the 14(a) Plaintiffs and Defendants to resolve the Section 14(a) Exchange Act claims asserted in the case.

(b)   "14(a) Plaintiffs" means Drew Conant and Eric Lee.

(c)   "14(a) Settlement Class" or "Section 14(a) Settlement Class" means all persons and entities that held Sandbridge common stock as of June 1, 2021 and were eligible to vote at Sandbridge's special meeting on July 14, 2021.

(d)   "Action" or "10(b) Action" means the portion of the consolidated securities class action styled *Michael J. Butala v. Owlet, Inc., et al.*, Case No. 2:21-cv-09016-FLA-SSC (C.D. Cal.) asserting 10(b) and 20(a) Exchange Act claims on behalf of the Settlement Class.

(e)   "Alternate Judgment" means a form of final judgment that may

1  be entered by the Court herein but in a form other than the form of Judgment
2  provided for in this Stipulation.

3          (f)    "Authorized Claimant" means a Settlement Class Member who
4  submits a Claim to the Claims Administrator that is approved by the Court for
5  payment from the Net Settlement Fund.

6          (g)    "Claim" means a paper claim submitted on a Proof of Claim Form
7  or an electronic claim that is submitted to the Claims Administrator.

8          (h)    "Claim Form" or "Proof of Claim Form" means the form,
9  substantially in the form attached hereto as Exhibit 4 to Exhibit A, that a Claimant
10  must complete and submit should that Claimant seek to share in a distribution of the
11  Net Settlement Fund. The Claim Form attached hereto as Exhibit A-4 is also being
12  used for the 14(a) Class Settlement.

13          (i)    "Claimant" means a person or entity who or which submits a
14  Claim to the Claims Administrator seeking to be eligible to share in the proceeds of
15  the Net Settlement Fund.

16          (j)    "Claims Administrator" means the firm retained by Lead
17  Counsel, subject to approval of the Court, to provide all notices approved by the
18  Court to potential Settlement Class Members and to administer the Settlement. The
19  Claims Administrator is also being retained by counsel for the 14(a) Class
20  Settlement, subject to approval of the Court.

21          (k)    "Class Distribution Order" means an order entered by the Court
22  authorizing and directing that the Net Settlement Fund be distributed, in whole or in
23  part, to Authorized Claimants.

24          (l)    "Class Period" means the period between March 31, 2021 and
25  October 4, 2021, both dates inclusive.

26          (m)    "Complaint" means the Consolidated Complaint for Violations of
27  the Federal Securities Laws dated December 22, 2023.

28          (n)    "Court" means the United States District Court for the Central

- 6 -

District of California.

(o)    "Defendants" means Owlet, Inc. and Kurt Workman.

(p)    "Defendants' Counsel" means Latham & Watkins LLP.

(q)    "Defendants' Releasees" means Defendants, Defendants' respective former, present or future parent companies, controlling shareholders, subsidiaries, divisions and affiliates and the respective present and former employees, members, managers, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

(r)    "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 33 of this Stipulation have been met and have occurred or have been waived.

(s)    "Escrow Account" means an account maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.

(t)    "Escrow Agent" means The Huntington National Bank.

(u)    "Escrow Agreement" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(v)    "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed

- 7 -

1   on an appeal, the expiration of the time to file a petition for a writ of certiorari or

2   other form of review, or the denial of a writ of certiorari or other form of review,

3   and, if certiorari or other form of review is granted, the date of final affirmance

4   following review pursuant to that grant.  However, any appeal or proceeding seeking

5   subsequent judicial review pertaining solely to an order issued with respect to (i)

6   attorneys' fees, costs, or expenses, or (ii) the plan for allocating the Settlement

7   proceeds (as submitted or subsequently modified), shall not in any way delay or

8   preclude a judgment from becoming Final.

9         (w)   "Immediate Family" means, as defined in 17 C.F.R § 229.404,

10   Instructions 1(a)(iii) and 1(b)(ii), children, stepchildren, parents, stepparents,

11   spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law,

12   brothers-in-law, sisters-in-law and any persons (other than a tenant or employee)

13   sharing the household.

14         (x)   "Judgment" means the final judgment, substantially in the form

15   attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

16         (y)   "Lead Counsel" means Kessler Topaz Meltzer & Check, LLP.

17         (z)   "Lead Plaintiff" or "Dr. Tweito" means Dr. Thomas E. Tweito.

18         (aa)   "Litigation Expenses" means the costs and expenses incurred in

19   connection with commencing, prosecuting, and settling the Section 10(b) and 20(a)

20   Exchange Action claims asserted in the case (which may include the costs and

21   expenses of Lead Plaintiff directly related to his representation of the Settlement

22   Class), for which Lead Counsel intends to apply to the Court for payment from the

23   Settlement Fund.

24         (bb) "Net Settlement Fund" means the Settlement Fund less: (i) any

25   Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses

26   awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any

27   other costs or fees approved by the Court.

28

1    (cc) "Notice" or "10(b) Class Notice" means the Notice of (I)

2  Pendency of Class Action and Proposed 10(b) Class Settlement; (II) Settlement s;

3  and (III) Motion for Attorneys' Fees and Litigation Expenses, substantially in the

4  form attached hereto as Exhibit 2 to Exhibit A, which is to be posted on the

5  Settlement Website and mailed and/or emailed to Settlement Class Members upon

6  request.

7    (dd) "Notice and Administration Costs" means the costs, fees, and

8  expenses that are incurred by the Claims Administrator and/or Plaintiff's Counsel in

9  connection with: (i) providing notices to the Settlement Class; and (ii) administering

10  the Settlement, including but not limited to the Claims process, as well as the costs,

11  fees, and expenses incurred in connection with the Escrow Account.

12    (ee) "Owlet" or the "Company" means Owlet, Inc. f/k/a Sandbridge

13  Acquisition Corporation.

14    (ff) "Parties" means Defendants and Lead Plaintiff, on behalf of

15  himself and the Settlement Class.

16    (gg) "Plaintiff's Counsel" means Kessler Topaz Meltzer & Check,

17  LLP, Robbins Geller Rudman & Dowd LLP, and the Schall Law Firm.

18    (hh) "Plaintiff's Releasees" means Lead Plaintiff, all other Settlement

19  Class Members, and their respective current and former parents, affiliates,

20  subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees,

21  partnerships, partners, trustees, trusts, employees, Immediate Family members,

22  insurers, reinsurers, and attorneys, in their capacities as such.

23    (ii) "Plan of Allocation" means the proposed plan of allocation of the

24  Net Settlement Fund set forth in the Notice.

25    (jj) "Postcard Notice" means the postcard notice, substantially in the

26  form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed and/or emailed

27  to Settlement Class Members advising of both the 10(b) Class Settlement and the

28  14(a) Class Settlement.

1    (kk)  "Preliminary Approval Order" means the order, substantially in
2    the form attached hereto as Exhibit A, to be entered by the Court preliminarily
3    approving the Settlement and directing that notice of the Settlement be provided to
4    the Settlement Class.

5    (ll)   "PSLRA" means the Private Securities Litigation Reform Act of
6    1995, 15 U.S.C. §§ 77z-1, 78u-4, as amended.

7    (mm)"Released Claims" means all Released Defendants' Claims and
8    all Released Plaintiff's Claims.

9    (nn)  "Released Defendants' Claims" means all claims and causes of
10   action of every nature and description, whether known or unknown, whether arising
11   under federal, state, local, common, statutory, administrative or foreign law, or any
12   other law, rule or regulation, at law or in equity, whether class or individual in nature,
13   whether accrued or unaccrued, whether liquidated or unliquidated, whether matured
14   or unmatured, that arise out of or relate in any way to the institution, prosecution, or
15   settlement of the claims against Defendants. Released Defendants' Claims shall not
16   include any claims relating to the enforcement of the Settlement.

17   (oo)  "Released Plaintiff's Claims" means all claims and causes of
18   action of every nature and description, whether known or unknown, whether arising
19   under federal, state, local, common, statutory, administrative or foreign law, or any
20   other law, rule or regulation, at law or in equity, whether class or individual in nature,
21   whether accrued or unaccrued, whether liquidated or unliquidated, whether matured
22   or unmatured, that Lead Plaintiff or any other member of the Settlement Class:
23   (i) asserted in the Complaint or (ii) could have asserted in any court or forum that
24   arise out of or are based upon the same allegations, transactions, facts, matters or
25   occurrences, representations, or omissions set forth in the Complaint and that relate
26   to the purchase or other acquisition of Owlet securities (i.e., common stock and
27   warrants) during the Class Period. Released Plaintiff's Claims shall not include:
28   (i) any claims relating to the enforcement of the Settlement; (ii) any of the claims

being resolved by the 14(a) Class Settlement; (iii) any derivative claims; or (iv) any claims of any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

(pp) "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(qq) "Releases" means the releases set forth in ¶¶ 5-6 of this Stipulation.

(rr) "Sandbridge" means Sandbridge Acquisition Corporation

(ss) "Settlement" or "10(b) Class Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(tt) "Settlement Amount" means $3,500,000.00 in cash.

(uu) "Settlement Class" or "Section 10(b) Settlement Class" means all persons and entities who purchased or otherwise acquired securities of Owlet (i.e., common stock and/or warrants) between March 31, 2021 and October 4, 2021, both dates inclusive, and who were damaged thereby. Excluded from the Settlement Class are Defendants, the officers and directors of Owlet, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

(vv) "Settlement Class Member" means each person and entity who or which is a member of the Settlement Class.

(ww) "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(xx) "Settlement Hearing" means the hearing set by the Court under

Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(yy) "Settlement Website" means the website created for the 10(b) Class Settlement and the 14(a) Class Settlement on which the long-form notices for the settlements and Claim Form, as well as other information related to the Action and the settlements, will be posted.

(zz) "Summary Notice" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlements; (II) Settlement Hearings; and (III) Motions for Attorneys' Fees and Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, advising of both the 10(b) Class Settlement and the 14(a) Class Settlement, to be published as set forth in the Preliminary Approval Order.

(aaa) "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Plaintiff's Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(bbb) "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights,

and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

## CLASS CERTIFICATION

2.      Solely for purposes of the Settlement, Defendants stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Section 10(b) Settlement Class; (b) appointment of Lead Plaintiff as Class Representative for the Section 10(b) Settlement Class; and (c) appointment of Lead Counsel as Class Counsel for the Section 10(b) Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## PRELIMINARY APPROVAL OF SETTLEMENT

3.      On or before January 31, 2025, Lead Plaintiff will move for preliminary approval of the Settlement, authorization to provide notice of the Settlement to the Settlement Class, and the scheduling of a hearing to consider final approval of the Settlement, which motion shall be unopposed by Defendants. Concurrently with this motion, Lead Plaintiff shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

4.      The obligations incurred pursuant to this Stipulation are in consideration of: (a) the full and final disposition of the Section 10(b) and 20(a)

Exchange Act claims asserted in the Action as against Defendants; and (b) the Releases provided for herein.

5.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

6.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiff's Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

7.      Notwithstanding ¶¶ 5-6 above, nothing in the Judgment, or the

EXECUTION VERSION

Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

8.    In consideration of the settlement of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount into the Escrow Account within twenty-eight (28) calendar days following the latter of: (i) the Court's entry of an order preliminarily approving the Settlement, and (ii) Defendants having received customary written instructions to pay the Settlement Amount by check or wire into the Escrow Account and an IRS Form W-9 for the Escrow Account. Other than the costs of providing notice under the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b) (*see* ¶ 21 below), Defendants shall have no obligation to make any payment besides payment of the Settlement Amount in connection with the Settlement.

## USE OF SETTLEMENT FUND

9.    The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 25-29 below.

10.    Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. At the written direction of Lead Counsel, the Escrow Account shall invest any funds in the Escrow Account exclusively in instruments or accounts backed by the full faith and credit of the United States Government or fully insured

by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either: (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or (b) secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates.

11.    The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendants' Releasees shall not have any liability or responsibility for any such Taxes. Upon written request, Defendants will provide to Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e). Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

12.    All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Lead Counsel and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect

that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Lead Counsel or its agents with respect to the payment of Taxes, as described herein.

13.    The Settlement is not a claims-made settlement. Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14.    Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Escrow Account, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable. Notice and Administration Costs shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, developing the Settlement Website and posting the Notice and Claim Form, publishing the Summary Notice, reimbursements to nominee owners for searching and providing the names/addresses of prospective Settlement Class Members for noticing or forwarding the Postcard Notice directly to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion

of the Settlement Amount.

15. Lead Plaintiff and the 14(a) Plaintiffs have agreed that the costs and expenses incurred for notices pertaining to both the 10(b) Class Settlement and the 14(a) Class Settlement (e.g., the Postcard Notice and Summary Notice), the processing of Claims, and any other costs and expenses that are shared between the 10(b) Class Settlement and the 14(a) Class Settlement (e.g., the Settlement Website), will be paid in proportion to the total amounts of the respective settlements.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16. Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiff's Counsel to be paid solely from (and out of) the Settlement Fund. Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to his representation of the Settlement Class, to be paid solely from (and out of) the Settlement Fund. Lead Counsel's application for attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

17. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Lead Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiff's Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiff's Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement;

1  or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation
2  Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses
3  is not a necessary term of this Stipulation and is not a condition of the Settlement
4  embodied herein. Neither Lead Plaintiff nor his counsel may cancel or terminate the
5  Settlement based on this Court's or any appellate court's ruling with respect to
6  attorneys' fees and/or Litigation Expenses. Plaintiff's Counsels' fee and expense
7  application shall be treated by the Court separately from the fairness, reasonableness,
8  and adequacy of this Stipulation and the associated Settlement.

9       18.    Lead Counsel shall allocate the attorneys' fees between Plaintiff's
10  Counsel in a manner which it, in good faith, believes reflects the contributions of
11  such counsel to the institution, prosecution, and settlement of the Action.
12  Defendants' Releasees shall have no responsibility for or liability whatsoever with
13  respect to any payment to Plaintiff's Counsel from the Settlement Fund and/or the
14  allocation of an award of attorneys' fees or Litigation Expenses between Plaintiff's
15  Counsel. The attorneys' fees and Litigation Expenses that are awarded to Plaintiff's
16  Counsel shall be payable solely from the Escrow Account.

17           **NOTICE AND SETTLEMENT ADMINISTRATION**

18       19.    As part of the Preliminary Approval Order, Lead Counsel shall seek
19  appointment of a Claims Administrator. The Claims Administrator shall administer
20  the Settlement (as well as the 14(a) Class Settlement, subject to approval by the
21  Court), including but not limited to the process of receiving, reviewing, and
22  approving or denying Claims, under Lead Counsel's supervision and subject to the
23  jurisdiction of the Court. None of the Defendants, nor any other Defendants'
24  Releasees, shall have any involvement in or any responsibility, authority, or liability
25  whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the
26  administration of the Settlement, the Claims process, or disbursement of the Net
27  Settlement Fund, and shall have no liability whatsoever to any person or entity,
28  including, but not limited to, Lead Plaintiff, any other Settlement Class Members, or

Plaintiff's Counsel in connection with the foregoing. Defendants and Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

20.    In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Lead Counsel shall cause the Claims Administrator to mail and/or email the Postcard Notice to those members of the Settlement Class as may be identified through reasonable effort. Lead Counsel shall also cause the Claims Administrator to post the 10(b) Class Notice and Claim Form on the Settlement Website as well as cause the Claims Administrator to have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court. For the purposes of identifying and providing notice to the Settlement Class, within ten (10) business days after the Court's entry of the Preliminary Approval Order, Defendants shall make reasonable efforts to provide to the Claims Administrator in electronic format (such as Excel) (at no cost to the Settlement Fund, Lead Plaintiff, the Settlement Class, Plaintiff's Counsel or the Claims Administrator) list(s), consisting of names, addresses, and e-mail addresses (if available), of purchasers of record of Owlet securities (i.e., common stock and warrants) during the Class Period.

21.    No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 et seq. ("CAFA"). Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with CAFA § 1715(b).

22.    The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized

Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 2 to Exhibit A, or in such other plan of allocation as the Court approves). Claims received for this Settlement will also be processed in accordance with the plan of allocation for the 14(a) Class Settlement, as approved by the Court.

23.    The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiff and Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Any issues, problems, objections, or appeals with respect to the plan of allocation will not affect the validity or finality of the Settlement (or the Releases contained herein). No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation, or responsibility whatsoever for the application of the Court-approved plan of allocation.

24.    Any Settlement Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

25.    Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court

approval. No Defendant, nor any other Defendants' Releasees, shall be permitted to review, contest, or object to any Claim, or any decision of the Claims Administrator or Lead Counsel with respect to accepting or rejecting any Claim for payment. Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

26.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 4 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in its discretion, may deem acceptable;

(b)    All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the notices. Any Settlement Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiff's Claim. Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail

and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)    Each Claim shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)    Claims that do not meet the submission requirements may be rejected. Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted. The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

27.    Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's

status as a Settlement Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

28.     Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

29.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants. All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

30.     No person or entity shall have any claim against Lead Plaintiff, Plaintiff's Counsel, the Claims Administrator, or any other agent designated by Plaintiff's Counsel, or Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with this Stipulation, the plan of allocation approved by the Court, or any order of the Court. Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages consultant and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any

claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

31.    All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members, other Claimants, and Parties to this Stipulation expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## **TERMS OF THE JUDGMENT**

32.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## **CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION**

33.    The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)    the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 3 above;

(b)    the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 8 above;

(c)    Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

(d)    Lead Plaintiff has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)    the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

34.    Upon the occurrence of all of the events referenced in ¶ 33 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

35.    If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises his right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated;

(b)    Lead Plaintiff and Defendants shall revert to their respective litigation positions in the Action immediately prior to their agreement-in-principle to resolve the Sections 10(b) and 20(a) Exchange Act claims asserted in the Action on November 25, 2024;

(c)    Neither Lead Plaintiff nor Defendants will use or rely on any statement, document, admission, or agreement concerning the Settlement and/or settlement discussions in the Action;

(d)    The terms and provisions of this Stipulation, with the exception of this ¶ 35 and ¶¶ 14-15, 17, 39, and 59, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, nunc pro tunc; and

(e)   Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon, and change in value as a result of the investment of the Settlement Fund, and any funds received by Lead Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct). In the event that the funds received by Lead Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

36.   It is further stipulated and agreed that Defendants and Lead Plaintiff shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court, and the provisions of ¶ 35 above shall apply. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement,

1    shall not affect the finality of any Judgment or Alternate Judgment, if applicable,

2    and shall not be grounds for termination of the Settlement.

3        37.    Lead Plaintiff shall also have the option to terminate the Settlement in

4    the event that the Settlement Amount has not been paid as provided for in ¶ 8 above,

5    by providing written notice of the election to terminate to Defendants' Counsel.

6        38.    As set forth in a separate agreement ("Supplemental Agreement")

7    executed between Lead Plaintiff and Defendants, by and through their counsel,

8    Owlet may terminate the Settlement and render it null and void in the event that

9    Settlement Class Members who collectively purchased or otherwise acquired more

10   than a certain amount of Owlet securities during the Class Period exclude themselves

11   from the Settlement Class. The Parties agree to maintain the confidentiality of the

12   Supplemental Agreement, which is being executed concurrently herewith. The

13   Supplemental Agreement shall not be filed with the Court and its terms shall not be

14   disclosed in any other manner (other than the statements herein and in the Notice, to

15   the extent necessary, or as otherwise provided in the Supplemental Agreement),

16   unless and until the Court requires the Parties to file the Supplemental Agreement or

17   disclose its terms. If submission of the Supplemental Agreement is ordered by the

18   Court or is necessary to resolve a dispute between Lead Plaintiff and Defendants,

19   the Parties will seek to have the Supplemental Agreement submitted to the Court *in*

20   *camera* or filed under seal, but such disclosure shall be carried out to the fullest

21   extent possible in accordance with the practices of the Court so as to preserve the

22   confidentiality of the Supplemental Agreement, particularly the threshold aggregate

23   amount of securities.

24                            **NO ADMISSION OF WRONGDOING**

25        39.    Neither this Stipulation (whether or not consummated), including the

26   exhibits hereto and the Plan of Allocation contained therein (or any other plan of

27   allocation that may be approved by the Court), the Parties' mediation and subsequent

28   Settlement, the communications and/or discussions leading to the execution of this

1    Stipulation, nor any proceedings taken pursuant to or in connection with this
2    Stipulation, and/or approval of the Settlement (including any arguments proffered in
3    connection therewith):

4         (a)    shall be offered against any of the Defendants' Releasees as
5    evidence of, or construed as, or deemed to be evidence of any presumption,
6    concession, or admission by any of the Defendants' Releasees with respect to the
7    truth of any fact alleged by Lead Plaintiff or the validity or infirmity of any claim
8    that was or could have been asserted or the deficiency of any defense that has been
9    or could have been asserted in this Complaint or in any other litigation, or of any
10   liability, negligence, fault, or other wrongdoing of any kind of any of the
11   Defendants' Releasees or in any way referred to for any other reason as against any
12   of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal,
13   or administrative action or proceeding, other than such proceedings as may be
14   necessary to effectuate the provisions of this Stipulation;

15        (b)    shall be offered against any of the Plaintiff's Releasees, as
16   evidence of, or construed as, or deemed to be evidence of any presumption,
17   concession, or admission by any of the Plaintiff's Releasees that any of their claims
18   are without merit, that any of the Defendants' Releasees had meritorious defenses,
19   or that damages recoverable under the Complaint would not have exceeded the
20   Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing
21   of any kind, or in any way referred to for any other reason as against any of the
22   Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or
23   administrative action or proceeding, other than such proceedings as may be
24   necessary to effectuate the provisions of this Stipulation; or

25        (c)    shall be construed against any of the Releasees as an admission,
26   concession, or presumption that the consideration to be given hereunder represents
27   the amount which could be or would have been recovered after trial;

28

*provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

40.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

41.    Each Defendant warrants, as to the payments made or to be made on behalf of himself or itself only, that at the time of entering into this Stipulation and at the time of such payment they, or to the best of their knowledge any persons or entities contributing to the payment of the Settlement Amount, were not insolvent, nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof. This representation is made by each of the Defendants and not by their counsel.

42.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the Releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the Action as provided in ¶ 35(b) above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with

respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 35(e) above.

43.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiff's Claims. Lead Plaintiff and Defendants agree that each has complied fully with the strictures of Rule 11 of the Federal Rules of Civil Procedure, and the proposed Judgment will contain a statement to reflect this compliance. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by David M. Murphy, and reflect that the Settlement was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

44.     Lead Plaintiff and Plaintiff's Counsel and Defendants and Defendants' Counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

45.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

46.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

47.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees

and Litigation Expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

48.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

49.    This Stipulation and its exhibits and the Supplemental Agreement described in ¶ 38 constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement. Lead Plaintiff, the 14(a) Plaintiffs, and Defendants have also agreed on a procedure with respect to joint notice and administration of the 10(b) Class Settlement and the 14(a) Class Settlement. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation or its exhibits other than those contained and memorialized in such documents.

50.    This Stipulation and the Supplemental Agreement may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

51.    This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

52.    The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

53.    Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

54.    This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

55.    All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

56.    Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

57.    If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| If to Lead Plaintiff or Plaintiff's Counsel: | Kessler Topaz Meltzer & Check, LLP<br>   Attn:  Jennifer L. Joost, Esq.<br>One Sansome Street, Suite 1850<br>San Francisco, CA  94104<br>Telephone: (415) 400-3000<br>Email: jjoost@ktmc.com |
| If to Defendants: | Latham & Watkins LLP<br>   Attn:  Colleen C. Smith, Esq. |

1
2
3
4
5

Christopher S. Turner, Esq.
12670 High Bluff Drive
San Diego, CA  92130
Telephone: (858) 523-5400
Email: colleen.smith@lw.com
Email: christopher.turner@lw.com

6   58.    Except as otherwise provided herein, each Party shall bear its own
7 costs.

8   59.    Whether or not the Stipulation is approved by the Court and whether or
9 not the Stipulation is consummated, or the Effective Date occurs, the Parties and
10 their counsel shall use their best efforts to keep all negotiations, discussions, acts
11 performed, agreements, drafts, documents signed, and proceedings in connection
12 with the Stipulation confidential.

13   60.    All agreements made and orders entered during the course of this
14 Action relating to the confidentiality of information shall survive this Settlement.

15   61.    No opinion or advice concerning the tax consequences of the proposed
16 Settlement to individual Settlement Class Members is being given or will be given
17 by the Parties or their counsel; nor is any representation or warranty in this regard
18 made by virtue of this Stipulation. Each Settlement Class Member's tax obligations,
19 and the determination thereof, are the sole responsibility of the Settlement Class
20 Member, and it is understood that the tax consequences may vary depending on the
21 particular circumstances of each individual Settlement Class Member.

22   **IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation
23 to be executed, by their duly authorized attorneys, as of January 31, 2025.

24   DATED:  January 31, 2025

KESSLER TOPAZ MELTZER
& CHECK, LLP
JENNIFER L. JOOST (296164)

25
26
27
28

JENNIFER L. JOOST

- 34 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

One Sansome Street, Suite 1850
San Francisco, CA  94104
Telephone:  415/400-3000
415/400-3001 (fax)
jjoost@ktmc.com

*Counsel for Lead Plaintiff Dr. Thomas E. Tweito and Lead Counsel for the Section 10(b) Class*

ROBBINS GELLER RUDMAN
   & DOWD LLP
DEBRA J. WYMAN
ASHLEY M. PRICE
JUSTIN GARY OETTING
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
debraw@rgrdlaw.com
aprice@rgrdlaw.com
joetting@rgrdlaw.com

*Additional Counsel for the Section 10(b) Class*

SCHALL LAW FIRM
BRIAN SCHALL (290685)
1880 Century Park East, Suite 404
Los Angeles, CA  90067
Telephone:  310/301-3335
310/338-0192 (fax)
brian@schallfirm.com

*Additional Counsel*

DATED:  January 31, 2025

LATHAM & WATKINS LLP
MICHELE D. JOHNSON
COLLEEN C. SMITH
CHRISTOPHER S. TURNER

_____
COLLEEN C. SMITH

12670 High Bluff Drive
San Diego, CA 92130
Telephone:  858/523-5400
michele.johnson@lw.com
colleen.smith@lw.com
christopher.turner@lw.com

*Counsel for Defendants Owlet, Inc.
and Kurt Workman*

# EXHIBIT A

EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, et al.,<br><br>Defendants. | Case No. 2:21-cv-09016-FLA(SSCx)<br><br>Consolidated with Case No. 2:21-cv-09293-FLA (JEMx)<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING 10(B) CLASS SETTLEMENT AND PROVIDING FOR NOTICE** |

- 1 -

1    WHEREAS, the above-captioned securities class action is pending in this

2    Court ("Action");

3    WHEREAS, (a) Dr. Thomas E. Tweito ("Lead Plaintiff"), on behalf of

4    himself and the Settlement Class (as defined below); and (b) Owlet, Inc. ("Owlet")

5    and Kurt Workman (together, "Defendants") have determined to settle all claims

6    asserted against Defendants in the Action with prejudice on the terms and conditions

7    set forth in the Stipulation and Agreement of Settlement for the Section 10(b) Class

8    dated January 31, 2025 ("Stipulation"), subject to the approval of this Court

9    ("Settlement");

10    WHEREAS, Lead Plaintiff has made a motion, pursuant to Rule 23(e)(1) of

11    the Federal Rules of Civil Procedure, for an order preliminarily approving the

12    Settlement in accordance with the Stipulation and directing notice of the Settlement

13    to the Settlement Class as more fully described herein;

14    WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion

15    for preliminary approval of the Settlement and authorization to retain the Claims

16    Administrator (as defined below) to provide notice of the Settlement to the

17    Settlement Class, and the papers filed and arguments made in connection therewith;

18    and (b) the Stipulation and the exhibits attached thereto; and

19    WHEREAS, unless otherwise defined in this Order, capitalized terms herein

20    shall have the same meanings as they have in the Stipulation;

21    NOW THEREFORE, IT IS HEREBY ORDERED:

22    1.    **Proposed Class Certification for Settlement Purposes** – The Parties

23    have proposed certification of the following Settlement Class pursuant to Rules

24    23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of

25    effectuating the proposed Settlement: all persons and entities who purchased or

26    otherwise acquired securities of Owlet (i.e., common stock and/or warrants) between

27    March 31, 2021 and October 4, 2021, both dates inclusive, and who were damaged

28    thereby. Excluded from the Settlement Class are Defendants, the officers and

- 2 -

1    directors of Owlet, members of their immediate families and their legal

2    representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability

3    insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which

4    Defendants or their immediate families have or had a controlling interest. Also

5    excluded from the Settlement Class are any persons and entities who or which

6    submit a request for exclusion from the Settlement Class that is accepted by the

7    Court.

8        2.    **Class Findings** – The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of

9    the Federal Rules of Civil Procedure, that it will likely be able to certify the

10   Settlement Class for purposes of the proposed Settlement. Specifically, the Court

11   finds that each element required for certification of the Settlement Class pursuant to

12   Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met:

13   (a) the members of the Settlement Class are so numerous that their joinder in the

14   Action would be impracticable; (b) there are questions of law and fact common to

15   the Settlement Class that predominate over any individual questions; (c) the claims

16   of Lead Plaintiff in the Action are typical of the claims of the Settlement Class;

17   (d) Lead Plaintiff and Lead Counsel have and will fairly and adequately represent

18   and protect the interests of the Settlement Class; and (e) a class action is superior to

19   other available methods for the fair and efficient adjudication of the Action.

20       3.    The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal

21   Rules of Civil Procedure, that it will likely be able to appoint Lead Plaintiff as Class

22   Representative for the Settlement Class and to appoint Lead Counsel Kessler Topaz

23   Meltzer & Check, LLP as Class Counsel for the Settlement Class pursuant to Rule

24   23(g) of the Federal Rules of Civil Procedure.

25       4.    **Preliminary Approval of the Settlement** – The Court hereby

26   preliminarily approves the Settlement, as embodied in the Stipulation, and finds,

27   pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will

28   likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair,

reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5.    **Settlement Hearing** – The Court will hold a hearing ("Settlement Hearing") on _____ __, 2025 at __:__ _.m. at the First Street Courthouse, 350 W. 1st Street, Courtroom 6B, 6th Floor, Los Angeles, California 90012, for the following purposes: (a) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiff should be appointed as Class Representative for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be finally approved by the Court; (c) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether the motion by Lead Counsel for attorneys' fees and Litigation Expenses should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6.    The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may decide to hold the Settlement Hearing by telephone or video conference without further mailed notice to the Settlement Class. If the Court orders that the Settlement Hearing be conducted telephonically or by video conference, that decision will be posted on the website for the Settlement, www.strategicclaims.net/owlet, as referenced in paragraph 7(c) of this Order. Any

1   Settlement Class Member (or his, her, or its counsel) who wishes to appear at the

2   Settlement Hearing should consult the Court's docket and/or the Settlement Website

3   for any change in date, time, or format of the hearing.

4         7.     **Retention of Claims Administrator and Manner of Giving Notice** –

5   Lead Counsel is hereby authorized to retain Strategic Claims Services ("Claims

6   Administrator") to supervise and administer the notice procedure in connection with

7   the Settlement as well as the processing of Claims as more fully set forth below.

8   Notice of the Settlement and the Settlement Hearing shall be provided as follows:

9         a.     Defendants shall make reasonable efforts to provide to the

10   Claims Administrator in electronic format (such as Excel) (at no cost to the

11   Settlement Fund, Lead Plaintiff, the Settlement Class, Plaintiff's Counsel, or

12   the Claims Administrator) list(s), consisting of names, addresses, and e-mail

13   addresses (if available), of purchasers of record of Owlet securities (i.e.,

14   common stock and warrants) during the Class Period, within ten (10) business

15   days after the date of entry of this Order;

16         b.     not later than twenty (20) business days after the date of entry of

17   this Order ("Notice Date"), the Claims Administrator shall cause the Postcard

18   Notice, substantially in the form attached hereto as Exhibit 1, to be mailed by

19   first-class mail and/or emailed to potential Settlement Class Members at the

20   addresses set forth in the records provided by Defendants, or who otherwise

21   may be identified through further reasonable effort, and shall cause a copy of

22   the Notice and Claim Form, substantially in the forms attached hereto as

23   Exhibits 2 and 4, respectively (together, the "Notice Packet"), to be mailed to

24   the brokers and other nominees ("Nominees") contained in the Claims

25   Administrator's broker database;

26         c.     contemporaneously with the mailing of the Postcard Notice, the

27   Claims Administrator shall cause copies of the Notice and Claim Form to be

28   posted on the website for the Settlement, www.strategicclaims.net/owlet,

from which copies of the Notice and Claim Form can be downloaded. In addition, the Claims Administrator will mail a copy of the Notice Packet to any person who makes such a request;

d.    not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published once in *Investor's Business Daily* and to be transmitted once over *GlobeNewswire*; and

e.    not later than seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing, posting and publication.

8.    **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Postcard Notice, Notice, Summary Notice, and Claim Form, attached hereto as Exhibits 1, 2, 3 and 4, respectively, and (b) finds that the mailing and distribution of the Postcard Notice and Notice Packet, the posting of the Notice and Claim Form on the Settlement Website, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the Settlement (including the Releases to be provided thereunder), of Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause),

the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Notice, and Summary Notice before they are mailed and/or emailed, posted and published, respectively.

9.    **<u>Nominee Procedures</u>** – Nominees who purchased or otherwise acquired Owlet securities during the Class Period for the benefit of another person or entity shall:  (a) within ten (10) calendar days of receipt of the Notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within ten (10) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; or (b) within ten (10) calendar days of receipt of the Notice, send a list of the names, mailing addresses, and e-mail addresses (if available), of all such beneficial owners to the Claims Administrator in which event the Claims Administrator shall promptly mail or email the Postcard Notice to such beneficial owners. Upon full compliance with this Order, such Nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed; $0.03 per Postcard Notice sent via email or link to the electronic Notice and Claim Form emailed; or $0.03 per name, address, and e-mail address (to the extent available) provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

10.    **<u>CAFA Notice</u>** – As provided in the Stipulation, Defendants shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice

1  and administering the CAFA notice. No later than seven (7) calendar days before the

2  Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed

3  with the Court proof, by affidavit or declaration, regarding compliance with 28

4  U.S.C. § 1715(b).

5      11.  **Participation in the Settlement** – Settlement Class Members who

6  wish to participate in the Settlement and to be eligible to receive a distribution from

7  the Net Settlement Fund must complete and submit a Claim Form in accordance with

8  the instructions contained therein. Unless the Court orders otherwise, all Claim

9  Forms must be postmarked no later than ninety (90) calendar days after the Notice

10 Date. Notwithstanding the foregoing, Lead Counsel may, at its discretion, accept for

11 processing late Claims provided such acceptance does not delay the distribution of

12 the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or

13 entity shall be deemed to have submitted to the jurisdiction of the Court with respect

14 to his, her, or its Claim and the subject matter of the Settlement.

15     12.  Each Claim Form submitted must satisfy the following conditions: (a) it

16 must be properly completed, signed, and submitted in a timely manner in accordance

17 with the provisions of the preceding paragraph; (b) it must be accompanied by

18 adequate supporting documentation for the transactions and holdings reported

19 therein, in the form of broker confirmation slips, broker account statements, an

20 authorized statement from the broker containing the transactional and holding

21 information found in a broker confirmation slip or account statement, or such other

22 documentation as is deemed adequate by the Claims Administrator with supervision

23 by Lead Counsel as necessary; (c) if the person executing the Claim Form is acting

24 in a representative capacity, a certification of his, her, or its current authority to act

25 on behalf of the Settlement Class Member must be included in the Claim Form; and

26 (d) the Claim Form must be complete and contain no material deletions or

27 modifications of any of the printed matter contained therein and must be signed.

28

13.     Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment or Alternate Judgment, if applicable, and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claims may be accepted for processing as set forth in paragraph 11 above.

14.     As set forth in the Claim Form, Claimants need only submit one Claim Form for both this Settlement and the related 14(a) Class Settlement; Claim Forms submitted in connection with this Settlement will also be processed in connection with the 14(a) Class Settlement. If a Claimant meets the requirements for payment pursuant to the 14(a) Class Settlement, that Claimant will also be eligible to receive a distribution from the net proceeds of the 14(a) Class Settlement, in accordance with the terms of the 14(a) Class Settlement.

15.     **Exclusion From the Settlement Class** – Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to: *Owlet Securities Litigation Settlements*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063, and (b) each request for exclusion must (i) state the name, address, and telephone number of the person or entity requesting

- 9 -

1    exclusion, and in the case of entities, the name and telephone number of the

2    appropriate contact person; (ii) state that such person or entity "requests exclusion

3    from the Section 10(b) Settlement Class in *Michael J. Butala v. Owlet, Inc., et al.*,

4    Case No. 2:21-cv-09016-FLA-SSC (C.D. Cal.)"; (iii) state the number of shares of

5    Owlet common stock and/or warrants that the person or entity requesting exclusion

6    (A) owned as of the opening of trading on March 31, 2021 and

7    (B) purchased/acquired and/or sold during the Class Period, as well as the dates,

8    number of shares/warrants, and prices of each such purchase/acquisition and sale;

9    and (iv) be signed by the person or entity requesting exclusion or an authorized

10   representative. A request for exclusion shall not be effective unless it provides all

11   the required information and is received within the time stated above, or is otherwise

12   accepted by the Court. Copies of all requests for exclusion from the Settlement Class

13   received by the Claims Administrator shall be provided to Lead Counsel and

14   Defendants' Counsel on a rolling basis as received and no later than five (5) calendar

15   days after the deadline for requesting exclusion.

16        16.    Any person or entity who or that timely and validly requests exclusion

17   from the Settlement Class in compliance with the terms stated in this Order and is

18   excluded from the Settlement Class shall not be a Settlement Class Member, shall

19   not be bound by the terms of the Settlement or any orders or judgments in the Action,

20   and shall not receive any payment from the Net Settlement Fund.

21        17.    Any Settlement Class Member who or that does not timely and validly

22   request exclusion from the Settlement Class in the manner stated in this Order:

23   (a) shall be deemed to have waived his, her, or its right to be excluded from the

24   Settlement Class; (b) shall be forever barred from requesting exclusion from the

25   Settlement Class in this or any other proceeding; (c) shall be bound by the provisions

26   of the Stipulation and Settlement and all proceedings, determinations, orders, and

27   judgments in the Action, including, but not limited to, the Judgment or Alternate

28   Judgment, if applicable, and the Releases provided for therein, whether favorable or

- 10 -

unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees, as more fully described in the Stipulation and Notice.

18.    **Appearance and Objections at Settlement Hearing** – Any Settlement Class Member who or that does not request exclusion from the Settlement Class may appear at the Settlement Hearing at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Court and delivering a notice of appearance to both Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 19 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who or which does not enter an appearance will be represented by Lead Counsel.

19.    Any Settlement Class Member who or that does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

|  **Lead Counsel**  |  **Defendants' Counsel**  |
|---|---|
| Kessler Topaz Meltzer & Check, LLP | Latham & Watkins LLP |
| Jennifer L. Joost, Esq. | Colleen C. Smith, Esq. |

- 11 -

One Sansome Street, Suite 1850
San Francisco, CA 94104

12670 High Bluff Drive
San Diego, CA 92130

20.    All written objections and supporting papers must: (i) clearly identify the case name, case number, and the Settlement (*Michael J. Butala v. Owlet, Inc., et al.*, Case No. 2:21-cv-09016-FLA-SSC (C.D. Cal.) – 10(b) Class Settlement); (ii) identify the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (iii) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (iv) must include documents sufficient to prove membership in the Settlement Class, including the number of shares of Owlet common stock and/or warrants that the objecting Settlement Class Member (A) owned as of the opening of trading on March 31, 2021 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares/warrants, and prices of each such purchase/acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement. Objectors who intend to appear and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21.    Any Settlement Class Member who or that does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses

- 12 -

and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

22.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff and all other members of the Settlement Class from prosecuting any of the Released Plaintiff's Claims against any of the Defendants' Releasees.

23.    **Notice and Administration Costs** – All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Stipulation.

24.    **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.    **Taxes** – Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26.    **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of

the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective litigation positions in the Action immediately prior to their agreement-in-principle to resolve the Sections 10(b) and 20(a) Exchange Act claims asserted in the Action on November 25, 2024, as provided in the Stipulation.

27.    **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that

- 14 -

1   damages recoverable under the Complaint would not have exceeded the Settlement

2   Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind,

3   or in any way referred to for any other reason as against any of the Plaintiff's

4   Releasees, in any arbitration proceeding or other civil, criminal, or administrative

5   action or proceeding, other than such proceedings as may be necessary to effectuate

6   the provisions of the Stipulation; or (c) shall be construed against any of the

7   Releasees as an admission, concession, or presumption that the consideration to be

8   given hereunder represents the amount which could be or would have been recovered

9   after trial; *provided, however*, that if the Stipulation is approved by the Court, the

10  Parties and the Releasees and their respective counsel may refer to it to effectuate

11  the protections from liability granted thereunder or otherwise to enforce the terms of

12  the Settlement.

13      28.   **Supporting Papers** – Lead Counsel shall file and serve its opening

14  papers in support of the proposed Settlement, the proposed Plan of Allocation, and

15  Lead Counsel's motion for attorneys' fees and Litigation Expenses no later than

16  thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if

17  any, shall be filed and served no later than seven (7) calendar days prior to the

18  Settlement Hearing.

19      IT IS SO ORDERED.

20

21  Dated: _____, 2025

22                                    _____

23                                    FERNANDO L. AENLLE-ROCHA
                                      United States District Judge
24

25

26

27

28

- 15 -

# EXHIBIT A-1

*THIS POSTCARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENTS.*
*Please visit www.strategicclaims.net/owlet for more information.*

The parties in the action *Michael J. Butala v. Owlet, Inc., et al.*, No. 2:21-cv-09016-FLA-SSC (C.D. Cal.) ("Action") have reached proposed settlements of claims pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") against Owlet, Inc. ("Owlet") and Kurt Workman (the "10(b) Class Settlement") and claims pursuant to Sections 14(a) and 20(a) of the Exchange Act against Owlet, Kurt Workman, Kate Scolnick, and certain executives and directors of Sandbridge Acquisition Company ("Sandbridge") (the "14(a) Class Settlement"). Defendants deny any liability or wrongdoing. You received this Postcard Notice because you, or an investment account for which you serve as a custodian, may be a member of one or both of the following classes: (i) **Section 10(b) Settlement Class:** all persons and entities who purchased or otherwise acquired securities of Owlet (i.e., common stock and/or warrants) between March 31, 2021 and October 4, 2021, both dates inclusive, and who were damaged thereby; and (ii) **Section 14(a) Settlement Class:** all persons and entities that held Sandbridge common stock as of June 1, 2021 and were eligible to vote at Sandbridge's special meeting on July 14, 2021 (together, the "Settlement Classes"). Please review the detailed Notices described below for additional information about the Settlements.

Pursuant to the Settlements, defendants have agreed to cause to be paid **$3.5 million** for the 10(b) Class Settlement and **$1.75 million** for the 14(a) Class Settlement. These amounts, plus interest, after deduction of Court-awarded fees and expenses, administration costs, and taxes, will be allocated among members of the Settlement Classes who submit valid Claims, in exchange for the Settlements and the release of all claims asserted in the Action and related claims. **For additional information and related settlement procedures, please review the detailed Notice for each Settlement available at www.strategicclaims.net/owlet.** If you are a member of one or both Settlement Classes, your *pro rata* share of the settlement proceeds will depend on the number of valid Claims submitted, and your holdings and transactions in the eligible securities. If all members of the Settlement Classes elect to participate in the Settlements, the estimated average recovery will be approximately $0.29 per eligible share of Owlet common stock and $0.03 per eligible Owlet warrant for the 10(b) Class Settlement, and approximately $0.54 per eligible share of Sandbridge common stock for the 14(a) Class Settlement, before deduction of Court-approved fees and expenses. Your share of the proceeds from the Settlements will be determined by the Plans of Allocation set forth in the Notices, or as ordered by the Court.

**To qualify for payment(s), you must submit a valid Claim Form.** The Claim Form can be found and submitted on the website, or you can request that one be mailed to you. **Claims must be postmarked (if mailed), or submitted online, by _____, 2025, to the Claims Administrator.** If you do not want to be legally bound by any releases, judgments, or orders in the Action, **you must exclude yourself** from the Settlement Class(es) **by _____, 2025**. If you exclude yourself, you may be able to sue defendants about the claims being resolved by the Settlements, but you cannot get money from the Settlements. If you want to object to any aspect of the Settlements, you must file and serve an objection **by _____, 2025**. The detailed Notices provide instructions on how to submit a Claim, exclude yourself, or object, and you must comply with all of the instructions in the Notices.

The Court will hold hearings on **_____, 2025 at __:__ _.m.** for the 10(b) Class Settlement and on **_____, 2025 at __:__ _.m.** for the 14(a) Class Settlement to consider, among other things, whether to approve the respective Settlements. In advance of the hearings, the lawyers representing the Settlement Classes will move for awards of attorneys' fees and expenses (equating to a cost of approximately $0.11 per eligible share of Owlet common stock and $0.01 per eligible Owlet warrant for the 10(b) Class Settlement and $0.20 per eligible share of Sandbridge common stock for the 14(a) Class Settlement). You may attend the hearings and ask to be heard by the Court, but you do not have to. **For more information, contact the Claims Administrator at:** *Owlet Securities Litigation Settlements,* c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste 205, Media, PA 19063; 1-866-274-4004; info@strategicclaims.net; **or visit www.strategicclaims.net/owlet.**

Owlet Securities Litigation Settlements
Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

*COURT-ORDERED LEGAL NOTICE*
*Michael J. Butala v. Owlet, Inc., et al.*
No. 2:21-cv-09016-FLA-SSC (C.D. Cal.)

Your legal rights may be affected by a securities class action. You may be eligible for a cash payment from the settlements. Please read this notice carefully.

For more information, please visit www.strategicclaims.net/owlet; email info@strategicclaims.net; or call 1-866-274-4004

# EXHIBIT A-2

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, et al.,<br><br>                  Defendants. | Case No. 2:21-cv-09016-FLA(SSCx)<br><br>Consolidated with Case No. 2:21-cv-09293-FLA (JEMx)<br><br><u>CLASS ACTION</u> |

## NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED 10(B) CLASS SETTLEMENT; (II) SETTLEMENT HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights will be affected by the above-captioned securities class action ("Action") if you purchased or otherwise acquired securities of Owlet, Inc. (i.e., common stock and/or warrants) ("Owlet Securities") between March 31, 2021 and October 4, 2021, both dates inclusive, and were damaged thereby ("Settlement Class" or "Section 10(b) Settlement Class").[1]

**NOTICE OF PROPOSED 10(B) CLASS SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiff Dr. Thomas E. Tweito ("Lead Plaintiff"), on behalf of himself and the Settlement Class (defined below), and defendants Owlet, Inc. ("Owlet") and Kurt Workman (together, "Defendants") have reached a proposed settlement of the Action for $3,500,000.00 in cash ("Settlement"). The Settlement resolves Lead Plaintiff's claims that Defendants violated the federal securities laws by making materially false and misleading statements during the Class Period concerning regulatory approval to market certain medical devices – i.e., Owlet's

---

[1] All capitalized terms not defined in this Notice have the meanings provided in the Stipulation and Agreement of Settlement for the Section 10(b) Class, filed with the Court on January 31, 2025 ("Stipulation"). The Stipulation can be viewed at www.strategicclaims.net/owlet.

flagship product, a baby monitor allowing parents to track an infant's oxygen levels, heart rate, and sleep trends in real time – in the United States. The history of the Action and the claims being released by the Settlement are detailed in ¶¶ 4-15 and ¶¶ 25-31 herein.

**Please Note**: Plaintiffs for the 14(a) class ("Section 14(a) Settlement Class") have separately reached a settlement to resolve claims asserted under Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") in the Action and that settlement in the amount of $1.75 million ("14(a) Class Settlement") is also currently before the Court for approval. Members of the Section 10(b) Settlement Class may also be eligible to receive proceeds from the 14(a) Class Settlement. *See* ¶ 45 below. Information regarding the 14(a) Class Settlement can be found at www.strategicclaims.net/owlet.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

- **Statement of the Settlement Class's Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a cash payment of $3,500,000.00 ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (defined below at ¶ 36) will be distributed to eligible Settlement Class Members in accordance with a plan of allocation approved by the Court. The plan of allocation being proposed by Lead Plaintiff ("Plan of Allocation") is attached hereto as Appendix A.

- **Estimate of Average Amount of Recovery Per Share/Warrant:** Based on Lead Plaintiff's damages consultant's estimate of the number of shares of Owlet common stock and Owlet warrants eligible to participate in the Settlement, and assuming that all investors eligible to participate do so, the estimated average recovery (*before* deduction of any Court-approved attorneys' fees and expenses, taxes, and administration costs) will be approximately $0.29 per eligible share of Owlet common stock and approximately $0.03 per eligible Owlet warrant. **Settlement Class Members should note, however, that the foregoing are only estimates.** Some Settlement Class Members may recover more or less than these amounts depending on: (i) when and the price at which they purchased/acquired their shares of Owlet common stock and/or warrants (including whether they purchased/acquired their shares and/or warrants during the discounted portion of the Class Period); (ii) whether they sold their shares of Owlet common stock and/or warrants; (iii) the total number and value of valid Claims submitted; (iv) the amount

of Notice and Administration Costs; and (v) the amount of attorneys' fees and Litigation Expenses awarded by the Court.[2]

• **Average Amount of Damages Per Share/Warrant:** The Parties do not agree on the average amount of damages per share of Owlet common stock and per Owlet warrant that would be recoverable if Lead Plaintiff prevailed in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by the Settlement Class as a result of Defendants' conduct.

• **Attorneys' Fees and Expenses Sought:** Court-appointed Lead Counsel, Kessler Topaz Meltzer & Check, LLP, has prosecuted this Action on a wholly contingent basis and has not received any attorneys' fees (or payment of expenses) for its representation of the Settlement Class. For its efforts, Lead Counsel, on behalf of Plaintiff's Counsel who litigated the 10(b) claims, will apply to the Court for attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. Lead Counsel will also apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $180,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class in accordance with 15 U.S.C. §78u-4(a)(4). If the Court approves the maximum amount of the foregoing fees and expenses, the estimated average cost will be $0.11 per eligible share of Owlet common stock and $0.01 per eligible Owlet warrant. **Please note that these amounts are only estimates**.

• **Identification of Attorneys' Representatives:** Lead Plaintiff and the Settlement Class are represented by Jennifer L. Joost, Esq. of Kessler Topaz Meltzer & Check, LLP, One Sansome Street, Suite 1850, San Francisco, CA 94104, 1-415-400-3000, info@ktmc.com. Further information regarding the Action, the Settlement, and this Notice also may be obtained by contacting the Claims Administrator at: *Owlet Securities Litigation Settlements*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063; 1-866-274-4004; info@strategicclaims.net; or by visiting the website for the Settlement, www.strategicclaims.net/owlet.

---

[2]  In addition, if a Settlement Class Member held Sandbridge Acquisition Company ("Sandbridge") common stock as of June 1, 2021 and was eligible to vote at Sandbridge's special meeting on July 14, 2021, they would also be potentially eligible to receive additional proceeds from the 14(a) Class Settlement.

3

• **Reasons for the Settlement:** For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit for the Settlement Class without the risk, delays, and costs inherent in further litigation. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after further litigation, including discovery, class certification, summary judgment, trial and appeals. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM POSTMARKED (IF MAILED), OR ONLINE, NO LATER THAN _____ __, 2025.** | This is the only way to be eligible to receive a payment from the Settlement. **If you submit a Claim, your Claim will be processed in accordance with the plans of allocation for _both_ this Settlement and the 14(a) Class Settlement. *See* ¶ 45 below.** |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2025.** | Get no payment from the Settlement. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Defendants or the other Defendants' Releasees about the claims being released by the Settlement. <br><br> **Please Note:** Excluding yourself from the Section 10(b) Settlement Class does not automatically exclude you from the Section 14(a) Settlement Class. If you would like to exclude yourself from the Section 14(a) Settlement Class, you must do so in accordance with the instructions set forth in the notice for the 14(a) Class Settlement available at www.strategicclaims.net/owlet. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____ __, 2025.** | Write to the Court about why you do not like the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. This will not exclude you from the Settlement Class. |

4

| GO TO A HEARING ON _____ __, 2025 AT __:__ __.M. | Ask to speak in Court at the Settlement Hearing, at the discretion of the Court, about the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's request for attorneys' fees and Litigation Expenses. |
|---|---|
| DO NOTHING. | Get no payment from the Settlement. You will, however, remain a member of the Settlement Class, which means that you give up any right you may have to sue about the claims that are being resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. Please Note: The date and time of the Settlement Hearing – currently scheduled for _____ __, 2025 at __:__ __.m. – is subject to change without further written notice to the Settlement Class. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check the website www.strategicclaims.net/owlet, the Court's PACER site (*see* ¶ 65 below), or with Lead Counsel to confirm no change to the date and/or time of the hearing has been made.**

## WHAT THIS NOTICE CONTAINS

What Is The Purpose Of This Notice?                                         Page __
What Is This Case About?                                                    Page __
Why Is This Case A Class Action?                                            Page __
Why Is There A Settlement?                                                  Page __
What Might Happen If There Were No Settlement?                              Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Settlement Class?                                Page __
How Are Settlement Class Members Affected By The Action
    And The Settlement?                                                     Page __
How Do I Participate In The Settlement? What Do I Need To Do?               Page __
How Much Will My Payment Be?                                                Page __
What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid?                                           Page __
What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                                Page __

5

When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?

May I Speak At The Hearing If I Don't Like The Settlement? .......... Page __

What If I Do Nothing? .......... Page __

What If I Bought Owlet Securities On Someone Else's Behalf? .......... Page __

Can I See The Court File? Who Should I Contact If I Have Questions? .......... Page __

Proposed Plan Of Allocation Of The Net Settlement Fund For The 10(b) Class Settlement .......... Appendix A

## WHAT IS THE PURPOSE OF THIS NOTICE?

1.     The Court has directed the issuance of this Notice to inform potential Settlement Class Members about the Action and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Settlement Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

2.     This Notice explains the Action, the Settlement, Settlement Class Members' legal rights, what benefits are available under the Settlement, who is eligible for the benefits, and how to get them.

3.     The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator will make payments to eligible Settlement Class Members pursuant to the Settlement after any objections and appeals are resolved.

## WHAT IS THIS CASE ABOUT?

4.     Owlet is a technology company that is primarily engaged in manufacturing and selling products and services that proactively monitor an infant's health and wellness. In this Action, Lead Plaintiff alleged that Defendants violated the federal securities laws by making materially false and misleading statements to investors during the Class Period (i.e., the period between March 31, 2021 and October 4, 2021, inclusive) concerning regulatory approval to market certain medical devices – i.e., Owlet's flagship product, a baby monitor allowing parents to track an infant's oxygen levels, heart rate, and sleep trends in real time – in the United States. Lead Plaintiff further alleged that the price of Owlet Securities was artificially inflated during the Class Period as a result of Defendants' allegedly false

6

and misleading statements and that the Settlement Class suffered damages when the alleged truth regarding these matters was revealed. Defendants deny all of the allegations of wrongdoing asserted in the Action and deny any liability whatsoever to any member of the Settlement Class.

5.    The Action was commenced on November 17, 2021, with the filing of the putative securities class action complaint styled *Michael J. Butala v. Owlet, Inc. f/k/a Sandbridge Acquisition Corp., et al.*, Case No. 2:21-cv-09016-FLA-SSC. By Order dated September 8, 2023, the Court appointed Dr. Tweito as Lead Plaintiff for the Section 10(b) class and approved his selection of Kessler Topaz Meltzer & Check, LLP as Lead Counsel for the Section 10(b) class.[3]

6.    On December 22, 2023, Lead Plaintiff filed the Consolidated Complaint for Violations of the Federal Securities Laws ("Complaint"). The Complaint asserted claims under Sections 10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 promulgated thereunder, against Defendants.

7.    Defendants moved to dismiss the Complaint on February 9, 2024. Defendants also filed a request for judicial notice. On March 22, 2024, Lead Plaintiff opposed Defendants' motion to dismiss and responded to Defendants' request for judicial notice. Defendants filed replies in support of their motion to dismiss and request for judicial notice on May 10, 2024.

8.    By Order dated August 5, 2024, the Court denied Defendants' motion to dismiss the Complaint.

9.    Pursuant to the Court's August 5, 2024 Order, Defendants answered the Complaint on August 19, 2024. On the same day, Defendants filed a motion for reconsideration of the Court's ruling on Defendants' motion to dismiss the Complaint. Lead Plaintiff opposed Defendants' motion for reconsideration on August 30, 2024, and Defendants filed a reply in support of their motion on September 6, 2024.

10.    While Defendants' motion for reconsideration was pending, the Parties filed a Joint Report and Discovery Plan Pursuant to Federal Rule of Civil Procedure 26(f) on September 20, 2024.

---

[3]    By the same Order, the Court appointed Drew Conant as lead plaintiff for the Section 14(a) class and approved his selection of Pomerantz LLP as lead counsel for the Section 14(a) class. As noted above, the portion of the case asserting 14(a) Exchange Act claims on behalf of the Section 14(a) class has also settled. The terms of the 14(a) Class Settlement were negotiated separately from this Settlement and can be found at www.strategicclaims.net/owlet.

11.    By Order dated September 26, 2024, the Court granted in part and denied in part Defendants' motion for reconsideration. More specifically, the Court: (i) granted Defendants' motion as to challenged pre-merger statements and dismissed without leave to amend claims based upon statements made prior to the merger between Owlet and Sandbridge; and (ii) denied Defendants' motion as to challenged post-merger statements made by and about Owlet.

12.    Following the Court's ruling on Defendants' motion for reconsideration, the Parties agreed to participate in a private mediation before David M. Murphy, Esq., of Phillips ADR Enterprises. On November 15, 2024, the Parties exchanged detailed mediation statements and accompanying exhibits that were also submitted to Mr. Murphy. A mediation session with Mr. Murphy was held on November 25, 2024. At the mediation session, the Parties engaged in vigorous settlement negotiations and ultimately agreed to resolve the claims asserted in the Complaint for $3.5 million.

13.    On December 2, 2024, the Parties informed the Court of their agreement-in-principle to resolve all claims under Sections 10(b) and 20(a) of the Exchange Act, as alleged in the Complaint.[4]

14.    After additional negotiations regarding the specific terms of their agreement, the Parties entered into the Stipulation on January 31, 2025. The Stipulation, which sets forth the terms and conditions of the Settlement, can be viewed at www.strategicclaims.net/owlet.

15.    On _____ __, 2025, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to potential Settlement Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

16.    In a class action, one or more persons or entities (in this case, Lead Plaintiff) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One

---

[4]    On December 27, 2024, plaintiff for the 14(a) Settlement Class notified the Court that they reached an agreement-in-principle to resolve claims under Section 14(a) of the Exchange Act.

court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## WHY IS THERE A SETTLEMENT?

17.    Lead Plaintiff and Lead Counsel believe that Lead Plaintiff's claims against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue Lead Plaintiff's claims, including complex merits and expert discovery, a motion for class certification, summary judgment, and trial, as well as the challenges Lead Plaintiff would face in establishing liability and the Settlement Class's damages. Notably, by Order dated September 26, 2024, the Court granted Defendants' motion for reconsideration as to challenged pre-merger statements and dismissed without leave to amend claims based upon statements made prior to the merger between Owlet and Sandbridge, essentially shortening the class period to August 5, 2021 through October 4, 2021.

18.    In light of the Court's ruling on Defendants' motion for reconsideration, the risks of continued litigation, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, as compared to the risk that the claims asserted in the Complaint would produce a smaller recovery, or no recovery, after continued and costly litigation, possibly years in the future.

19.    Defendants have denied and continue to deny each and all of the claims asserted against them in the Complaint, and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged. Defendants have agreed to the Settlement solely to eliminate the burden, expense, uncertainty, and risk of continued litigation. Accordingly, the Settlement may not be construed as, and is not, an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

20.    If there were no Settlement and Lead Plaintiff failed to establish his claims against Defendant, neither Lead Plaintiff nor the other Settlement Class Members would recover anything. Also, if Defendants were successful in proving any of their defenses at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the Settlement Amount, or nothing at all.

9

---

**HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE SETTLEMENT CLASS?**

---

21.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class (or, Section 10(b) Settlement Class) consists of:

**All persons and entities who purchased or otherwise acquired securities of Owlet (i.e., common stock and/or warrants) between March 31, 2021 and October 4, 2021, both dates inclusive, and who were damaged thereby.**

Excluded from the Settlement Class are Defendants, the officers and directors of Owlet, members of their immediate families and their legal representatives, heirs, agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and any affiliates or subsidiaries thereof, and any entity in which Defendants or their immediate families have or had a controlling interest. Also excluded from the Settlement Class are any persons and entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court. *See* "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself," on page [__] below.

**RECEIPT OF THIS NOTICE OR THE POSTCARD NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT.**

**If you are a Settlement Class Member and wish to be eligible to receive a payment from the Settlement, you must submit a Claim Form and the required supporting documentation set forth in the Claim Form postmarked (if mailed), or online at www.strategicclaims.net/owlet, no later than _____ __, 2025.**

**PLEASE NOTE: BY SUBMITTING A CLAIM FORM, YOU WILL BE POTENTIALLY ELIGIBLE TO RECEIVE A PAYMENT FROM BOTH THIS SETTLEMENT AND THE 14(A) CLASS SETTLEMENT.** If you submit a Claim, your Claim will be processed in accordance with the plans of allocation for both settlements. The proposed Plan of Allocation for this Settlement is set forth in Appendix A hereto. You can review the proposed plan of allocation for the 14(a) Class Settlement at www.strategicclaims.net/owlet.

10

## HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT?

22.   As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

23.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?"

24.   If you are a Settlement Class Member and you wish to object to the Settlement, the Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?"

25.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim (as defined in ¶ 26 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 27 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants' Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

26.   "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other member of the Settlement Class:

11

(i) asserted in the Complaint or (ii) could have asserted in any court or forum that arise out of or are based upon the same allegations, transactions, facts, matters or occurrences, representations, or omissions set forth in the Complaint and that relate to the purchase or other acquisition of Owlet securities (i.e., common stock and warrants) during the Class Period. Released Plaintiff's Claims shall not include: (i) any claims relating to the enforcement of the Settlement; (ii) any of the claims being resolved by the 14(a) Class Settlement; (iii) any derivative claims; or (iv) any claims of any persons or entities who or which submit a request for exclusion from the Settlement Class that is accepted by the Court.

27.    "Defendants' Releasees" means Defendants, Defendants' respective former, present or future parent companies, controlling shareholders, subsidiaries, divisions and affiliates and the respective present and former employees, members, managers, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors, accountants, auditors, and insurers and reinsurers of each of them; and the predecessors, successors, estates, Immediate Family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives, assigns, and assignees of each of them.

28.    "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have materially affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Settlement Class Members shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released

party.

Lead Plaintiff and Defendants acknowledge, and each of the other Settlement Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

29.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 30 below) against Lead Plaintiff and the other Plaintiff's Releasees (as defined in ¶ 31 below), and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims directly or indirectly against any of the Plaintiff's Releasees. This release shall not apply to any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

30.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or unknown, whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or in equity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants. Released Defendants' Claims shall not include any claims relating to the enforcement of the Settlement.

31.    "Plaintiff's Releasees" means Lead Plaintiff, all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family members, insurers, reinsurers, and attorneys, in their capacities as such.

## HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?

32.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return a Claim Form with adequate supporting documentation ***postmarked (if mailed), or submitted online at www.strategicclaims.net/owlet, no later than _____ __, 2025***. You can

13

obtain a copy of the Claim Form on the website, www.strategicclaims.net/owlet, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at 1-866-274-4004, or by emailing the Claims Administrator at info@strategicclaims.net. Please retain all records of your ownership of and transactions in Owlet common stock and warrants, as they may be needed to document your Claim. The Parties and Claims Administrator do not have information about your transactions in Owlet Securities.

33.    **Please Note: There is one Claim Form for both this Settlement and the 14(a) Class Settlement. Accordingly, if you submit a Claim Form, your Claim will be processed in connection with both settlements. Please do not submit two Claim Forms.**

34.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

35.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

36.    Pursuant to the Settlement, Defendants shall pay or cause to be paid a total of $3,500,000 in cash. The Settlement Amount will be deposited into an escrow account. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

37.    Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to the Plan of Allocation set forth in Appendix A, or another plan of allocation, will not affect the Settlement, if approved.

38.    Once the Court's order or judgment approving the Settlement becomes Final and the Effective Date has occurred, no Defendant, Defendants' Releasee, or any other person or entity (including Defendants' insurance carriers) who or which paid any portion of the Settlement Amount on Defendants' behalf are entitled to get back any portion of the Settlement Fund. Defendants shall not have any liability,

obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

39.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim postmarked or received on or before _____ __, 2025 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the Releases given.

40.     Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of Owlet common stock and/or warrants purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those shares of Owlet common stock and Owlet warrants purchased/acquired during the Class Period outside of an Employee Plan. Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Owlet common stock and warrants during the Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Settlement Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

41.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

42.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim.

43.     Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired Owlet common stock and/or warrants during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claims.

44.     **Appendix A to this Notice sets forth the Plan of Allocation for allocating the Net Settlement Fund among Authorized Claimants, as proposed by Lead Plaintiff and Lead Counsel. At the Settlement Hearing, Lead Counsel will request the Court approve the Plan of Allocation. The Court may modify**

15

the Plan of Allocation, or approve a different plan of allocation, without further notice to the Settlement Class.

45.    As noted above, if you submit a Claim, your Claim will be processed in connection with both this Settlement and the 14(a) Class Settlement. If, in addition to meeting the requirements for payment pursuant to the Plan of Allocation set forth in Appendix A hereto (or other Court-approved plan of allocation), you also meet the requirements for payment pursuant to the 14(a) Class Settlement, you will be eligible to receive proceeds from both settlements.

## WHAT PAYMENT ARE THE ATTORNEYS FOR THE SETTLEMENT CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?

46.    Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Settlement Class, nor has Lead Counsel been paid for its litigation costs and expenses. Before final approval of the Settlement, Lead Counsel will apply, on behalf of Plaintiff's Counsel who litigated the 10(b) claims, to the Court for an award of attorneys' fees in an amount not to exceed 33⅓% of the Settlement Fund. At the same time, Lead Counsel also intends to apply for payment of Litigation Expenses in an amount not to exceed $180,000, which amount may include a request for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiff directly related to his representation of the Settlement Class in accordance with 15 U.S.C. § 78u-4(a)(4).

47.    Lead Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____ __, 2025. A copy of Lead Counsel's motion for attorneys' fees and Litigation Expenses will be available for review on the website www.strategicclaims.net/owlet once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. *Settlement Class Members are not personally liable for any such fees or expenses.*

## WHAT IF I DO NOT WANT TO BE A MEMBER OF THE SETTLEMENT CLASS? HOW DO I EXCLUDE MYSELF?

48.    Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails a letter requesting exclusion addressed to: *Owlet Securities Litigation Settlements*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. The request for exclusion must be *received* **no later than _____ __, 2025**. You will not be able to exclude yourself from the Settlement

Class after that date. Each letter requesting exclusion must: (i) state the name, address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Section 10(b) Settlement Class in *Michael J. Butala v. Owlet, Inc., et al.*, Case No. 2:21-cv-09016-FLA-SSC (C.D. Cal.)"; (iii) state the number of shares of Owlet common stock and/or warrants that the person or entity requesting exclusion (A) owned as of the opening of trading on March 31, 2021 and (B) purchased/acquired and/or sold during the Class Period (*i.e.*, between March 31, 2021 and October 4, 2021, inclusive), as well as the dates, number of shares/warrants, and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative.

49.    A letter requesting exclusion shall not be valid and effective unless it provides all the information called for in this paragraph and is received within the time stated above, or is otherwise accepted by the Court.

50.    If you do not want to be part of the Settlement Class, you must follow these instructions for exclusion even if you have pending, or later file, another lawsuit, arbitration, or other proceeding relating to any Released Plaintiff's Claim against any of the Defendants' Releasees. Excluding yourself from the Settlement Class is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other Defendants' Releasees concerning the Released Plaintiff's Claims. Please note, however, if you decide to exclude yourself from the Settlement Class, Defendants and the other Defendants' Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

51.    If you ask to be excluded from the Settlement Class, you will not be eligible to receive any payment from the Net Settlement Fund.

52.    Owlet has the right to terminate the Settlement if valid requests for exclusion are received from persons and entities entitled to be members of the Settlement Class in an amount that exceeds an amount agreed to by the Parties.

53.    **Excluding yourself from the Section 10(b) Settlement Class does not automatically exclude you from the Section 14(a) Settlement Class. If you would like to exclude yourself from the Section 14(a) Settlement Class, you must do so in accordance with the instructions set forth in the notice for the 14(a) Class Settlement available at www.strategicclaims.net/owlet.**

> **WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?  DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

54.    **Settlement Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Settlement Class Member does not attend the hearing. You can participate in the Settlement without attending the hearing.**

55.    <u>**Please Note**</u>: The date and time of the Settlement Hearing may change without further written notice to the Settlement Class. In addition, the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by video or telephone, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by telephone or video, it is important that you monitor the Court's docket and the website, <u>www.strategicclaims.net/owlet</u>, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the website <u>www.strategicclaims.net/owlet</u>. If the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to <u>www.strategicclaims.net/owlet</u>.**

56.    The Settlement Hearing will be held on _____ \_\_, **2025 at \_\_:\_\_ \_.m.**, before the Honorable Fernando L. Aenlle-Rocha, United States District Court Judge for the Central District of California, either in person at the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012, in Courtroom 6B, 6th Floor, or by telephone or videoconference (at the discretion of the Court). The Court reserves the right to approve the Settlement, the Plan of Allocation, Lead Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Settlement Class.

57.    Any Settlement Class Member may object to the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the

Court at the address set forth below, as well as serve copies on Lead Counsel and Defendants' Counsel at the addresses set forth below **on or before _____ __, 2025**.

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| United States District Court Central District of California<br>First Street Courthouse, 350 W. 1st Street, Los Angeles, CA 90012 | Kessler Topaz Meltzer & Check, LLP<br>Jennifer L. Joost, Esq.<br>One Sansome Street, Suite 1850<br>San Francisco, CA 94104 | Latham & Watkins LLP<br>Colleen C. Smith, Esq.<br>12670 High Bluff Drive<br>San Diego, CA  92130 |

58.    Any objection, filings, and other submissions by the objecting Settlement Class Member must: (1) clearly identify the case name, case number, and the Settlement (*Michael J. Butala v. Owlet, Inc., et al.*, Case No. 2:21-cv-09016-FLA-SSC (C.D. Cal.) – 10(b) Class Settlement); (2) identify the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (3) state with specificity the grounds for the Settlement Class Member's objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class; and (4) include documents sufficient to prove membership in the Settlement Class, including the number of shares of Owlet common stock and/or warrants that the objecting Settlement Class Member (A) owned as of the opening of trading on March 31, 2021 and (B) purchased/acquired and/or sold during the Class Period, as well as the dates, number of shares/warrants, and prices of each such purchase/ acquisition and sale. The objecting Settlement Class Member shall provide documentation establishing membership in the Settlement Class through copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from the objector's broker containing the transactional and holding information found in a broker confirmation slip or account statement.

59.    **You may not object to the Settlement, Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses if you exclude yourself from the Settlement Class or if you are not a Settlement Class Member.**

60.    If you wish to appear and speak about your objection at the Settlement Hearing, you must state that you intend to appear at the hearing in your objection or send a letter stating that you intend to appear at the Settlement Hearing in *Michael J. Butala v. Owlet, Inc., et al.*, Case No. 2:21-cv-09016-FLA-SSC (C.D. Cal.) for the 10(b) Class Settlement to the Court at the address set forth in ¶ 57 above so that it is **received** on or before **_____ __, 2025**. Persons who intend to object and desire to

19

present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

61.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and Litigation Expenses. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

## WHAT IF I DO NOTHING?

62.    If you do nothing, all of your Released Plaintiff's Claims (*see* ¶ 26 above) against Defendants and the other Defendants' Releasees will be released, and you will not receive any payment from the Settlement because it is necessary that you submit a Claim in order to be eligible to share in the Settlement proceeds.

## WHAT IF I BOUGHT OWLET SECURITIES ON SOMEONE ELSE'S BEHALF?

63.    If you purchased or otherwise acquired shares of Owlet common stock and/or Owlet warrants between March 31, 2021 through October 4, 2021, inclusive, for the beneficial interest of persons or entities other than yourself, you must either (i) within seven (7) calendar days of receipt of notice, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners; (ii) within seven (7) calendar days of receipt of notice, request from the Claims Administrator the electronic Postcard Notice or the link to the electronic Notice and Claim Form and, within seven (7) calendar days of receipt of the electronic Postcard Notice or the link, forward it by email to all such beneficial owners; or (iii) within seven (7) calendar days of receipt of notice, provide a list of the names, addresses, and e-mail addresses, if available, of all such beneficial owners to *Owlet Securities Litigation Settlements*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063. If you choose the second option, the Claims Administrator will send a copy of the Postcard Notice by mail or email to the beneficial owners you have identified on your list. Upon full compliance with this Order, such Nominees

EXHIBIT A-2

may seek reimbursement of their reasonable expenses actually incurred in complying with this Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Reasonable expenses shall not exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed; $0.03 per Postcard Notice sent via email or link to the electronic Notice and Claim Form emailed; or $0.03 per name, address, and e-mail address (to the extent available) provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this Court with respect to any dispute concerning such reimbursement.

64.    Copies of the Notice and the Claim Form may be obtained from the website for the Settlement, www.strategicclaims.net/owlet, by calling the Claims Administrator toll-free at 1-866-274-4004, or by emailing the Claims Administrator at info@strategicclaims.net.

| CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS? |
| --- |

65.    This Notice summarizes the proposed Settlement. For the full terms and conditions of the Settlement, please review the Stipulation at www.strategicclaims.net/owlet. More detailed information about the matters involved in this Action can be obtained by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov, or by visiting, during regular office hours, the Office of the Clerk, United States District Court for the Central District of California, First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted at www.strategicclaims.net/owlet.

66.    All inquiries concerning this Notice and the Claim Form should be directed to:

*Owlet Securities Litigation Settlements*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063

1-866-274-4004
info@strategicclaims.net
www.strategicclaims.net/owlet

21

and/or

Kessler Topaz Meltzer & Check, LLP
Jennifer L. Joost, Esq.
One Sansome Street, Suite 1850
San Francisco, CA 94104
1-415-400-3000

info@ktmc.com

**PLEASE DO NOT CALL OR WRITE THE COURT, DEFENDANTS, OR DEFENDANTS' COUNSEL REGARDING THE SETTLEMENT, THIS NOTICE OR THE CLAIMS PROCESS.**

DATED: _____ __, 2025                    BY ORDER OF THE COURT
                                                   United States District Court
                                                   Central District of California

22

## APPENDIX A

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND FOR THE 10(B) CLASS SETTLEMENT

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for approval by Lead Plaintiff after consultation with his damages consultant. The Court may approve the Plan of Allocation with or without modification, or approve another plan of allocation, without further notice to the Settlement Class. Any orders regarding a modification of the Plan of Allocation will be posted on the website for the Settlement, www.strategicclaims.net/owlet. Defendants have had, and will have, no involvement or responsibility for the terms or application of the Plan of Allocation.

The objective of the proposed Plan of Allocation is to equitably distribute the Net Settlement Fund among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws set forth in the Complaint. To that end, Lead Plaintiff's damages consultant calculated the estimated amount of alleged artificial inflation in the per share price of Owlet common stock and the estimated amount of alleged artificial inflation in the per warrant price of Owlet warrants (together with Owlet common stock, Owlet Securities) over the course of the Class Period that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions.

Calculations made pursuant to the Plan of Allocation do not represent a formal damages analysis that has been adjudicated in the Action and are not intended to measure the amounts that Settlement Class Members would recover after a trial, nor are these calculations intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the security. Accordingly, to have a "Recognized Loss Amount" pursuant to the Plan of Allocation, a person or entity must have purchased or otherwise acquired Owlet Securities during the Class Period (i.e., the period between March 31, 2021 and October 4, 2021, inclusive) and **held such Owlet Securities through the alleged corrective disclosure on October 4, 2021** that removed the alleged artificial inflation related to that information.

23

All Claims submitted for the 10(b) Class Settlement will be calculated pursuant to: (i) the Plan of Allocation set forth below based on claims asserted under Section 10(b) of the Exchange Act; as well as (ii) the plan of allocation being proposed for the 14(a) Class Settlement based on claims asserted under Section 14(a) of the Exchange Act. The proposed plan of allocation for the 14(a) Class Settlement ("14(a) Plan of Allocation") is contained in the notice for the 14(a) Class Settlement available at www.strategicclaims.net/owlet. If a Claimant has a loss pursuant to the 14(a) Plan of Allocation, the Claimant will be eligible for compensation from the 14(a) Class Settlement in addition to being eligible for compensation from this Settlement.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS FOR THE 10(b) CLASS SETTLEMENT

1.    For purposes of determining whether a Claimant has a "Recognized Claim," the purchases, acquisitions, and sales of Owlet common stock[5] will first be matched on a First In, First Out ("FIFO") basis as set forth in ¶ 6 below. Likewise, the purchases, acquisitions, and sales of Owlet warrants[6] will also be matched on a FIFO basis.

2.    A "Recognized Loss Amount" will be calculated as set forth below for *each* share of Owlet common stock purchased or otherwise acquired between March 31, 2021 and October 4, 2021, inclusive, and for *each* Owlet warrant purchased or otherwise acquired between March 31, 2021 and October 4, 2021, inclusive, that is listed in the Claim Form and for which adequate documentation is provided.[7] To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be the Claimant's Recognized Claim.

3.    Please Note: Recognized Loss Amounts will also take into account the Court's September 26, 2024 Order Granting In Part Defendants' Motion For

---

[5]    For purposes of the Plan of Allocation, Owlet common stock includes transactions and holdings in Sandbridge common stock (ticker "SBG") during the Class Period.

[6]    For purposes of the Plan of Allocation, Owlet warrants include transactions and holdings in Sandbridge warrants (ticker "SBG WS") during the Class Period.

[7]    Any transactions in Owlet Securities executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

Reconsideration [DKT. 127], which dismissed with prejudice certain alleged misstatements in the Complaint prior to August 5, 2021. Because of the dismissal of the claims of Settlement Class Members who purchased Owlet Securities during the period from March 31, 2021 through August 4, 2021, inclusive, it is far less likely that Lead Plaintiff could have prevailed on these claims if the Action had continued, as doing so would have required successfully appealing the Court's dismissal of those statements. Accordingly, Recognized Loss Amounts for purchases of Owlet Securities during the period from March 31, 2021 through August 4, 2021, inclusive, will be discounted by 90% (i.e., the Recognized Loss Amount will be multiplied by 0.10) to account for the unlikelihood of prevailing on an appeal of the dismissed statements.

4.  A Claimant's Recognized Loss Amount will be calculated as follows:[8]

   a.  For each share of Owlet common stock and each Owlet warrant purchased or otherwise acquired during the Class Period and subsequently sold prior to the opening of trading on October 4, 2021, the Recognized Loss Amount is $0.

   b.  For each share of Owlet common stock and each Owlet warrant purchased or otherwise acquired during the Class Period[9] and sold after the opening of trading on October 4, 2021, and before the close of trading on December 31, 2021,[10] the Recognized Loss Amount shall be *the least of*:

---

[8]    Because all corrective information was released to the market *prior* to market open on October 4, 2021, Recognized Loss Amounts for purchases of Owlet Securities on October 4, 2021 will be discounted by 90% (i.e., the Recognized Loss Amount will be multiplied by 0.10).

[9]    Shares of Owlet common stock and Owlet warrants purchased or otherwise acquired as a result of the conversion of held Sandbridge Units (ticker "SBG.U") will be treated as purchases of Owlet common stock and Owlet warrants on the date of conversion, on or about July 16, 2021. If no price is documented for such conversion, the closing price on July 16, 2021 for the respective security will be applied.

[10]    December 31, 2021 represents the last day of the 90-day period subsequent to the end of the Class Period, i.e., the period from October 4, 2021 through December 31, 2021 (the "90-day Look-Back Period"). The PSLRA imposes a statutory limitation on recoverable damages using the 90-day Look-Back Period. This

      i.  $1.26 per share of Owlet common stock or $0.21 per Owlet warrant, the amount of alleged artificial inflation applicable to each such share of Owlet common stock or each such Owlet warrant; or

      ii.  the actual purchase/acquisition price of each share of Owlet common stock or Owlet warrant (excluding taxes, commissions, and fees) *minus* the respective 90-day Look-Back Value as set forth in **Table 1** below; or

      iii.  the Out of Pocket Loss, calculated as the actual purchase/acquisition price per share of Owlet common stock or per Owlet warrant (excluding taxes, commissions, and fees) *minus* the actual per share or per warrant sale price of each such share of Owlet common stock or Owlet warrant (excluding taxes, commissions, and fees).

c.  For each share of Owlet common stock and each Owlet warrant purchased or otherwise acquired during the Class Period and held as of the close of trading on December 31, 2021 (i.e., the last day of the 90-day Look-Back Period), the Recognized Loss Amount shall be *the lesser of*:

      i.  $1.26 per share of Owlet common stock or $0.21 per Owlet warrant, the amount of alleged artificial inflation applicable to each such share of Owlet common stock or each such Owlet warrant; or

---

limitation is incorporated into the calculation of a Settlement Class Member's Recognized Loss Amount. Specifically, a Settlement Class Member's Recognized Loss Amount cannot exceed the difference between the purchase price paid for the respective Owlet Security and the average price of that Owlet Security during the 90-day Look-Back Period if the Owlet Security was held through December 31, 2021, the end of this period. Losses on Owlet Securities purchased/acquired during the period between March 31, 2021 and October 4, 2021, inclusive, and sold during the 90-day Look-Back Period cannot exceed the difference between the purchase price paid for the Owlet Security and the average price of the respective Owlet Security during the portion of the 90-day Look-Back Period elapsed as of the date of sale (the "Owlet Common Stock 90-day Look-Back Value" and the "Owlet Warrant 90-day Look-Back Value"), as set forth in **Table 1** below.

ii. the actual purchase/acquisition price per share of Owlet common stock or Owlet warrant (excluding taxes, commissions, and fees) *minus* $3.79 per share of Owlet common stock or $0.55 per Owlet warrant (i.e., the average closing prices of the Owlet Securities during the 90-day Look-Back Period as shown on the last line in Table 1 below).

## ADDITIONAL PROVISIONS

5.    The Net Settlement Fund will be allocated among all Authorized Claimants whose Distribution Amount (defined in ¶ 11 below) is $10.00 or greater.

6.    If a Settlement Class Member has more than one purchase/acquisition or sale of Owlet Securities during the Class Period, all purchases/acquisitions and sales shall be matched on a FIFO basis for each respective Owlet Security. Class Period sales will be matched first against any holdings of the Owlet Security at the beginning of the Class Period, and then against purchases/acquisitions of the Owlet Security, in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

7.    Purchases/acquisitions and sales of Owlet Securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Owlet Securities during the Class Period shall not be deemed a purchase, acquisition, or sale of the Owlet Securities for the calculation of an Authorized Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition of such Owlet Security unless (i) the donor or decedent purchased or otherwise acquired such Owlet Security during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Owlet Security; and (iii) it is specifically so provided in the instrument of gift or assignment.

8.    <u>Maximum Recovery for Owlet Warrants</u>: The Settlement proceeds available for Owlet warrants purchased/acquired during the Class Period shall be limited to a total amount equal to 4% of the Net Settlement Fund. Thus, if the cumulative Recognized Loss Amounts for Owlet warrants exceeds 4% of all Recognized Claims, then the Recognized Loss Amounts calculated for warrant transactions will be reduced proportionately until they collectively equal 4% of all Recognized Claims. In the unlikely event that the Net Settlement Fund is sufficient

27

to pay 100% of the Owlet common stock-based claims, any excess amount will be used to pay the balance on the remaining warrant-based claims.

9.    For Owlet common stock, the date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Owlet common stock. The date of a "short sale" is deemed to be the date of sale of the Owlet common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a Claimant has an opening short position in Owlet common stock, the earliest purchases or acquisitions during the Class Period shall be matched against such opening short position and shall not be entitled to a recovery until that short position is fully covered.

10.    Owlet common stock and Owlet warrants are the only securities eligible for recovery under the Plan of Allocation. Option contracts to purchase or sell Owlet common stock are not securities eligible to participate in the Settlement. With respect to Owlet common stock purchased or sold through the exercise of an option, the purchase/sale date of the Owlet common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option. Any Recognized Loss Amount arising from purchases of Owlet common stock acquired during the Class Period through the exercise of an option on Owlet common stock[11] shall be computed as provided for other purchases of Owlet common stock in the Plan of Allocation.

11.    The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis based on the relative size of their losses. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount pursuant to this Plan of Allocation calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.[12] If a

---

[11]    This includes (1) purchases of Owlet common stock as the result of the exercise of a call option, and (2) purchases of Owlet common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

[12]    In the event that your Distribution Amount falls below the $10.00 de minimis payment amount for this Settlement but you are entitled to a payment in the 14(a) Class Settlement that when combined with your Distribution Amount for the 10(b) Class Settlement brings you above the $10.00 de minimis payment amount, you will receive a payment.

28

Claimant has a loss pursuant to the 14(a) Plan of Allocation, the Authorized Claimant's distribution from that settlement will be the Authorized Claimant's loss calculated pursuant to the 14(a) Plan of Allocation divided by the total losses of all Authorized Claimants calculated pursuant to the 14(a) Plan of Allocation, multiplied by the total amount in the net settlement fund for the 14(a) Class Settlement

12.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, nine (9) months after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, not-for-profit organization(s), to be recommended by Lead Counsel and approved by the Court.

13.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, Lead Plaintiff's damages consultant, Defendants, Defendants' Counsel, any of the other Plaintiff's Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiff, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Claim or

29

nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

| TABLE 1<br>Owlet Common Stock 90 Day Look-Back Value<br>and Owlet Warrant 90 Day Look-Back Value<br>by Sale/Disposition Date (October 4, 2021 through December 31, 2021)[13] | | | | | |
|---|---|---|---|---|---|
| Sale Date | Average Closing Price for Owlet Common Stock Between October 4, 2021 and Date Shown | Average Closing Price for Owlet Warrants Between October 4, 2021 and Date Shown | Sale Date | Average Closing Price for Owlet Common Stock Between October 4, 2021 and Date Shown | Average Closing Price for Owlet Warrants Between October 4, 2021 and Date Shown |
| 10/4/2021 | $4.19 | $0.73 | 11/17/2021 | $4.01 | $0.56 |
| 10/5/2021 | $4.15 | $0.68 | 11/18/2021 | $4.01 | $0.56 |
| 10/6/2021 | $4.21 | $0.63 | 11/19/2021 | $4.01 | $0.56 |
| 10/7/2021 | $4.25 | $0.60 | 11/22/2021 | $4.01 | $0.57 |
| 10/8/2021 | $4.25 | $0.58 | 11/23/2021 | $4.01 | $0.56 |
| 10/11/2021 | $4.22 | $0.56 | 11/24/2021 | $4.01 | $0.57 |
| 10/12/2021 | $4.19 | $0.56 | 11/26/2021 | $4.03 | $0.57 |
| 10/13/2021 | $4.16 | $0.55 | 11/29/2021 | $4.03 | $0.57 |
| 10/14/2021 | $4.14 | $0.55 | 11/30/2021 | $4.05 | $0.57 |
| 10/15/2021 | $4.11 | $0.54 | 12/1/2021 | $4.05 | $0.57 |
| 10/18/2021 | $4.09 | $0.54 | 12/2/2021 | $4.05 | $0.57 |
| 10/19/2021 | $4.07 | $0.53 | 12/3/2021 | $4.05 | $0.57 |
| 10/20/2021 | $4.05 | $0.53 | 12/6/2021 | $4.04 | $0.57 |
| 10/21/2021 | $4.04 | $0.53 | 12/7/2021 | $4.04 | $0.58 |
| 10/22/2021 | $4.02 | $0.53 | 12/8/2021 | $4.04 | $0.58 |
| 10/25/2021 | $4.00 | $0.53 | 12/9/2021 | $4.03 | $0.58 |
| 10/26/2021 | $3.97 | $0.53 | 12/10/2021 | $4.03 | $0.58 |
| 10/27/2021 | $3.95 | $0.53 | 12/13/2021 | $4.02 | $0.58 |
| 10/28/2021 | $3.94 | $0.53 | 12/14/2021 | $4.01 | $0.58 |
| 10/29/2021 | $3.92 | $0.53 | 12/15/2021 | $4.00 | $0.58 |
| 11/1/2021 | $3.91 | $0.53 | 12/16/2021 | $3.98 | $0.57 |
| 11/2/2021 | $3.89 | $0.53 | 12/17/2021 | $3.96 | $0.57 |
| 11/3/2021 | $3.89 | $0.54 | 12/20/2021 | $3.94 | $0.57 |

---

[13]    The per-share/per-warrant values listed in Table 1 are based on the price of Owlet common stock/warrants in effect at the time (prior to any stock splits).

| TABLE 1 |
| :---: |
| **Owlet Common Stock 90 Day Look-Back Value and Owlet Warrant 90 Day Look-Back Value by Sale/Disposition Date (October 4, 2021 through December 31, 2021)[13]** |

| Sale Date | Average Closing Price for Owlet Common Stock Between October 4, 2021 and Date Shown | Average Closing Price for Owlet Warrants Between October 4, 2021 and Date Shown | Sale Date | Average Closing Price for Owlet Common Stock Between October 4, 2021 and Date Shown | Average Closing Price for Owlet Warrants Between October 4, 2021 and Date Shown |
| :---: | :---: | :---: | :---: | :---: | :---: |
| 11/4/2021 | $3.89 | $0.54 | 12/21/2021 | $3.92 | $0.57 |
| 11/5/2021 | $3.89 | $0.54 | 12/22/2021 | $3.90 | $0.56 |
| 11/8/2021 | $3.88 | $0.54 | 12/23/2021 | $3.88 | $0.56 |
| 11/9/2021 | $3.88 | $0.54 | 12/27/2021 | $3.86 | $0.56 |
| 11/10/2021 | $3.90 | $0.54 | 12/28/2021 | $3.85 | $0.56 |
| 11/11/2021 | $3.91 | $0.55 | 12/29/2021 | $3.83 | $0.55 |
| 11/12/2021 | $3.95 | $0.55 | 12/30/2021 | $3.81 | $0.55 |
| 11/15/2021 | $3.97 | $0.56 | 12/31/2021 | $3.79 | $0.55 |
| 11/16/2021 | $3.99 | $0.56 | | | |

31

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, et al.,<br><br>     Defendants. | Case No. 2:21-cv-09016-FLA(SSCx)<br><br>Consolidated with Case No. 2:21-cv-09293-FLA (JEMx)<br><br>CLASS ACTION |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENTS; (II) SETTLEMENT HEARINGS; AND (III) MOTIONS FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO: Section 10(b) Settlement Class: All persons and entities who purchased or otherwise acquired securities of Owlet, Inc. (i.e., common stock and/or warrants) between March 31, 2021 and October 4, 2021, both dates inclusive, and who were damaged thereby.**

**Section 14(a) Settlement Class: All persons and entities that held Sandbridge Acquisition Corporation common stock as of June 1, 2021 and were eligible to vote at Sandbridge's special meeting on July 14, 2021.**

Together, the Section 10(b) Settlement Class and the Section 14(a) Settlement Class are referred to herein as the "Settlement Classes."

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY A PENDING CLASS ACTION LAWSUIT.**

 **YOU ARE HEREBY NOTIFIED**, pursuant to Rule 23 of the Federal Rules of Civil Procedure and Orders of the United States District Court for the Central District of California that the above-captioned action ("Action") has been provisionally certified as a class action for the purposes of settlement, except for

certain persons and entities who are excluded from the Settlement Classes by definition as set forth in the Stipulation and Agreement of Settlement for the Section 10(b) Class, dated January 31, 2025 ("10(b) Class Stipulation") and the Stipulation of Settlement for the Section 14(a) Class dated January 31, 2025 ("14(a) Class Stipulation") and the detailed notices for each settlement ("Notices"). The 10(b) Class Stipulation, the 14(a) Class Stipulation, and the Notices can be viewed on the website www.strategicclaims.net/owlet.

**YOU ARE ALSO NOTIFIED** that the parties to the Action have reached proposed settlements ("Settlements") in the amounts of $3.5 million in cash for the Section 10(b) Settlement Class ("10(b) Class Settlement") and $1.75 million in cash for the Section 14(a) Settlement Class ("14(a) Class Settlement"). If approved, the Settlements will resolve all claims in the Action.

Hearings will be held in the Action on _____ __, **2025 at __:__ _.m.** for the 10(b) Class Settlement and on _____ __, **2025 at __:__ _.m.** for the 14(a) Class Settlement, before the Honorable Fernando L. Aenlle-Rocha, United States District Court Judge for the Central District of California, either in person at the First Street Courthouse, 350 W. 1st Street, Los Angeles, California 90012 ("Court"), in Courtroom 6B, 6th Floor, or by telephone or videoconference (in the discretion of the Court), to determine whether: (i) for purposes of settlement, the Action should be certified as a class action on behalf of the Settlement Classes, Lead Plaintiff Dr. Thomas E. Tweito and Lead Counsel Kessler Topaz Meltzer & Check, LLP should be appointed as class representative and class counsel, respectively, for the 10(b) Settlement Class, and Lead Plaintiff Drew Conant and Plaintiff Eric Lee, and Lead Counsel Pomerantz LLP should be appointed as class representatives and class counsel, respectively, for the 14(a) Settlement Class; (ii) the Settlements should be approved as fair, reasonable, and adequate; (iii) the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the 10(b) Class Stipulation and the 14(a) Class Stipulation (and in the Notices described below) should be entered; (iv) the proposed Plans of Allocation for the net proceeds of the Settlements should be approved as fair and reasonable; and (v) counsels' applications for awards of attorneys' fees and expenses and compensatory awards to Plaintiffs, should be approved. Any updates regarding the hearings, including any changes to the dates or times of the hearings or updates regarding in-person or remote appearances at the hearings, will be posted to the website for the Settlements, www.strategicclaims.net/owlet.

2

**If you are a member of one or both Settlement Classes, your rights will be affected by the pending Action and the Settlements, and you may be entitled to share in the settlement proceeds**. This notice provides only a summary of the information contained in the detailed Notice for each Settlement. You may obtain copies of both Notices, along with the Claim Form, on the website for the Settlements, www.strategicclaims.net/owlet. You may also obtain copies of the detailed Notices and Claim Form by contacting the Claims Administrator at *Owlet Securities Litigation Settlements*, c/o Strategic Claims Services, P.O Box 230, 600 N. Jackson Street, Suite 205, Media, PA 19063; 1-866-274-4004; info@strategicclaims.net.

If you are a member of one or both Settlement Classes, in order to be eligible to receive a payment under the proposed Settlements, you must submit a Claim Form *postmarked (if mailed), or online at **www.strategicclaims.net/owlet**, no later than _____, 2025*, in accordance with the instructions set forth in the Claim Form. If you submit a Claim Form, your eligibility to receive payment will be assessed in connection with both Settlements. If you are a member of one or both Settlement Classes and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlements, but you will nevertheless be bound by any releases, judgments, or orders entered by the Court in the Action.

If you are a member of the 10(b) Settlement Class, the 14(a) Settlement Class, or both Settlement Classes and wish to exclude yourself from one or both Settlement Classes, you must submit a request for exclusion such that it is *received **no later than** _____, 2025*, in accordance with the instructions set forth in the detailed Notices. If you properly exclude yourself from one or both Settlement Classes, you will not be bound by any releases, judgments, or orders entered by the Court in the Action, and you will not be eligible to share in the net proceeds of the Settlements. Excluding yourself is the only option that may allow you to be part of any other current or future lawsuit against Defendants or any of the other released parties concerning the claims being resolved by the Settlements.

Any objections to the proposed Settlements, the proposed Plans of Allocation (as contained in the Notices), and/or counsels' motions for attorneys' fees and expenses, must be filed with the Court and delivered to the respective counsel at the addresses and in the forms specified in the detailed Notices such that they are *received **no later than** _____, 2025*, in accordance with the instructions set forth in the detailed Notices.

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR THEIR COUNSEL REGARDING THIS NOTICE.** All questions about this notice, the Settlements, or your eligibility to participate in the Settlements should be directed to the counsel set forth below or the Claims Administrator.

Requests for the detailed Notices and Claim Form should be made to the Claims Administrator:

*Owlet Securities Litigation Settlements*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
1-866-274-4004

info@strategicclaims.net
www.strategicclaims.net/owlet

Inquiries, other than requests for the detailed Notices and Claim Form, may be made to counsel as follows:

| **Inquiries for the 10(b) Class Settlement should be directed to:** | **Inquiries for the 14(a) Class Settlement should be directed to:** |
|---|---|
| Jennifer L. Joost, Esq. | Jeremy A. Lieberman, Esq. |
| Kessler Topaz Meltzer | Tamar A. Weinrib, Esq. |
| & Check, LLP | Pomerantz LLP |
| One Sansome Street, Suite 1850 | 600 Third Avenue, 20th Floor |
| San Francisco, CA 94104 | New York, NY 10016 |
| 1-415-400-3000 | 1-212-661-1100 |
| info@ktmc.com | jalieberman@pomlaw.com |
| | taweinrib@pomlaw.com |

DATED: _____ __, 2025

BY ORDER OF THE COURT
United States District Court
Central District of California

4

# EXHIBIT A-4

EXHIBIT A-4

***Owlet Securities Litigation Settlements***
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**

**Toll-Free Number:  1-866-274-4004**
**Email:  info@strategicclaims.net**
**Website:  www.strategicclaims.net/owlet**

## PROOF OF CLAIM AND RELEASE FORM

In order to be potentially eligible to receive a share of the net settlement proceeds in connection with *one or both* of the proposed settlements ("Settlements") reached in the class action lawsuit *Michael J. Butala v. Owlet, Inc., et al.*, No. 2:21-cv-09016-FLA-SSC (C.D. Cal.) ("Action"), you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the above address, or submit it online at via the website, www.strategicclaims.net/owlet, **postmarked (or received) no later than _____ __, 2025. Please submit only ONE Claim Form. Your Claim Form will be processed in connection with both Settlements.**

Failure to submit your Claim Form by the date above will subject your claim to rejection and may preclude you from being eligible to recover any money in connection with the Settlements.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above, or online at www.strategicclaims.net/owlet.**

| TABLE OF CONTENTS | PAGE # |
|---|---|
| **PART I – GENERAL INSTRUCTIONS** | __ |
| **PART II – CLAIMANT INFORMATION** | __ |
| **PART III – SCHEDULE OF TRANSACTIONS IN OWLET, INC. COMMON STOCK** | __ |
| **PART IV – SCHEDULE OF TRANSACTIONS IN OWLET, INC. WARRANTS** | __ |
| **PART V – SANDBRIDGE COMMON STOCK HOLDINGS ON JUNE 1, 2021 AND JULY 14, 2021** | __ |
| **PART VI - RELEASE OF CLAIMS AND SIGNATURE** | __ |

# PART I – GENERAL INSTRUCTIONS

It is important that you completely read and understand both: (i) the Notice of (I) Pendency of Class Action and Proposed 10(b) Class Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("10(b) Class Notice"); and (ii) the Notice of (I) Pendency of Class Action and Proposed Section 14(a) Class Settlement; (II) Settlement Hearing; and (III) Motion for Attorneys' Fees and Litigation Expenses ("14(a) Class Notice" and, together with the 10(b) Class Notice, "Notices"), including the proposed plans of allocation set forth in each. Both Notices are available for review and download on the website www.strategicclaims.net/owlet. Each Notice describes the respective proposed Settlement, how members of the Settlement Class are affected by the Settlement, and the manner in which the net settlement proceeds for the respective Settlement will be distributed if the Settlement and proposed plan of allocation receive final court approval. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notices, including the terms of the releases described therein and provided for herein.

1.    This Claim Form is directed to the following two classes:

- **Section 10(b) Settlement Class:** All persons and entities who purchased or otherwise acquired securities of Owlet, Inc. (i.e., common stock and/or warrants) between March 31, 2021 and October 4, 2021, both dates inclusive, and who were damaged thereby.

- **Section 14(a) Settlement Class:** All persons and entities that held Sandbridge Acquisition Company common stock as of June 1, 2021 and were eligible to vote at Sandbridge's special meeting on July 14, 2021.

Together, the Section 10(b) Settlement Class and the Section 14(a) Settlement Class are referred to herein as the "Settlement Classes." Certain persons and entities are excluded from the Settlement Classes by definition as forth in ¶ 21 of the 10(b) Class Notice and ¶ 6 of the 14(a) Class Notice.

2.    By submitting this Claim Form, you are making a request to share in the proceeds of the Settlements described in the Notices. IF YOU ARE <u>NOT</u> A MEMBER OF THE SETTLEMENT CLASSES, OR IF YOU SUBMITTED A REQUEST FOR EXCLUSION FROM THE SETTLEMENT CLASS(ES), DO NOT SUBMIT A CLAIM FORM AS **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENTS.** THUS, IF YOU EXCLUDED YOUSELF FROM THE SETTLEMENT CLASS(ES), ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED. **Please Note: If you are a member of both Settlement Classes, and request exclusion _only_ from the Section 10(b) Settlement Class, you are only eligible to receive payment from the 14(a) Class Settlement and your Claim Form will only**

Page 2

be processed in accordance with the plan of allocation for the 14(a) Class Settlement. Likewise, if you are a member of both Settlement Classes, and request exclusion <u>*only*</u> from the Section 14(a) Settlement Class, you are only eligible to receive payment from the 10(b) Class Settlement and your Claim Form will only be processed in accordance with the plan of allocation for the 10(b) Class Settlement.

3. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlements. The distribution of the net settlement proceeds will be governed by the proposed Plans of Allocation for the Settlements as set forth in the Notices, if they are approved by the Court, or by such other plans of allocation as the Court approves.**

4. Use the Schedules of Transactions in Parts III through V of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of Owlet common stock, Owlet warrants, and Sandbridge common stock. On these schedules, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of the eligible securities, whether such transactions/holdings resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

5. <u>**Please note: For Owlet Common Stock (10(b) Class Settlement)**</u>: Only Owlet common stock purchased or otherwise acquired between March 31, 2021 and October 4, 2021, inclusive, is potentially eligible under the 10(b) Class Settlement. However, with respect to the plan of allocation for the 10(b) Class Settlement, pursuant to the "90-Day Look-Back Period" (described in the 10(b) Class Notice), your sales of Owlet common stock during the period from October 4, 2021 through and including the close of trading on December 31, 2021 will be used for purposes of calculating loss amounts for the 10(b) Class Settlement. Therefore, in order for the Claims Administrator to be able to balance your Claim, the requested purchase information during the 90-Day Look-Back Period must also be provided. **Failure to report all transaction and holding information during the requested time periods may result in the rejection of your Claim.**

6. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of the eligible securities set forth in the Schedules of Transactions in Parts III through V of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about your investments in the eligible securities. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS

Page 3

DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

7.    All joint beneficial owners each must sign this Claim Form, and their names must appear as "Claimants" in Part II of this Claim Form. The complete name(s) of the beneficial owner(s) must be entered. If you purchased or otherwise acquired the eligible securities during the relevant time periods and/or held the securities in your name, you are the beneficial owner as well as the record owner. If you purchased, otherwise acquired, or held the eligible securities during the relevant time periods and the securities were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these securities, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

8.    **One Claim should be submitted for each separate legal entity**. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions/holdings of just one of the joint owners, and an individual should not combine his or her IRA transactions/holdings with transactions/holdings made/held solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions/holdings made/held by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions/holdings made/held in all accounts on one Claim Form).

9.    Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a)    expressly state the capacity in which they are acting;

(b)    identify the name, account number, last four digits of the Social Security Number (or Taxpayer Identification Number), address, and telephone number of the beneficial owner of the eligible securities (or other person or entity on whose behalf they are acting with respect to); and

(c)    furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting.  (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

10.    If the Court approves the Settlements, payments to eligible Authorized Claimants pursuant to the proposed Plans of Allocation set forth in the Notices (or such other plans of allocation as the Court may approve) will be made after any appeals are resolved, and after the

completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

11.     **PLEASE NOTE**: As set forth in the Plans of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the net settlement proceeds. Specifically, payment amounts will be calculated for each Authorized Claimant, which will be: (1) the Authorized Claimant's Recognized Claim (calculated pursuant to the Plan of Allocation for the 10(b) Class Settlement) divided by the total Recognized Claims of all Authorized Claimants (calculated pursuant to the Plan of Allocation for the 10(b) Class Settlement), multiplied by the total amount in the net settlement fund for the 10(b) Class Settlement, ***plus*** (2) the Authorized Claimant's Recognized Loss, if any, calculated pursuant to the Plan of Allocation for the 14(a) Class Settlement divided by the total Recognized Losses of all Authorized Claimants calculated pursuant to the Plan of Allocation for the 14(a) Class Settlement, multiplied by the total amount in the net settlement fund for the 14(a) Class Settlement. If the prorated payment amount to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant. However, in the event that your payment amount falls below the $10.00 de minimis payment amount in the 10(b) Class Settlement but you are entitled to a payment in the 14(a) Class Settlement that when combined with your 10(b) Class Settlement Distribution Amount brings you above the $10.00 de minimis payment amount, or vice versa, you will receive a payment.

12.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or copies of the Notices, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004, or you can visit the website maintained by the Claims Administrator, www.strategicclaims.net/owlet, where copies of the Claim Form and Notices are available for downloading.

13.     NOTICE REGARDING INSTITUTIONAL FILERS:   Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the website for the Settlements.) All such Representative Filers MUST also submit a manually signed paper Claim Form, whether or not they also submit electronic copies. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the Claims Administrator's website at www.strategicclaims.net/institutional-filers or you may email the Claims Administrator's electronic filing department at efile@strategicclaims.net. **Any file not in accordance with the required electronic filing format will be subject to rejection.** Only one Claim should be

Page 5

submitted for each separate legal entity (*see* ¶ 8 above) and the **complete** name of the beneficial owner(s) of the securities must be entered where called for (*see* ¶ 7 above). No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at efile@strategicclaims.net to inquire about your file and confirm it was received.**

14.     NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/owlet. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing. You will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

### <u>IMPORTANT PLEASE NOTE</u>:

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM BY MAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT 1-866-274-4004.**

## PART II – CLAIMANT INFORMATION

**Please complete this PART II in its entirety. The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above.**

Beneficial Owner's First Name          Beneficial Owner's Last Name

Co-Beneficial Owner's First Name          Co-Beneficial Owner's Last Name

Entity Name (if Beneficial Owner is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address 1 (street name and number)

Address 2 (apartment, unit or box number)

City                                                  State    Zip Code

Country

Last four digits of Social Security Number or Taxpayer Identification Number

Telephone Number (home)                    Telephone Number (work)

Email address (E-mail address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

Account Number (where securities were traded)[1]

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

Claimant Account Type (check appropriate box)
☐    Individual (includes joint owner accounts)
☐    Pension Plan
☐    Trust
☐    Corporation
☐    Estate
☐    IRA/401K
☐    Other _____ (please specify)

---

[1]    If the account number is unknown, you may leave blank.  If filing for more than one account for the same legal entity you may write "multiple."  Please see ¶ 8 of the General Instructions above for more information on when to file separate Claim Forms for multiple accounts.

Page 8

## PART III – SCHEDULE OF TRANSACTIONS IN OWLET, INC. COMMON STOCK

Complete this Part III if and only if you purchased or otherwise acquired Owlet common stock between March 31, 2021 and October 4, 2021, both dates inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 6, above. Do not include information regarding securities other than Owlet common stock in this Schedule.

| | | |
|---|---|---|
| **1. HOLDINGS AS OF MARCH 31, 2021 –** State the total number of shares of Owlet common stock held as of the opening of trading on March 31, 2021. (Must be documented.) If none, write "zero" or "0." _____ | | Confirm Proof of Holding Position Enclosed ○ |

**2. PURCHASES/ACQUISITIONS BETWEEN MARCH 31, 2021 AND OCTOBER 4, 2021, INCLUSIVE** – Separately list each and every purchase/acquisition (including free receipts) of Owlet common stock from after the opening of trading on March 31, 2021 through and including the close of trading on October 4, 2021. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/ Acquired | Purchase/ Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding fees, taxes, and commissions) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS BETWEEN OCTOBER 5, 2021 AND DECEMBER 31, 2021, INCLUSIVE** – State the total number of shares of Owlet common stock purchased/ acquired (including free receipts) from after the opening of trading on October 5, 2021 through and including the close of trading on December 31, 2021. (Must be documented.) If none, write "zero" or "0."[2] _____

---

[2]    **Please note**: Information requested with respect to your purchases/acquisitions of Owlet common stock from after the opening of trading on October 5, 2021 through and including the

| 4. SALES BETWEEN MARCH 31, 2021 AND DECEMBER 31, 2021, INCLUSIVE – Separately list each and every sale/disposition (including free deliveries) of Owlet common stock from after the opening of trading on March 31, 2021 through and including the close of trading on December 31, 2021. (Must be documented.) | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding fees, taxes, and commissions) | Confirm Proof of Sales Enclosed |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| 5. HOLDINGS AS OF DECEMBER 31, 2021 – State the total number of shares of Owlet common stock held as of the close of trading on December 31, 2021. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

---

close of trading on December 31, 2021 is needed in order to perform the necessary calculations for your Claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating losses for the 10(b) Class Settlement.

## PART IV – SCHEDULE OF TRANSACTIONS IN OWLET, INC. WARRANTS

Complete this Part IV if and only if you purchased or otherwise acquired Owlet warrants between March 31, 2021 and October 4, 2021, both dates inclusive. Please be sure to include proper documentation with your Claim Form as described in detail in Part I – General Instructions, ¶ 6, above. Do not include information regarding securities other than Owlet warrants in this Schedule.

| 1. HOLDINGS AS OF MARCH 31, 2021 – State the total number of Owlet warrants held as of the opening of trading on March 31, 2021. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Holding Position Enclosed ○ |
|---|---|

**2. PURCHASES/ACQUISITIONS BETWEEN MARCH 31, 2021 AND OCTOBER 4, 2021, INCLUSIVE** – Separately list each and every purchase/acquisition of Owlet warrants from after the opening of trading on March 31, 2021 through and including the close of trading on October 4, 2021. (Must be documented.)

| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Warrants Purchased/ Acquired | Purchase/ Acquisition Price Per Warrant | Total Purchase/ Acquisition Price (excluding fees, taxes, and commissions) | Confirm Proof of Purchases/ Acquisitions Enclosed |
|---|---|---|---|---|
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |
| /    / | | $ | $ | ○ |

**3. PURCHASES/ACQUISITIONS BETWEEN OCTOBER 5, 2021 AND DECEMBER 31, 2021, INCLUSIVE** – State the total number of Owlet warrants purchased/ acquired (including free receipts) from after the opening of trading on October 5, 2021 through and including the close of trading on December 31, 2021. (Must be documented.) If none, write "zero" or "0."[3] _____

---

[3]    **Please note**: Information requested with respect to your purchases/acquisitions of Owlet warrants from after the opening of trading on October 5, 2021 through and including the close of

| 4. SALES BETWEEN MARCH 31, 2021 AND DECEMBER 31, 2021, INCLUSIVE – Separately list each and every sale of Owlet warrants from after the opening of trading on March 31, 2021 through and including the close of trading on December 31, 2021. (Must be documented.) | | | | IF NONE, CHECK HERE ○ |
|---|---|---|---|---|
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Warrants Sold | Sale Price Per Warrant | Total Sale Price (excluding fees, taxes, and commissions) | Confirm Proof of Sales Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| **5. HOLDINGS AS OF DECEMBER 31, 2021** – State the total number of Owlet warrants held as of the close of trading on December 31, 2021. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Holding Position Enclosed ○ |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

---

trading on December 31, 2021 is needed in order to perform the necessary calculations for your Claim; purchases/acquisitions during this period, however, are not eligible transactions and will not be used for purposes of calculating losses for the 10(b) Class Settlement.

## PART V – SANDBRIDGE COMMON STOCK HOLDINGS ON JUNE 1, 2021 AND JULY 14, 2021

Please be sure to include proper documentation with your Claim Form as described in detail in ¶ 6 of the General Instructions. Do not include information in this section regarding securities other than Sandbridge common stock.

A.    Number of shares of Sandbridge common stock held at the close of trading on June 1, 2021. (Must be documented.) If none, write "zero": _____

    Proof enclosed? \_\_\_\_ yes \_\_\_\_no

B.    Were you *eligible* to vote at Sandbridge's July 14, 2021 special meeting? (Must be documented.) Write "yes" or "no": _____.

    Proof enclosed? \_\_\_\_ yes \_\_\_\_no

C.    Number of shares of Sandbridge common stock held at the close of trading on October 4, 2021 that were *not* redeemed. (Must be documented.) If none, write "zero": _____

    Proof enclosed? \_\_\_\_ yes \_\_\_\_no

Page 13

## PART VI - RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASES AND CERTIFICATION BELOW AND SIGN ON PAGE __ OF THIS CLAIM FORM.**

**SETTLEMENT RELEASE FOR 10(b) CLASS SETTLEMENT:** I (we) hereby acknowledge that, pursuant to the terms more fully set forth in the Stipulation and Agreement of Settlement for the 10(b) Class dated January 31, 2025, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiff's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims directly or indirectly against any of the Defendants' Releasees (to the extent I have not validly excluded myself from the Section 10(b) Settlement Class).

**SETTLEMENT RELEASE FOR 14(a) CLASS SETTLEMENT:** I (we) hereby acknowledge that, pursuant to the terms more fully set forth in the Stipulation of Settlement for the 14(a) Class dated January 31, 2025, without further action by anyone, upon the Effective Date, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, assigns, representatives, attorneys, and agents, in their capacities as such, shall be deemed to have, and by operation of the Judgment have, fully, finally, and forever released, relinquished and discharged all Released Plaintiffs' Claims against Defendants, and each of them, and any and all of Defendants' Released Parties (to the extent I have not validly excluded myself from the Section 14(a) Settlement Class).

## CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the releases above and certifies (certify) as follows:

1.    that I (we) have read and understand the contents of the Notices, the Settlement Stipulations, and this Claim Form, including the releases provided for in the Settlements and the terms of their respective Plans of Allocation;

2.    that the claimant(s) is a (are) member(s) of the Section 10(b) Settlement Class and/or the Section 14(a) Settlement Class, as defined in the respective Notices, and is (are) not excluded by definition from one or both of the Settlement Classes as set forth in the Notices;

3.    that the claimant(s) has (have) **not** submitted a request for exclusion from both

Page 14

Settlement Classes;

     4.    that I (we) own(ed) the eligible securities identified in the Claim Form and have not assigned the claim against Defendants or any of the other released parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

     5.    that the claimant(s) has (have) not submitted any other Claim covering the same purchases/acquisitions/holdings of the eligible securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

     6.    that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') Claim and for purposes of enforcing the releases set forth herein;

     7.    that I (we) agree to furnish such additional information with respect to this Claim as counsel, the Claims Administrator, or the Court may require;

     8.    that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

     9.    that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgments that may be entered in the Action; and

     10.    that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (a) the claimant(s) is (are) exempt from backup withholding or (b) the claimant(s) has (have) not been notified by the IRS that he/she/it/they is (are) subject to backup withholding as a result of a failure to report all interest or dividends or (c) the IRS has notified the claimant(s) that he/she/it/they is (are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he/she/it/they is (are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____

Signature of claimant                                                                    Date

_____

Print claimant name here

_____

Signature of joint claimant, if any                                                    Date

_____

Print joint claimant name here


**_If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:_**

_____

Signature of person signing on behalf of claimant                        Date

_____

Print name of person signing on behalf of claimant here

_____

Capacity of person signing on behalf of claimant, if other than an individual, _e.g._, executor, president, trustee, custodian, etc.  (Must provide evidence of authority to act on behalf of claimant – _see_ ¶ 9 on page ___ of this Claim Form.)

### <u>REMINDER CHECKLIST</u>

1. Sign the above releases and certification.  If this Claim Form is being made on behalf of joint claimants, then both must sign.

2. Attach only **copies** of acceptable supporting documentation as these documents will not be returned to you.

3. Do not highlight any portion of the Claim Form or any supporting documents.

4. Keep copies of the completed Claim Form and any supporting documentation for your own records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail within 60 days.  Your claim is not deemed filed until you receive an acknowledgement postcard. **If you do not receive an acknowledgement postcard within 60 days, please call the Claims Administrator toll-free at 1-866-274-4004.**

6. If your address changes in the future, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.

7. If you have any questions or concerns regarding your Claim, please contact the Claims Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at 1-866-274-4004 or you may visit www.strategicclaims.net/owlet. DO NOT call the Court, Defendants, or Defendants' Counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, OR SUBMITTED ONLINE VIA THE WEBSITE WWW.STRATEGICCLAIMS.NET/OWLET, **POSTMARKED (OR RECEIVED) NO LATER THAN _____ __, 2025.** IF MAILED, THE CLAIM FORM SHOULD BE ADDRESSED AS FOLLOWS:

*Owlet Securities Litigation Settlements*
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**

If mailed, a Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before _____ __, 2025, is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

Page 17

# EXHIBIT B

EXHIBIT B

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,<br><br>                  Plaintiff,<br><br>    vs.<br><br>OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, et al.,<br><br>                  Defendants. | Case No. 2:21-cv-09016-FLA(SSCx)<br><br>Consolidated with Case No. 2:21-cv-09293-FLA (JEMx)<br><br><u>CLASS ACTION</u><br><br>**[PROPOSED] JUDGMENT APPROVING CLASS ACTION SETTLEMENT** |

- 1 -

1    WHEREAS, the above-captioned securities class action is pending in this

2    Court ("Action");

3    WHEREAS, (a) Dr. Thomas Tweito ("Lead Plaintiff"), on behalf of himself

4    and the Settlement Class (as defined below); and (b) Owlet, Inc. ("Owlet") and Kurt

5    Workman (together, "Defendants") have entered into the Stipulation and Agreement

6    of Settlement for the Section 10(b) Class dated January 31, 2025 ("Stipulation"),

7    that provides for a complete dismissal with prejudice of the claims asserted against

8    Defendants in the Action on the terms and conditions set forth in the Stipulation,

9    subject to the approval of this Court ("Settlement");

10    WHEREAS, unless otherwise defined in this Judgment, the capitalized terms

11    herein shall have the same meanings as they have in the Stipulation;

12    WHEREAS, by Order dated _____ __, 2025 ("Preliminary Approval

13    Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of

14    Civil Procedure, that it (i) would likely be able to certify the Settlement Class for

15    purposes of the Settlement and (ii) would likely be able to approve the Settlement as

16    fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the

17    proposed Settlement be provided to potential Settlement Class Members;

18    (c) provided Settlement Class Members with the opportunity to exclude themselves

19    from the Settlement Class or to object to the proposed Settlement; and (d) scheduled

20    a hearing regarding final approval of the Settlement;

21    WHEREAS, due and adequate notice has been given to the Settlement Class;

22    WHEREAS, the Court conducted a hearing on _____ __, 2025 ("Settlement

23    Hearing") to consider, among other things, (a) whether the terms and conditions of

24    the Settlement are fair, reasonable, and adequate to the Settlement Class, and should

25    therefore be approved; and (b) whether a judgment should be entered dismissing the

26    Action with prejudice as against the Defendants; and

27

28

- 2 -

1    WHEREAS, the Court having reviewed and considered the Stipulation, all

2    papers filed and proceedings held herein in connection with the Settlement, and the

3    record in the Action, and good cause appearing therefor;

4    NOW THEREFORE, IT IS HEREBY ORDERED:

5    1.    **Jurisdiction** – The Court has jurisdiction over the subject matter of the

6    Action, and all matters relating to the Settlement, as well as personal jurisdiction

7    over all of the Parties and each of the Settlement Class Members.

8    2.    **Incorporation of Settlement Documents** – This Judgment

9    incorporates and makes a part hereof: (a) the Stipulation filed with the Court on

10    January 31, 2025; and (b) the Postcard Notice, Notice, and Summary Notice, all of

11    which were filed with the Court on _____ __, 2025.

12    3.    **Class Certification for Settlement Purposes** – The Court hereby

13    certifies for the purposes of the Settlement only, the Action as a class action pursuant

14    to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the

15    Settlement Class consisting of all persons and entities who purchased or otherwise

16    acquired securities of Owlet (i.e., common stock and/or warrants) between March

17    31, 2021 and October 4, 2021, both dates inclusive, and who were damaged thereby.

18    Excluded from the Settlement Class are Defendants, the officers and directors of

19    Owlet, members of their immediate families and their legal representatives, heirs,

20    agents, affiliates, successors or assigns, Defendants' liability insurance carriers, and

21    any affiliates or subsidiaries thereof, and any entity in which Defendants or their

22    immediate families have or had a controlling interest. [Also excluded from the

23    Settlement Class are any persons and entities listed on Exhibit 1 hereto who or which

24    submitted a request for exclusion from the Settlement Class that was accepted by the

25    Court.]

26    4.    **Adequacy of Representation** – Pursuant to Rule 23 of the Federal

27    Rules of Civil Procedure, and for the purposes of the Settlement only, the Court

28    hereby appoints Lead Plaintiff as Class Representative for the Settlement Class and

appoints Lead Counsel Kessler Topaz Meltzer & Check, LLP as Class Counsel for the Settlement Class. Lead Plaintiff and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement, and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.    **Notice** – The Court finds that the dissemination of the Postcard Notice and Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. No Settlement Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Settlement Class Members are bound by this Judgment, [except those persons and entities listed on Exhibit 1 to this Judgment].

- 4 -

6.    **CAFA Notice -** The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, to the extent applicable to the Action, have been satisfied.

7.    [**Objections** - The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

8.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation, the amount of the Settlement, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Settlement Class, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9.    The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice as to all Defendants. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

1    10.    **Binding Effect** – The terms of the Stipulation and of this Judgment

2  shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class

3  Members (regardless of whether or not any individual Settlement Class Member

4  submits a Claim or seeks or obtains a distribution from the Net Settlement Fund), as

5  well as their respective successors and assigns. [The persons and entities listed on

6  Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are

7  not bound by the terms of the Stipulation or this Judgment.]

8    11.    **Releases** – The Releases set forth in paragraphs 5 and 6 of the

9  Stipulation, together with the definitions contained in paragraph 1 of the Stipulation

10  relating thereto, are expressly incorporated herein. The Releases are effective as of

11  the Effective Date. Accordingly, this Court orders that:

12    (a)    Without further action by anyone, and subject to paragraph 12

13  below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other

14  Settlement Class Members, on behalf of themselves, and their respective heirs,

15  executors, administrators, predecessors, successors, assigns, representatives,

16  attorneys, and agents, in their capacities as such, shall be deemed to have, and by

17  operation of law and of this Judgment shall have, fully, finally, and forever

18  compromised, settled, released, resolved, relinquished, waived, and discharged each

19  and every Released Plaintiff's Claim against Defendants and the other Defendants'

20  Releasees, and shall forever be barred and enjoined from prosecuting any or all of

21  the Released Plaintiff's Claims directly or indirectly against any of the Defendants'

22  Releasees.  [This release shall not apply to any person or entity on Exhibit 1 hereto.]

23    (b)    Without further action by anyone, and subject to paragraph 12

24  below, upon the Effective Date of the Settlement, Defendants, on behalf of

25  themselves, and their respective heirs, executors, administrators, predecessors,

26  successors, assigns, representatives, attorneys, and agents, in their capacities as such,

27  shall be deemed to have, and by operation of law and of this Judgment shall have,

28  fully, finally, and forever compromised, settled, released, resolved, relinquished,

- 6 -

waived, and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees. [This release shall not apply to any person or entity on Exhibit 1 hereto.]

12. Notwithstanding paragraphs 11 (a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

14. **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Parties' mediation and subsequent Settlement, the communications and/or discussions leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff or the validity or infirmity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such

- 7 -

proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that the Parties and the Releasees and their respective counsel may refer to this Judgment and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

15. **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

16. Separate orders shall be entered regarding approval of a plan of allocation and the motion of Lead Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

- 8 -

17.  **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.  **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Judgment shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and the Parties shall revert to their respective litigation positions in the Action immediately prior to their agreement-in-principle to resolve the Sections 10(b) and 20(a) Exchange Act claims asserted in the Action on November 25, 2024, as provided in the Stipulation.

19.  **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: _____, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

**[List of Persons and Entities Excluded from the
Section 10(b) Settlement Class Pursuant to Request]**