1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL J. BUTALA, *et al.*,

                                    Plaintiffs,

          v.

OWLET, INC., *et al.*,

                                    Defendants.

Case No. 2:21-cv-09016-FLA (SSCx)

**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PRELIMINARILY APPROVING SETTLEMENT STIPULATION FOR SECTION 14(A) CLAIMS [DKT. 144]**

# RULING

On January 31, 2025, Lead Plaintiff Drew Conant and Plaintiff Eric Lee (on behalf of themselves and each of the Class Members) ("Plaintiffs"), Defendants Owlet, Inc. formerly known as Sandbridge Acquisition Corporation, Kurt Workman, and Kate Scolnick (collectively, "Owlet Defendants"), and Defendants Ken Suslow, Richard Henry, Domenico De Sole, Ramez Toubassy, Jamie Weinstein, Krystal Kahler, and Michael F. Goss (collectively, "Sandbridge Defendants"), filed a Stipulation of Settlement (the "Settlement Stipulation" ) (Dkt. 144-2 at 2–39).[1]  The Settlement Stipulation is subject to review under Fed. R. Civ. P. 23 ("Rule 23"), and together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the Section 14(a) class action pending before the court styled *Butala et al. v. Owlet, Inc.*, No. 2:21-cv-09016-FLA (SSCx) (C.D. Cal.) (the "Action").  The court, having read and considered the Settlement Stipulation and Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion"), and finding good cause therefor, hereby GRANTS the Motion and preliminarily APPROVES the Settlement Stipulation.[2]

Accordingly, the court ORDERS as follows:

1.    **Proposed Class Certification for Settlement Purposes** – Pursuant to Rule 23(a) and (b)(3), and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons, other than Defendants, that held Sandbridge Acquisition Corporation ("Sandbridge") common stock as of June 1, 2021 and were eligible to vote at Sandbridge's special meeting on

---

[1] The court cites documents on the court's docket by the page numbers added by the court's CM/ECF system, rather than any page numbers that appear within the documents natively.

[2] Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

July 14, 2021 (the "Settlement Class"). Excluded from the Settlement Class are (a) Defendants; (b) current and former officers and directors of the Company; (c) members of the immediate family of each of the Individual Defendants; (d) all subsidiaries and affiliates of the Company and the directors and officers of such subsidiaries or affiliates; (e) all persons, firms, trusts, corporations, officers, directors, and any other individual or entity in which any of the Defendants have a controlling interest; (f) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of all such excluded parties; and (g) any persons or entities who properly exclude themselves by filing a valid and timely request for exclusion.

2. **Class Findings** – The court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rule 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiffs fairly and adequately represent the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. Pursuant to Rule 23, preliminarily and for the purposes of this Settlement only, Plaintiffs are certified as the class representatives on behalf of the Settlement Class ("Class Representatives") and Lead Counsel, previously selected by Plaintiffs and appointed by the court, are hereby appointed as Lead Counsel for the Settlement Class ("Lead Counsel").

4. **Preliminary Approval of the Settlement** – The court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable, and adequate to the Settlement

Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Final Approval Hearing.

5.    **Settlement Hearing** – The court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Final Approval Hearing") pursuant to Rule 23(e), which is hereby scheduled to be held before the court on February 6, 2026 at 1:30 p.m. for the following purposes:

a.   To determine finally whether the applicable prerequisites for class action treatment under Rule 23(a) and (b) are satisfied;

b.   To determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the court;

c.   To determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

d.   To determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the court;

e.   To consider the application of Lead Counsel for an award of attorney's fees and expenses and a Compensatory Award to the Class Representatives;[3]

---

[3] In the Motion, Lead Counsel requests an attorney's fee award of up to one-third of the total settlement value.  Dkt. 144 at 17.  Although such an award has been approved in the past by district courts in the Ninth Circuit, it is at the upper limit of what is

f. To consider Settlement Class Members' objections to the Settlement, if
any, whether submitted previously in writing or presented orally at the
Final Approval Hearing by Settlement Class Members (or by counsel on
their behalf), provided that they gave proper notice that they intend to
appear at the Final Approval Hearing; and

g. To rule upon such other matters as the court may deem appropriate.

6. The court reserves the right to adjourn the Final Approval Hearing to a
later date and to approve the Settlement with or without modification, or with such
modification as may be agreed to by the Settling Parties, and with or without further
notice of any kind. The court further reserves the right to enter its Order and Final
Judgment approving the Settlement with or without modification, and dismissing the
Action, on the merits and with prejudice, regardless of whether it has approved the
Plan of Allocation or awarded attorney's fees and expenses.

7. **<u>Retention of Claims Administrator and Manner of Giving Notice</u>** –
The court approves the form, substance and requirements of: (a) the Long Notice; (b)
the Publication Notice advising of both the Section 14(a) and Section 10(b)
Settlements; (c) the Postcard Notice to be sent to both the Section 14(a) and Section
10(b) Settlement Class Members; and (d) the Proof of Claim and Release Form for
both the Section 14(a) and Section 10(b) Claimants, all of which are exhibits to the
Settlement Stipulation.

8. Lead Counsel have the authority to enter into the Settlement on behalf of

---

considered typical. *See In re Illumina, Inc. Sec. Litig.*, Case No. 3:16-cv-3044-L-
MSB, 2019 WL 6894075, at *7 (S.D. Cal. Dec. 18, 2019). Ultimately, the court need
not determine at the preliminary approval stage whether it will ultimately approve an
award in this range. The court will closely scrutinize Lead Counsel's request for an
award of attorney's fees, costs, and expenses more closely upon filing of the
application for reasonable attorney's fees and incentive awards. Lead Counsel is also
directed to provide detailed information in support of their fee request and their
lodestar calculation in the motion for final approval of class action settlement.

the Settlement Class and act on behalf of the Settlement Class with respect to all acts
or consents required by, or that may be given pursuant to, the Settlement Stipulation
or such other acts that are reasonably necessary to consummate the Settlement.

9.      For settlement purposes only, Strategic Claims Services is appointed and
approved as the Claims Administrator to supervise and administer the notice
procedure as well as the processing of claims for both the Section 14(a) and Section
10(b) Settlements.

10.     Lead Counsel, through the Claims Administrator, shall cause the
Postcard Notice, substantially in the form annexed to the Settlement Stipulation, to be
mailed, by first class mail, postage prepaid, within twenty (20) Business Days of entry
of this Order ("Notice Date"), to all Settlement Class Members who can be identified
with reasonable effort by Lead Counsel, through the Claims Administrator.

11.     **Settlement Fund** – Within thirty (30) days from the later of (a) entry of
an Order of Preliminary Approval of the Settlement, and (b) transmission to
Defendants' Counsel of full payee and payment information for the Settlement Fund
Account, including an executed W-9 form, wire instructions, and the name and
contact information of an individual that can verify the wire instructions, Defendants
shall cause to be wired, or paid by check or draft, at the sole election of Defendants, to
the Escrow Agent $40,000 (Forty Thousand Dollars) to be deposited into the Notice
Administration Fund.

12.     Within thirty (30) days from the later of (a) entry of an Order of
Preliminary Approval of the Settlement, and (b) transmission to Defendants' Counsel
of full payee and payment information for the Settlement Fund Account, including an
executed W-9 form, wire instructions, and the name and contact information of an
individual that can verify the wire instructions, Defendants shall cause to be wired, or
paid by check or draft, at the sole election of Defendants, to the Escrow Agent
$1,710,000 (One Million Seven Hundred Ten Thousand Dollars) to be deposited into
the Settlement Fund.

13.    No later than fourteen (14) days after the entry of this Order, Defendants shall use reasonable efforts to convey to Lead Counsel or their designee copies of the relevant transfer records of Sandbridge securities owners/holders at Defendants' cost in a usable electronic format, such as an Excel spreadsheet.  This information shall be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

14.    **Approval of Form and Content of Notice** – Lead Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Sandbridge Securities as of the close of business on June 1, 2021, as record owners but not as beneficial owners.  Such nominees or custodians shall, within ten (10) days of receipt of the letter, either: (a) request additional copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominees or custodians, and within ten (10) days after receipt thereof send copies to such beneficial owners; (b) within ten (10) days of receipt of the letter, request from the Claims Administrator the link to the location hosting the electronic Notice and Proof of Claim and Release Form and, within ten (10) days of receipt, email the link to beneficial owners for whom valid email addresses are available; or (c) provide the Claims Administrator with lists of the names, last known addresses, and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Postcard Notice to such beneficial owners.  Where the Claims Administrator receives a valid email address, it shall email the link to the location of the electronic Notice and Proof of Claim and Release Form to beneficial owners.  Nominees or custodians who elect to mail the Postcard Notice, or email the link to the electronic Notice and Proof of Claim and Release Form, to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing by post or electronic means has been made as directed. Additional copies of the Notice and Proof of Claim and Release Form shall be made available to any nominee or custodian requesting same for the purpose of distribution

to beneficial owners.  The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, in an amount not to exceed $0.03 plus postage at the current pre-sort rate used by the Claims Administrator for each Postcard Notice actually mailed; $0.03 per link to the electronic Notice and Proof of Claim and Release Form emailed; or $0.03 per name, address, and email address (to the extent available) provided to the Claims Administrator, which expenses would not have been incurred except for the sending of such notice, and subject to further order of this court with respect to any dispute concerning such reimbursement.

15.     Lead Counsel shall, at least seven (7) days before the Final Approval Hearing, serve upon counsel for Defendants and file with the court proof of the mailing of the Postcard Notice and emailing of links to the electronic Notice and Proof of Claim and Release Form as required by this Order.

16.     Lead Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, and a copy of the Notice and Proof of Claim and Release Form to be posted on the Claims Administrator's website within thirty (30) days after entry of this Order.

17.     Lead Counsel, through the Claims Administrator, shall cause the Summary Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within fourteen (14) days after the Notice Date.  Lead Counsel shall, at least seven (7) days before the Final Approval Hearing, serve upon counsel for Defendants and file with the court proof of publication of the Summary Notice.

18.     The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995,

constitute the best notice practicable under the circumstances, and establishes due and

sufficient notice to all persons and entities entitled thereto.  No Settlement Class

Member shall be relieved from the terms and conditions of the Settlement, including

the releases provided for therein, based upon the contention or proof that such

Settlement Class Member failed to receive actual or adequate notice.

19. **Participation in the Settlement** – To be entitled to participate in

recovery from the Net Settlement Fund after the Effective Date, each Settlement Class

Member shall take the following action and be subject to the following conditions:

a. A properly completed and executed Proof of Claim and Release Form
must be submitted to the Claims Administrator, at the Post Office Box
indicated in the Notice, postmarked no later than ninety (90) days after
entry of this Order, or submitted electronically via the Settlement website
at www.strategicclaims.net/owlet no later than 11:59 p.m. EST on
December 12, 2025.  Such deadline may be further extended by Order of
the court.  Each Proof of Claim and Release Form shall be deemed to
have been submitted when legibly postmarked (if properly addressed and
mailed by first class mail) provided such Proof of Claim form is actually
received before the filing of a motion for an Order of the court approving
distribution of the Net Settlement Fund.  Any Proof of Claim form
submitted in any other manner shall be deemed to have been submitted
when it was received by the Claims Administrator at the address
designated in the Notice.

b. The Proof of Claim and Release Form submitted by each Settlement
Class Member must satisfy the following conditions: (i) it must be
properly completed, signed, and submitted in a timely manner in
accordance with the provisions of the preceding subparagraph; (ii) it must
be accompanied by adequate supporting documentation for the
transactions reported therein, in the form of broker confirmation slips,

broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed reasonably adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim and Release Form is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim and Release Form; and (iv) the Proof of Claim and Release Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

c. Once the Claims Administrator has considered a timely submitted Proof of Claim form, it shall determine whether such claim is valid, deficient or rejected.  For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or otherwise rejected shall be afforded a reasonable time, and no less than fourteen (14) days from receipt, to cure such deficiency.  If any Claimant whose claim has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within fourteen (14) days of receipt of the notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection, along with any supporting documentation, and requesting a review thereof by the court.  If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the court.

d.  As part of the Proof of Claim and Release Form, each Settlement Class Member shall submit to the jurisdiction of the court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation.  No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Defendants be allowed on any topic.

20.  **Invalid Claims** – All Settlement Class Members who do not submit valid and timely Proof of Claim forms shall be barred from receiving any payment from the Net Settlement Fund and shall be subject to, and bound by, the provisions of the Settlement Stipulation and the Order and Final Judgment.

21.  **Exclusion From the Settlement Class** – Settlement Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A Settlement Class Member wishing to make such request for exclusion shall mail the request, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than twenty-one (21) days prior to the Final Approval Hearing (the "Exclusion Deadline"), at the addresses listed in the Notice.  To be valid, such request for exclusion: (a) must clearly indicate the name and address, telephone number and email address (if any) of the Settlement Class Member seeking exclusion, and state that the sender specifically "requests to be excluded from the Section 14(a) Settlement Class in the action styled *Butala et al v. Owlet, Inc.*, No. 2:21-cv-09016-FLA (SSCx) (C.D. Cal.)"; (b) the number of shares of Sandbridge common stock held by the sender as of the close of business on June 1, 2021; and (c) the date, number of shares, and dollar amount of all purchases, acquisitions, sales, or dispositions of Sandbridge or Owlet common stock between June 2, 2021 and October 4, 2021, both dates inclusive.  Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of

perjury.  The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the court.  Lead Counsel may contact any Settlement Class Member filing a request for exclusion, or attorney if one is designated, to discuss the exclusion.

22.    The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties as soon as possible and no later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline).  The Settlement Class shall not include any Settlement Class Member who delivers a valid and timely request for exclusion.

23.    Any Settlement Class Member who submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided it is received no later than two (2) days before the Final Approval Hearing, in which event that Settlement Class Member shall be included in the Settlement Class.

24.    **Excluded Persons and Entities** – All Settlement Class Members who submit a valid, timely, and unrevoked request for exclusion shall be barred from receiving any payment from the Net Settlement Fund.

25.    **Objectors and Objection Requirements** – The court shall consider comments and objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or the Order and Final Judgment, or any other order relating thereto, unless that Settlement Class Member has served any objections, papers, and briefs on each of the following counsel at least twenty-one (21) days prior to the Final Approval Hearing Date:

| **Lead Counsel** | **Defendants' Counsel** |
| --- | --- |
| Jeremy A. Lieberman | Colleen C. Smith |
| Tamar A. Weinrib | |

12

POMERANTZ LLP
600 Third Avenue, Floor 20
New York, New York 10016

Christopher Turner
LATHAM & WATKINS
12670 High Bluff Drive
San Diego, CA 92130
colleen.smith@lw.com
christopher.turner@lw.com

Anne Johnson Palmer
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
anne.johnsonpalmer@ropesgray.com;
and

the Settlement Class Member has filed said objections, papers, and briefs at least twenty-one (21) days prior to the Final Approval Hearing date, showing proof of service upon the counsel identified above, with the Clerk of the Court, U.S. District Court, Central District of California, 350 West 1st Street, Los Angeles, California 90012-4565.  To be valid, any such objection must state: (a) that the sender "objects to the proposed Section 14(a) Settlement in the action styled *Butala et al v. Owlet, Inc.,* No. 2:21-cv-09016-FLA (SSCx) (C.D. Cal.)"; (b) the sender's name, address, telephone number, and signature; (c) the number of shares of Sandbridge common stock held by the sender as of the close of business on June 1, 2021, to show membership in the Settlement Class; (d) all grounds for the objection, including any legal support known to the sender or the sender's counsel; (e) the name, address, and telephone number of all counsel, if any, who represent the sender, including former or current counsel who may be entitled to compensation in connection with the objection; and (f) the number of times the sender or the sender's counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.  Attendance at the Final Approval Hearing is not necessary, but Settlement Class Members wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of

Allocation, and/or the Fee and Expense Application are required to state in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Final Approval Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Final Approval Hearing. Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

26. **<u>Untimely Exclusion Requests</u>** – Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and the Fee and Expense Application, unless otherwise ordered by the court; shall be bound by all terms and provisions of the Settlement Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

27. **<u>Miscellaneous</u>** – The court reserves the right to adjourn the Final Approval Hearing without any further notice other than entry of an Order on the court's docket, and to approve or reject the Settlement without further notice to the Settlement Class.All papers in support of the Settlement, the Plan of Allocation, and the Fee and Expense Application shall be filed and served no later than thirty-five (35) days before the Final Approval Hearing.

28. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation, and the Fee and Expense Application shall be filed no later than seven (7) days prior to the Final Approval Hearing.

29. Defendants, their counsel, and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorney's fees and interest, or expenses or payments to the Class Representatives

submitted by Lead Counsel, and such matters shall be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

30.    Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal, or proceeding.  Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are stayed and suspended forthwith until further order of the court.

31.    All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the court, and shall remain subject to the jurisdiction of the court, until such time as such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation, or further order of the court.

32.    Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants, their counsel, or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, negligence, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, an admission or concession that Class Representatives or any Settlement Class Members have suffered any damage, harm, or loss.  Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representatives of the validity of any factual or legal defense, or of the infirmity of any of the claims or facts alleged in this Action.

33.    In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendments thereof, and except as expressly provided in the

Settlement Stipulation or by order of the court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Settlement Class Member against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her, or its respective litigation positions as they existed prior to December 3, 2024, pursuant to the terms of the Settlement Stipulation.

34.     The court reserves the right to alter the time and date of the Final Approval Hearing without further notice to the Settlement Class Members, provided that the time and date of the Final Approval Hearing shall not be set at a time or date earlier than the time and date set forth in paragraph 5 above.  The court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases, and the permanent injunction set forth in the Settlement Stipulation be enforced.


IT IS SO ORDERED.


Dated: September 15, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge