

POMERANTZ LLP
Tamar A. Weinrib
600 Third Avenue, 20th floor
New York, New York 10016
Telephone: (646) 581-9973
taweinrib@pomlaw.com

*Lead Counsel for Plaintiffs*

**Additional Counsel on Signature Page**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

MICHAEL J. BUTALA, Individually and on Behalf of All Others Similarly Situated,

          Plaintiff,

          v.

OWLET, INC. f/k/a SANDBRIDGE ACQUISITION CORPORATION, KURT WORKMAN, KATE SCOLNICK, KEN SUSLOW, RICHARD HENRY, DOMENICO DE SOLE, RAMEZ TOUBASSY, JAMIE WEINSTEIN, KRYSTAL KAHLER, and MICHAEL F. GOSS,

          Defendants.

Case No.: 2:21-cv-09016-FLA-JEM

Honorable Fernando L. Aenlle-Rocha

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTIONS FOR: (I) FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (II) ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND COMPENSATORY AWARDS TO PLAINTIFFS**

Hearing Date: February 6, 2026
Hearing Time: 1:30 p.m.
Location: Courtroom 6B

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS

Plaintiffs individually and on behalf of all Settlement Class Members[1], and Court-appointed Lead Counsel, Pomerantz LLP ("Pomerantz"), respectfully submit this reply memorandum of law in further support of Plaintiffs' Unopposed Motions for: (i) Final Approval of Class Action Settlement (the "Final Approval Motion"), *see* ECF No. 157; and (ii) Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Plaintiffs (the "Fee Motion," and together with the Final Approval Motion, the "Motions"), *see* ECF No. 158. ("Reply"). This Reply is supported by the Updated Supplemental Declaration of Margery Craig Concerning: (A) Mailing/Emailing of the Postcard Notice; (B) Report on Requests for Exclusion and Objections; and (C) Claims Received to Date ("Supp. Craig Decl."), attached as **Exhibit 1** to the Supplemental Declaration of Tamar A. Weinrib ("Supp. Weinrib Decl."), filed herewith.

## I.    PRELIMINARY STATEMENT

Pursuant to the Court's "Order Granting Motion for Preliminary Approval of Class Action Settlement and Preliminarily Approving Settlement Stipulation for Section 14(a) Claims [Dkt. 144]" (ECF No. 153) (the "Preliminary Approval Order"), the Claims Administrator, under the supervision of Lead Counsel, conducted an extensive notice program, including disseminating notice of the Settlement to 47,605 potential Settlement Class Members and nominees. The deadline for Settlement Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, the proposed attorneys' fees and expenses, and the proposed compensatory awards to Plaintiffs was January 16, 2026;

---

[1] All capitalized terms, unless otherwise defined herein, have the same meaning as set forth in the Stipulation of Settlement dated January 31, 2025 (the "Stipulation" or "Stip."), ECF No. 144-2. Internal citations and quotations are omitted and emphasis is added unless otherwise noted. Citations to the "Craig Decl." are to the Declaration of Margery Craig Concerning: (A) Mailing/Emailing of the Postcard Notice; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion and Objections. ECF No. 159-1.

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS

the deadline to request exclusion from the Settlement Class was also January 16, 2026. In response to the dissemination of 47,605 notices via mail or email to potential Settlement Class Members or their nominees, there have been no objections to any aspect of the Settlement or proposed awards nor any requests for exclusion from the Settlement Class. Supp. Craig Decl. ¶¶8-9. The reaction of Settlement Class Members to the proposed Settlement, Plan of Allocation, attorneys' fees and expenses, and awards to Plaintiffs strongly supports entering the proposed Order and Final Judgment, filed herewith, Supp. Weinrib Decl., **Exhibit 2**.

Indeed, final approval is warranted because the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The proposed Settlement resolves this Action in exchange for a cash payment of $1,750,000. As detailed in Plaintiffs' opening papers, the proposed Settlement is the product of lengthy arm's-length negotiations between experienced counsel, including a full day mediation with an experienced mediator and continued negotiations thereafter.

Plaintiffs and Lead Counsel believe that the Settlement is a favorable result for the Settlement Class—recovering 19.4% of estimated maximum recoverable damages (or over 100% of maximum recoverable damages under the Defendants' Damages Theory[2])—in light of the significant risks posed by ongoing litigation (set forth in greater detail in the Final Approval Motion and Fee Motion), including risks related to: (i) obtaining class certification; (ii) proving the falsity of Defendants' statements, loss causation and damages at summary judgment and trial; (iii) the costs and delays of continued litigation; and (iv) the collectability of any judgment given that Owlet has experienced recurring operating losses and generated negative cash flows from operations since inception and has a wasting insurance policy.

The Settlement will be distributed fairly to Settlement Class Members under the proposed Plan of Allocation. Finally, the request for attorneys' fees of one-third

---

[2] As defined in the Motions.

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS

of the Settlement Fund is fair and reasonable in light of the recovery Lead Counsel obtained for the Settlement Class, the time and resources that Lead Counsel devoted to the litigation on a contingent basis with no guarantee of recovery, the substantial risks that Lead Counsel faced, and fees awarded in comparable cases. Indeed, a cross-check against the lodestar (which does not include time spent briefing these motions nor time that will be spent on this case going forward) yields a *0.96 lodestar multiplier*, thus confirming that the fee request is reasonable

## I.   ARGUMENT

Plaintiffs and Lead Counsel respectfully submit that their opening papers demonstrate that approval of the Motions is warranted. The reaction of the Settlement Class, including the lack of any objections or exclusion requests by Settlement Class Members, provides additional support for approval.

### A) The Robust Notice Program

Plaintiffs have satisfied all the elements of the notice program this Court authorized in the Preliminary Approval Order. Specifically, pursuant to the Preliminary Approval Order, the Claims Administrator, Strategic Claims Services ("SCS") conducted an extensive notice program under Lead Counsel's supervision, designed to reach as many absent Settlement Class Members as practicable. This included disseminating the notice to 47,605 potential Settlement Class Members, publishing the Summary Notice on *Investor's Business Daily* and *GlobeNewswire* on October 27, 2025, establishing a settlement website, www.strategicclaims.net/owlet, which provides copies of key documents including the Stipulation, Notice, Postcard Notice, joint Claim Form, Preliminary Approval Order, and Stipulation, and establishing a toll free hotline to answer potential claimants' questions. *See* Craig Decl., ¶¶9, 11-13; Supp. Craig. Decl., ¶¶3, 6-7.

The Notice informed Settlement Class Members of the terms of the proposed Settlement and Plan of Allocation, and that Lead Counsel would apply for litigation expenses, an award of attorneys' fees in an amount not to exceed one-third of the

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS

Settlement Fund, and for compensatory awards of $13,000 to Plaintiffs ($10,000 to Lead Plaintiff Drew Conant and $3,000 to named Plaintiff Eric Lee). The Notice also advised Settlement Class Members of their right to object to the proposed Settlement, to the Plan of Allocation, and/or to the request for attorneys' fees, expenses, and compensatory awards to Plaintiffs, and to request exclusion from the Settlement Class. The opening papers in support of the Motions are available on the Settlement website. *See* Supp. Craig Decl., ¶7.

As noted above, following this notice program, not a single Settlement Class Member has objected to the Settlement, the Plan of Allocation, or Lead Counsel's application for fees, expenses, and compensatory awards to Plaintiffs. *See* Supp. Craig Decl., ¶9; Craig Decl., ¶15. In addition, not a single Settlement Class Member has requested exclusion. *See* Supp. Craig Decl., ¶8; Craig Decl., ¶14. Moreover, to date, the Claims Administrator has received 4,982 claims from potential Settlement Class Members as a result of the robust notice program. *See* Supp. Craig Decl., ¶¶10-11.

**B) The Reaction of the Settlement Class Supports Final Approval of the Settlement and Plan of Allocation and the Motion for Attorneys' Fees, Litigation Expenses, and Compensatory Awards**

The reaction of class members to a proposed settlement, including the number of objections, is a significant factor in judging fairness and adequacy. *See Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004). The absence of any objections or requests for exclusion strongly supports a finding that the Settlement is fair, reasonable, and adequate. *See, e.g., See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.,* 221 F.R.D. 523, 529 (C.D. Cal. 2004) ("[t]he complete absence of Class Member objections to the Proposed Settlement speaks volumes with respect to the overwhelming degree of support" and "is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate"); *see also, e.g., Ali v. Franklin Wireless Corp.,* 2024 WL 5179910, at *8 (S.D. Cal. Dec. 19, 2024) (lack of objections or exclusions in securities settlement "weighs in favor of settlement"); *Derr v. Ra*

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS

*Med. Sys., Inc.,* 2022 WL 21306534, at \*5 (S.D. Cal. Sep. 23, 2022) (similar)*; Kendall v. Odonate Therapeutics, Inc.,* 2022 WL 1997530, at \*6 (S.D. Cal. June 6, 2022) (similar). *See also Carter v. Vivendi Ticketing US LLC,* 2023 WL 8153712, at \*9 (C.D. Cal. Oct. 30, 2023) (finding one objection and one request for exclusion "indicate strong overall support for the Settlement and weigh in favor of granting final approval").

Moreover, it is significant that no institutional investors—which held approximately 77% of Owlet's publicly traded common stock at the time of the business combination—have objected to the Settlement. The absence of objections from these institutional investors, which have ample means and incentive to object to the Settlement if they deemed it unsatisfactory, is further evidence of the Settlement's fairness. *See, e.g., Hu v. Baker,* 2025 WL 3687907, at \*4 (N.D. Cal. Dec. 19, 2025); *In re Cathode Ray Tube (CRT) Antitrust Litig.,* 2017 WL 2481782, at \*4 (N.D. Cal. June 8, 2017) (absence of any objections from institutions means that "the inference that the class approves of the settlement is even stronger"); *In re Facebook, Inc. IPO Sec. & Derivative Litig.,* 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018) ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re AT&T Corp. Sec. Litig.,* 2005 WL 6716404, at \*4 (D.N.J. Apr. 25, 2005) (the reaction of the class "weigh[ed] heavily in favor of approval" where "no objections were filed by any institutional investors who had great financial incentive to object").

The lack of objections from Settlement Class Members also supports approval of the Plan of Allocation. *See, e.g., In re Heritage Bond Litig.,* 2005 WL 1594403, at \*11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement."); *Patel v. Axesstel, Inc.,* 2015 WL 6458073, at \*7 (S.D. Cal. Oct. 23, 2015) (approving plan of allocation where "no class members objected"); *In re Veeco Instruments Inc. Sec. Litig.,* 2007 WL 4115809, at \*14 (S.D.N.Y. Nov. 7, 2007) ("not one class member has objected to the

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS

Plan of Allocation which was fully explained in the Notice of Settlement sent to all Class Members. This favorable reaction of the Class supports approval of the Plan of Allocation.").

Finally, the positive reaction of the Settlement Class should also be considered with respect to Lead Counsel's motion for attorneys' fees, litigation expenses, and compensatory awards to Plaintiffs. *In re Am. Apparel, Inc. S'holder Litig.*, 2014 WL 10212865, at *21 (C.D. Cal. July 28, 2014) (holding that no objections to the fee request and only one class member requesting exclusion supports the attorneys' fee award); *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) ("[T]he lack of objection from any Class Member supports the attorneys' fees award."). In particular, the lack of objections by institutional investors also particularly supports approval of the fee, expense, and compensatory award requests. *Hu*, 2025 WL 3687907, at *5.

## II.    CONCLUSION

For the foregoing reasons and those set forth in the Final Approval Motion and Fee Motion, Plaintiffs respectfully request that the Court grant the Unopposed Final Approval Motion and Unopposed Fee Motion.

Dated: January 30, 2026

**POMERANTZ LLP**

By: *Tamar A. Weinrib*
Jeremy A. Lieberman
Tamar A. Weinrib
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
taweinrib@pomlaw.com

*Lead Counsel for Plaintiffs*

6

REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTIONS